**FILED**

**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., INC., <br>   a subsidiary of LG Electronics, Inc., <br>   a Korean company | ) <br> ) <br> ) <br> ) <br> ) <br> ) | **08 C 242** |
| **Plaintiff,** | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. _____   **JUDGE ST. EVE** |
| WHIRLPOOL CORPORATION, | ) <br> ) | **MAGISTRATE JUDGE MASON** |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) <br> ) | |

**COMPLAINT**

Plaintiff LG ELECTRONICS U.S.A., INC. ("LG USA"), by its undersigned counsel Winston & Strawn LLP, for its Complaint against WHIRLPOOL CORPORATION ("Whirlpool" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action seeking the entry of a preliminary and permanent injunction for false advertising and unfair competition for the violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and the Illinois common law of unfair competition.

2.     This action arises from Whirlpool's practice of unfair competition in interstate commerce, by making explicitly false and misleading marketing and advertising claims regarding its Duet® Steam Dryer in a national advertising campaign appearing on television, in

print, and on its website, www.whirlpool.com.   Whirlpool's website print ads are attached as

Exhibit 1.

3.      In October 2007, Whirlpool launched its Duet® Steam Dryer in the United

States.   At approximately the same time, Whirlpool began an advertising campaign in every

market nationwide and online which makes the explicitly false and misleading claim that its

Duet® Steam Dryer uses steam to remove wrinkles, touch-up clothing, and remove odors from

clothing.   The Duet® Steam Dryer, however, does not use "steam," but instead uses a mist of

cold water sprayed into a warm dryer drum.   The name "Duet® Steam Dryer" is in and of itself

explicitly false and misleading.

## THE PARTIES

4.      Plaintiff LG USA has its principal place of business at 1000 Sylvan

Avenue, Englewood Cliffs, New Jersey, 07632.   LG USA is a sales subsidiary of LG Electronics,

Inc. ("LG"), a Korean corporation with its headquarters at LG Twin Towers 20, Yoido-dong,

Youngdungpo-gu Seoul, Korea 150-721.   LG USA has an office at 2000 Millbrook Drive,

Lincolnshire, Illinois, 60069, which has approximately 200 employees and provides technical

support for all LG products.   LG is a global leader of consumer electronics, home appliances,

and mobile communications.   LG employs more than 82,000 people and has 81 subsidiaries

around the world.   LG home appliance products are sold in the United States through LG USA.

5.      Defendant Whirlpool is a publicly held corporation organized and existing

under the laws of the state of Delaware.   Whirlpool's principal place of business is 2000 North

M-63, Benton Harbor, Michigan, 49022-2692.   Whirlpool manufactures and markets home

appliances and related products, including laundry appliances, refrigerators, and dishwashers.

Whirlpool's brand names include Whirlpool, Maytag, KitchenAid, Roper, Estate, Admiral, Speed Queen, Bauknecht, Ignis, Laden, Algor and Fides.

6.     LG USA and Whirlpool are direct competitors in the home appliance industry, including direct competitors in the washer and dryer segment.  LG USA's and Whirlpool's washer and dryers are sold in the same channels of commerce, and the same retail outlets and stores, in every state.

**JURISDICTION AND VENUE**

7.     Whirlpool has engaged in the transaction of business and committed the acts complained of herein in interstate commerce and in the Northern District of Illinois. Jurisdiction is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b).  Venue is proper in this district under 28 U.S.C. § 1391(b) as the case in controversy arose in this judicial district.  Venue is also proper in this district because Whirlpool is deemed to reside in Illinois pursuant to 28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

A.     General Background

8.     In October 2007, Whirlpool launched the Duet® Steam Dryer, a machine which, by its name and national advertising, purports to be capable of producing steam and the many attributes and benefits of steam.

9.     Whirlpool claims that the Duet® Steam Dryer infuses clothing "with steam" to refresh, steam out wrinkles, and deodorize.

10.     Whirlpool has been advertising the alleged steam attribute of its new dryer in print, television, and online advertising.

11.    Whirlpool's use of the word "steam" in the name of the Duet® Steam Dryer and in advertising campaigns promoting it is expressly false and misleading to consumers and extremely harmful to legitimate competition.

12.    The Duet® Steam Dryer does not utilize "steam." Instead, the Duet® Steam Dryer injects a mist of cold water for 60 seconds into a heated dryer drum. Steam itself is never used or created in the Duet® Steam Dryer.

13.    The Duet® Steam Dryer does not possess a steam generator or any mechanism capable of infusing water heated to 100 degrees Celsius (212 degrees Fahrenheit) onto clothing.

14.    Instead, the Duet® Steam Dryer tumbles like a traditional dryer utilizing a gas or electric heater. Then, once the tumbler is heated, a mist of cold water from a Y-connector from the washing machine is shot into the tumbler for 60 seconds. The dryer continues to warm and tumble until the water is removed from the clothing.

15.    Simply heating the interior of the dryer drum to a temperature well short of the required 100 degree Celsius threshold required to create steam, infusing a mist of cold water, and tumbling until dry is, under no circumstance, a steam function.

B.    Definition of Steam

16.    Steam is a clear gas obtained by vaporizing water, which occurs at standard pressure when the water is heated at or above its boiling point of 100 degrees Centigrade.

17.    Mist is a opaque or semi-opaque collection of liquid water and air into droplets, which occurs when water is mechanically dispersed at a temperature below 100 degrees Centigrade.

18.     Steam and mist are separate and distinct forms of water.  Steam must reach boiling point.  Mist never reaches boiling point.

19.     For instance, many clothing irons have separate mist and steam functions. The mist function shoots out a spray of water that is then ironed into the clothes by the iron's heat.  The steam function, however, requires that a generator within the iron heat water to boiling point and then send out the vapor of the steam onto the clothing.

20.     The uses of steam are commonplace and well-known.  For example, steam engines have powered everything from locomotives, boats and factories since the industrial revolution.  Power from steam engines begins with a boiler.  The boiler's job is to apply heat to water to its boiling point, thus creating steam.  The steam generated from the boiler is injected into the engine.  The force of the steam then moves pistons to create power.

21.     A mist of water cannot power a steam engine.  A mist of water does not reach boiling point and thus does not have the energy or force to drive an engine.

C.     LG USA's Steam Dryer

22.     LG USA launched its Tromm Steam Dryer in the United States during the final week of December 2007 on a limited basis and will launch nationwide in January 2008.

23.     Unlike the Duet® Steam Dryer, LG USA's Tromm Steam Dryer actually shoots steam into the dryer tumbler from a steam generator attached to the machine.  LG USA's Tromm Steam Dryer, equipped with a generator, heats water to the boiling point of 100 degrees Celsius.  Once the generator creates the steam, the steam is blown through a tube and injected into the dryer tumbler.  The steam that is injected into the dryer is not a mist of cold water that is later heated, like the Duet® Steam Dryer.  The generator in the Tromm Steam Dryer creates steam prior to it entering the dryer tumbler.

24.     The addition of a steam generator that injects real steam into the dryer drum is a unique feature on the Tromm Steam Dryer and is costly.   As a result, upon introduction, the Tromm Steam Dryer will, by necessity, be priced higher than the Duet® Steam Dryer.  Yet, as described above, Whirlpool's machine bearing "steam" in its name and advertised as such, lacks any steam capability.   The deception employed by Whirlpool puts LG USA at a distinct and unfair competitive disadvantage.

25.     Whirlpool is fully aware of the deception it is engaged in as it does, in fact, make a washing machine that contains a steam generator designed to steam clothing during the wash cycle.  Prior to launching the Duet® Steam Dryer, Whirlpool had introduced the Duet® Steam Washer.  The Duet® Steam Washer utilizes a steam generator that heats water to boiling point and is used in the wash cycle.

D.     The Steam Dryer Market

26.     Dryers utilizing steam have benefits separate and distinct from traditional dryers.  Steam removes wrinkles, static, and odors better than a traditional dryer.  It also uses less energy than drying a load in the traditional way.

27.     Given the added benefits of utilizing steam in the dryer, it is anticipated that the steam dryer market will become a significant part of the home appliance industry.

E.     Whirlpool's False and Misleading Advertisements

28.     Whirlpool launched its Duet® Steam Dryer in October 2007.   Whirlpool chose to use the term "steam" in its dryer name despite the fact that it injects a mist of cold water into a heated tumbler, not steam.

29.     At or about the time of the Duet® Steam Dryer launch, Whirlpool placed on its website information regarding the Duet® Steam Dryer (the "ad" or "ads").  The ads are

easily accessible via Whirlpool's webpage www.whirlpool.com, and are also attached as Exhibit 1.

30.     One ad states: "Naturally steam out wrinkles and odors with the touch of a button. The new Duet® Steam dryer features two cycles - Enhanced Touch-Up  and Quick Refresh - that infuse clothing with steam to refresh and dewrinkle."

31.     Further, a pop-up ad titled "The pure power of steam" states "Nothing beats the power of steam to get rid of wrinkles.  The Duet Steam dryer naturally steams out wrinkles in just minutes, while removing any lingering odors."

32.     The website also contains a feature video titled "Duet® Steam Fabric Care System."  This video states that the Duet® Steam Dryer:

      i.        "naturally steams away tough stains;"

      ii.        "steams out tough wrinkles and odors;" and

      iii.        uses "the pure power of steam."

33.     The website video further asks "How does the addition of steam work to enhance cleaning performance?"  In response, the video states that the Duet® Steam Dryer:

      i.        provides the "unique benefits of steam;" and

      ii.        provides a setting of "20 minutes of steam and tumbling."

34.     The website video states that "The Whirlpool Duet® Steam laundry pair, a whole new way to care for your clothes from start to finish, with the pure power of steam.  Just another laundry innovation from Whirlpool."

35.     The name "Duet® Steam Dryer" and statements in the ads as described in Paragraphs 29-34 are explicitly false and misleading because they falsely imply that the a Duet® Steam Dryer uses steam, and that drying with steam was Whirlpool's "innovation."

36.    The Duet® Steam Dryer does not use steam.  Upon information and belief, the Duet® Steam Dryer injects water for up to 60 seconds into a warm dryer tumbler. The Duet® Steam Dryer does not inject steam into the dryer tumbler.

37.    Upon information and belief, Whirlpool is well aware from its own advertising initiatives and marketing expertise that the word "steam" has a specific meaning and context, particularly when used in a context of cleaning.  "Steam" in the cleaning context relates to superior and deep-penetrating cleaning with added benefits of reducing wrinkles and odors.  A false and deceptive superiority claim of cleaning power is extremely harmful to fair competition.

38.    Whirlpool specifically states in its online pop-up ad "Nothing beats the power of steam . . . The Duet Steam dryer naturally steams out wrinkles in just minutes, while removing any lingering odors." This statement is explicitly false and misleading because it claims that drying with steam is superior.  The Duet® Steam Dryer, however, does not utilize steam, and thus lacks the attribute that it claims superior.

39.    The unfair and deceptive effect of Whirlpool's use of "steam" in the naming of its Duet® Steam Dryer and the advertising surrounding it is clear and dramatic.  By using the word "steam" in the name of the Duet® Steam Dryer and in the advertising, the message conveyed to consumers is that the Duet® Steam Dryer utilizes steam to provide superior cleaning performance.

F.    Irreparable Injury to LG USA

40.    Whirlpool's use of the word "steam" to describe its Duet® Steam Dryer is explicitly false and misleading because steam is not used at all in Whirlpool's steam dryer. Whirlpool knowingly utilizes the word "steam" because its rival, LG USA, has recently launched

a dryer that shoots steam into the dryer tumbler.  Whirlpool's actions constitute a knowing attempt by Whirlpool to misappropriate LG USA's potential customers.

41.    Whirlpool's use of the word "steam" in the naming and advertising of its Duet® Steam Dryer will cause and is causing LG USA to suffer irreparable injury to its goodwill and reputation, for which LG USA has no adequate remedy at law.

42.    Whirlpool's explicitly false and misleading name and advertisements that it utilizes "steam" in its Duet® Steam Dryer diminishes LG USA's goodwill in utilizing steam technology.  LG USA has added a steam generator to its Tromm Steam Dryer.  The addition of the generator costs more to manufacture and LG USA, consequently, must sell its Tromm Steam Dryer at a higher price point than the Duet® Steam Dryer.  Whirlpool's naming and advertising of the Duet® Steam Dryer is harmful to competition because the Duet® Steam Dryer does not utilize steam, but will divert sales from LG USA to Whirlpool's product, even though only LG USA's product uses steam.  The irreparable injury caused by these actions is especially potent since LG USA and Whirlpool are direct competitors in the sale of washers and dryers nationally.

43.    LG USA believes that it will lose sales of its Tromm Steam Dryer as a direct result of the explicitly false claims made by Whirlpool in naming and advertising its product as a "steam" dryer, when it actually utilizes a cold water mist.  LG USA will now be forced to expend monies to counteract the inaccuracies in Whirlpool's advertising and explain why it is not utilizing "steam" technology.

## COUNT I

## LANHAM ACT

44.    LG USA repeats and realleges the allegations set forth in paragraphs 1 through 43 of this complaint.

45.    Whirlpool's explicitly false advertising claims as described above constitute false and misleading descriptions of fact and false and misleading representations of fact in interstate commercial advertising and promotion, which materially misrepresent the performance capabilities of its Duet® Steam Dryer, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.    Whirlpool's explicitly false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

47.    Whirlpools' explicitly false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

48.    LG USA has no adequate remedy at law.

## COUNT II

## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

49.    LG USA repeats and realleges the allegations set forth in paragraphs 1 through 43 of this complaint.

50.    Whirlpool's explicitly false advertising claims as described above constitute unfair methods of competition and unfair and deceptive acts and practices, including but not limited to the use and employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression and omission of material facts, with intent that others rely upon the concealment, suppression and omission of such material facts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

51.     Whirlpool's explicitly false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

52.     Whirlpool's explicitly false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

53.     LG USA has no adequate remedy at law.

## COUNT III

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

54.     LG USA repeats and realleges the allegations set forth in paragraphs 1 through 43 of this complaint.

55.     Whirlpool's explicitly false advertising claims as described above represent deceptive trade practices in that Whirlpool: falsely represents that the Duet® Steam Dryer utilizes steam; possesses characteristics and benefits that it does not have; falsely represents that the Duet® Steam Dryer is of a particular quality or grade, when in fact it is another; disparages the goods of another by false and misleading representations of fact; and otherwise engages in conduct which creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

56.     Whirlpool's explicitly false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

57.     Whirlpool's explicitly false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

58.    LG USA has no adequate remedy at law.

## COUNT IV

### ILLINOIS COMMON LAW OF UNFAIR COMPETITION

59.    LG USA repeats and realleges the allegations set forth in paragraphs 1 through 43 of this complaint.

60.    Whirlpool's explicitly false advertising claims as described above constitute false and misleading descriptions of fact and false and misleading representations of fact in commercial advertising and promotion, which misrepresent the performance capabilities of its Duet® Steam Dryer , in violation the common law of the State of Illinois.

61.    Whirlpool's unfair competition is willful and intentional, with deceptive intent.

62.    Whirlpool's conduct is in willful and wanton disregard of LG USA's valuable rights and property and of the law and practices of advertising.  By such conduct, Whirlpool knowingly seeks to misappropriate LG USA's valued customers and to injure and tarnish LG USA's valuable goodwill reputation.

63.    LG USA has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, LG USA respectfully requests that this Court enter judgment:

A.    Declaring that Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Illinois common law of unfair competition;

B.    Preliminarily and permanently enjoining Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees and attorneys, and those persons in active concert

or participation with it who receive actual notice of the order by personal service or otherwise, from using, airing, disseminating or causing to be used, aired, or disseminated, the name Duet® Steam Dryer and any advertisements stating that the Duet® Steam Dryer utilizes steam;

C.      Preliminarily and permanently enjoining Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees and attorneys, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, that Duet® Steam Dryer utilizes steam;

D.      Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising;

E.      Ordering Defendant to pay LG USA its damages, trebled, and LG USA's lost profits caused by Defendants' false descriptions and misrepresentations;

F.      Ordering Defendant to pay LG USA its damages, both compensatory and statutory, by reason of Defendant's false advertising and unfair competition;

G.      Granting LG USA its costs and disbursements in this action, including reasonable attorneys' fees and expert fees; and

H.      Granting LG USA such other and further relief as this Court may deem just.

Dated:  January 10, 2008                    Respectfully submitted,

                                            **LG ELECTRONICS U.S.A., INC.**


                                            By:   _/s/ Ronald Y. Rothstein_____
                                                       One of its attorneys

                                            Ronald Y. Rothstein – rrothstein@winston.com
                                            Mary M. Hutchings – mreed@winston.com
                                            David A. Latchana – dlatchana@winston.com
                                            WINSTON & STRAWN LLP
                                            35 West Wacker Drive
                                            Chicago, Illinois  60601
                                            (312) 558-5600 – telephone
                                            (312) 558-5700 – facsimile

                                            *Counsel for LG Electronics U.S.A., Inc.*