**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LG ELECTRONICS U.S.A., INC.**<br>  **a subsidiary of LG Electronics, Inc.,**<br>  **a Korean company** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:    08 C 242** |
| | ) | |
| **v.** | ) | **Judge St. Eve** |
| | ) | |
| | ) | **Magistrate Judge Mason** |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**WHIRLPOOL CORPORATION'S MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

Whirlpool Corporation ("Whirlpool"), by and through its undersigned attorneys, hereby

moves, pursuant to 28 U.S.C. 1404(a), to transfer this action brought by LG Electronics USA,

Inc. ("LG") from the United States District Court for the Northern District of Illinois to the

United States District Court for the Western District of Michigan.  Whirlpool respectfully

submits that the convenience of the parties and witnesses, and the overall interests of justice,

warrant granting this motion to transfer this action to the Western District of Michigan.

This case has no meaningful connection to this District.  Neither party is headquartered in

this District.  LG is a subsidiary of a Korean corporation with its principal place of business in

New Jersey, while Whirlpool's principal place of business is in the Western District of Michigan.

All of the material events giving rise to LG's allegations of unfair competition and deceptive

advertising occurred in the Western District of Michigan, including the development of

Whirlpool's product technology, advertising and marketing campaigns, and website.  The

Western District of Michigan is also where all the likely witnesses and relevant documents are

located.  By contrast, this District has no significant connection with either of the parties or the material events in this case, and no relevant witnesses or documents are located here.

For all of these reasons, as well as those described in the concurrently filed Memorandum in Support of this motion, Whirlpool respectfully requests that this Court grant its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and transfer this case to the Western District of Michigan.

Dated: January 16, 2008                    Respectfully submitted,

                                           /s/   Vanessa C. Martí

                                           Brian D. Roche
                                           Carey L. Bartell
                                           Vanessa C. Martí
                                           REED SMITH LLP
                                           10 South Wacker Drive, Suite 4000
                                           Chicago, Illinois 60606
                                           Telephone: (312) 207-1000

                                           Attorneys for Defendant, Whirlpool
                                           Corporation

Of counsel:

J. A. Cragwall, Jr.
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, Michigan 49503-2487
Telephone (616) 752-2000

## CERTIFICATE OF SERVICE

I, Vanessa C. Martí, an attorney, hereby certify that on January 16, 2008, I filed the

attached **Whirlpool Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. §**

**1404(a)** with the Clerk of the Court using the ECF system which will send notification of such

filings to the following:

Ronald Y. Rothstein
rrothstein@winston.com

David Alexander Latchana
dlatchana@winston.com

Shannon Leigh Stevens
sstevens@winston.com

I hereby also certify that I mailed the attached **Whirlpool Corporation's Motion to**

**Transfer Venue Pursuant to 28 U.S.C. § 1404(a)** to the following by first class mail with

postage prepaid on this 16th day of January, 2008:

Mary M. Hutchings
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601

By:     */s/   Vanessa C. Martí*_____
Brian D. Roche
Carey L. Bartell
Vanessa C. Martí
REED SMITH, LLP
10 South Wacker Drive
Chicago, IL  60606-7507
(312) 207-1000