# Exhibit

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., a subsidiary of LG Electronics, Inc., a Korean company, | ) ) ) ) ) Case No. 08 C 242 ) ) |
| Plaintiff, | ) Hon. Amy J. St. Eve ) |
| v. | ) ) |
| WHIRLPOOL CORPORATION, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF LG ELECTRONICS U.S.A., INC.'S
FIRST SET OF DOCUMENT REQUESTS**

Plaintiff LG Electronics U.S.A., Inc. ("LG USA"), by and through its attorneys, requests that Defendant Whirlpool Corporation ("Whirlpool") produce for inspection and copying at the offices of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601, the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure and the definitions and instructions set forth herein, within a time period designated by the Court, but not later than thirty (30) days after service of this request.

**DEFINITIONS AND INSTRUCTIONS**

1. "LG USA" shall mean LG Electronics U.S.A., Inc., its predecessors, successors and assigns, and any of its affiliates, officers, directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

2. "Whirlpool" or "Defendant" shall mean Whirlpool Corporation, its predecessors, successors and assigns, and any of its affiliates, officers, directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

3. The "Complaint" shall mean the Complaint filed by LG USA in this case on January 10, 2008.

4. The "Duet® Steam Dryer" shall mean Whirlpool's Duet® Steam Dryer, as referenced in the Complaint.

5. The terms "you" and/or "your" shall mean any person within the above definition of "Whirlpool."

6. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

7. The term "documents" is used in the broadest possible sense and shall mean all written, printed, typed, graphic, recorded or illustrative matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, e-mail, letters, words, numbers, pictures, sounds, symbols or any combination thereof, correspondence, envelopes, computer printouts, teletypes, telecopies, memoranda of telephone conversations or personal conversations, diaries, calendars, time sheets, interoffice communications, records, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions, tape or disk recordings, x-rays,

papers and forms filed with any court or governmental body, notes, transportation and expense logs or records, work papers, contracts, formal or informal memoranda of meetings, studies, analyses, statistical and financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access. Finally, the term "document" shall be interpreted as expansively as permitted under Rule 34 of the Federal Rules of Civil Procedure.

8. "Communication" shall mean the recording, conveyance, or exchange of information of any kind by or with any person, representative, or entity for any purpose by any written, verbal, or electronic means or method.

9. The words "and" and "or" also have the meaning "and/or." The words "any" and "all" also have the meaning "any and all."

10. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

11. If you assert that any document requested herein is privileged or otherwise immune from discovery, provide a list with the following information for each such document: (a) its date; (b) its author; (c) all addressees or recipients of the original or copies thereof; (d) a brief description of its subject matter and physical size; and (f) the nature of the privilege or immunity claimed.

12. If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge or separation

3

from your possession or control, and the circumstances surrounding its loss, destruction, purge or separation from your possession or control.

13. In producing documents, segregate them so that they are responsive to each numbered request paragraph and note with respect to each group of documents the request paragraph to which it is responsive.

14. Unless the request specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

15. In producing the documents described below, when the documents exist in a file, you are requested to furnish the entire file containing the documents or, alternatively, to identify the files from which the documents were taken and then to produce the documents in the same order as they existed in those files.

16. This production request shall be deemed continuing so as to require further and supplemental production if any additional documents responsive to this production request come into your possession, custody or control, in which case you shall produce any such additional documents within ten days of their coming into your possession, custody, or control. If any such additional documents or any portions thereof are withheld from production upon a claim of privilege or for any other reason, you are requested to promptly serve upon LG a written identification of each such document or portion of a document, setting forth the information described in paragraph 10 of the instructions hereof.

## **DOCUMENT REQUESTS**

1.      All documents that refer, relate to, or support Whirlpool's advertising and marketing claims that the Duet® Steam Dryer "steams" clothes, or that it creates, uses, features, or has the power of steam, including but not limited to all engineering and marketing documents referring, relating to, or supporting such claims.

Dated:  January 16, 2008

Respectfully submitted,

**LG ELECTRONICS U.S.A., INC.**

By: _____
         One of its attorneys

Ronald Y. Rothstein
Mary M. Hutchings
Shannon L. Stevens
David A. Latchana
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
rrothstein@winston.com
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

*Counsel for LG Electronics U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **LG Electronics U.S.A., Inc's First Set of Document Requests** has been served on the following counsel of record via hand delivery this 16th day of January, 2008.

>Brian D. Roche
>Carey L. Bartell
>Vanessa C. Marti
>REED SMITH LLP
>10 South Wacker Drive, 40th Floor
>Chicago, Illinois 60606

_____
One of LG USA's Attorneys