IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC.<br>a subsidiary of LG Electronics, Inc.,<br>a Korean company<br><br>    Plaintiff,<br><br>    v.<br><br>WHIRLPOOL CORPORATION,<br><br>    Defendant. | Civil Action No.:    08 C 242<br><br>Judge St. Eve<br><br>Magistrate Judge Mason |

### WHIRLPOOL CORPORATION'S FIRST SET OF DOCUMENT REQUESTS

Defendant Whirlpool Corporation ("Whirlpool") hereby requests that Plaintiff LG Electronics U.S.A., Inc. ("LG") produce for inspection and copying at the offices of Reed Smith, LLP, 10 S. Wacker Drive, Chicago, Illinois 60606, the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure, the Court's Order of January 17, 2008, and the definitions and instructions set forth herein, by February 1, 2008.

### DEFINITIONS AND INSTRUCTIONS

1.     "LG" shall mean LG Electronics U.S.A., Inc., its predecessors, successors and assigns, and any of its parent companies, subsidiaries, affiliates, officers, directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

2.     "Whirlpool" shall mean the defendant in the action, Whirlpool Corporation.

3.     The "Complaint" shall mean the Complaint filed by LG in this case on January 10, 2008.

4.  The "Duet® Steam Dryer" shall mean the Whirlpool Duet® Steam Dryer as referenced in the Complaint.

5.  The "LG Tromm® Steam Dryer" shall mean the steam dryer that LG is currently marketing and any previous versions or iterations thereof.

6.  Use of the singular form of any word shall include the plural form and the plural form shall include the singular wherever such use is appropriate. Use of any tense of a verb shall be construed to also encompass within its meaning all other tenses of the verb. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

7.  "Documents" means all written, computer-generated, recorded or graphic matter, however stored, produced, or reproduced, pertaining in any way to the subject matter indicated. This includes, without limiting the generality of the foregoing, all originals, copies and drafts of all letters, journals, correspondence, reports, e-mails, memoranda, diaries, calendars, invoices, purchase orders, receipts, bills, checks, estimates, plans, notes, notebooks, files, worksheets, lists, summaries, records, tapes, recordings, agendas, transcripts, notes or memoranda of telephone or personal conversations by or with any persons and all letters, faxes, and e-mails received or sent (whether retained on paper, disc, in a computer file, or in some other form).

8.  The term "communications" means any and all forms of transferring information including, but not limited to, discussions, conversations, meetings, conferences, interviews, negotiations, agreements, understandings, inquiries, facsimiles, memo, e-mail, electronic transmissions and documents.

9. The term "relating to" or "related to" or "relate to" shall mean, without limitation, the following: with respect to, referring to, pertaining to, involving, concerning, purporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, discussing, analyzing, explaining, reflecting, constituting, deriving from, or presenting.

10. Documents shall be produced in their original binders or files as they are kept and maintained in the usual course of business, or shall be so grouped or identified in the production by the paragraph or paragraphs of the corresponding Document Request (or Interrogatory) to which they are responsive.

11. Where knowledge or information in the possession of a party is requested, the request includes knowledge of the party's agents and representatives, including, unless privileged, the party's attorneys.

12. If the attorney/client privilege or any other privilege is claimed or failure to answer occurs as to any of the following requests, identify the communication, document, event, statement or fact for which the privilege or failure to answer is claimed, and state with particularity the nature of the claimed privilege or reason for failing to answer and set forth the statute, rule, decision or other basis for the assertion of the privilege or failure to answer.

13. The term "person" means and includes, without limiting the generality of its meaning, each natural person, sole proprietorship, partnership, corporate entity, association, trust, public or governmental body or agency and each of them and all past or present officers, agents employees, or other persons acting or purporting to act on such person's behalf.

14. Unless otherwise stated, the time period for information sought by these requests extends from January 2005 through the present.

## DOCUMENT REQUESTS

1. All documents that refer, relate to, refute, or support LG's claim that the Duet® Steam Dryer does not actually "steam" clothes, or that it does not actually create, use, feature, or have the power of steam, including, but not limited to, all engineering, testing, training, marketing, trade communications, or advertising documents referring, relating to, discussing, refuting, or supporting such claim.

2. All documents that refer, relate to, refute, or support LG's claim that the LG Tromm® Steam Dryer "steams" clothes, or that it actually creates, uses, features, or has the power of steam, including but not limited to all engineering, testing, training, marketing, trade communicatons, or advertising documents referring, relating to, discussing, refuting, or supporting such claim.

3. All documents relating to any test, analysis, discussion, or description of the technology used in Whirlpool's Duet® Steam Dryer, including, but not limited to, any comparison studies and performance tests.

4. All documents relating to any test, analysis, discussion, or description of the technology used in LG's Tromm® Steam Dryer, including, but not limited to, any comparison studies and performance tests, and including documents showing the actual temperature of the "steam" used in the dryer as it moves from the boiler to the dryer drum.

5. All documents relating to any comparison or contrast of Whirlpool's Duet® Steam Dryer and/or its technology to that of the LG's Tromm® Steam Dryer, including any

documents relating to any demonstration LG performed of Whirlpool's Duet® Steam Dryer to consumers, retailers or the trade.

6. All documents relating to market and consumer studies, interviews, testing, research, analysis, findings, and conclusions regarding consumer understanding and preferences with respect to the use of "steam" in a consumer clothes dryer, including, but not limited to, consumers' understanding of the term "steam," and including but not limited to consumer research regarding potential confusion caused by Whirlpool's use of the word "steam" in marketing its Duet® Steam Dryer.

7. All documents relating to any warnings, notices, disclosures, safety stickers, or other safety information that is related to, or references, steam in LG's Tromm® Steam Dryer.

8. All documents that refer or relate to the development or production of steam in appliances manufactured by LG, including washers, dryers, and dishwashers, including but not limited to all engineering, patent, marketing, and advertising documents referring, relating to, or supporting the use or production of steam in such appliances.

9. All documents that refer, relate to, refute, or support LG's claim that Whirlpool's use of the word "steam" with respect to the Duet® Steam Dryer will cause or is causing LG to suffer irreparable injury to its goodwill and reputation.

10. All documents that refer, relate to, refute, or support LG's claim that the LG Tromm® Steam Dryer is the "first" and "only" steam dryer in the United States market.

11. All documents that LG intends to use to support its claim for preliminary injunction, whether to be filed with a written submission or used at the preliminary injunction hearing.

- 6 -

Dated: January 18, 2008

        Respectfully submitted,
        WHIRLPOOL CORPORATION,
        Defendant.

        By: _/s/ Carey L. Bartell_____

        Brian D. Roche
        Carey L. Bartell
        Vanessa C. Martí
        REED SMITH LLP
        10 South Wacker Drive, Suite 4000
        Chicago, Illinois 60606
        Telephone: (312) 207-1000

        Attorneys for Defendant, Whirlpool Corporation

2133075

## CERTIFICATE OF SERVICE

I, Carey L. Bartell, an attorney, hereby certify that on January 18, 2008, that copies of **Whirlpool Corporation's First Set of Document Requests** was served upon the following counsel of record by *email and U.S. Mail* on this 18th day of January 2008:

Ronald Y. Rothstein
rrothstein@winston.com
David Alexander Latchana
dlatchana@winston.com
Shannon Leigh Stevens
sstevens@winston.com

Ronald Y. Rothstein
Mary M. Hutchings
David A. Latchana
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

_____
CAREY L. BARTELL