**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LG ELECTRONICS U.S.A., INC.,**<br>  **a subsidiary of  LG Electronics, Inc.,**<br>  **a Korean company,** | ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.:      08 C 242** |
| **v.** | ) ) | **Judge St. Eve** |
| **WHIRLPOOL CORPORATION,** | ) ) | **Magistrate Judge Mason** |
| **Defendant.** | ) ) ) | **JURY DEMAND** |

**PLAINTIFF LG ELECTRONICS U.S.A., INC.'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL AND IN SUPPORT OF ITS
<u>CROSS MOTION FOR PROTECTIVE ORDER</u>**

      Plaintiff LG Electronics U.S.A., Inc. ("LG USA"), by its undersigned counsel, Winston & Strawn LLP, respectfully submits its Memorandum of Law in Opposition to the Motion to Compel by Whirlpool Corporation ("Whirlpool" or "Defendant"), and in Support of its Cross Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

      In serving expedited discovery requests on LG USA returnable in only two weeks, Defendant has flagrantly violated this Court's order that such discovery be limited "to the preliminary injunction only."  LG USA has serious concerns about the relevance of Defendant's requests to the present case, and Defendant raises issues in its Motion to Compel that are nowhere to be found in LG USA's preliminary injunction motion pending before this Court.

The preliminary injunction motion filed by LG USA is very simple: Whirlpool's Duet® Steam Dryer does not create or use steam and Defendant should be enjoined from making any such representations in its advertising.  Other than to establish competitive standing under the Lanham Act, LG USA's products, performance and advertising are not relevant to the motion.  Rather, the issue before this Court is whether Defendant can support its claims that its Duet® Steam Dryer creates or uses steam with competent scientific evidence.  Defendant's contention that the concept of "true steam" requires a comparison of LG USA's and Defendant's dryers is a red herring.

Although the introduction of LG USA's steam dryer is a factor in assessing loss of good will, whether LG USA's new dryer creates steam is of no help to Defendant in defending its own advertising claims.[1]  LG USA was never consulted by Defendant when Defendant decided to introduce and advertise its dryer as being capable of creating steam.  LG USA's product was not even on the market when Defendant began the offensive conduct LG USA now seeks to have the Court enjoin.  As a consequence, LG USA skeptically views Defendant's discovery requests as no more than a fishing expedition for a counterclaim.

Contrary to the claims in Defendant's motion, the superiority or inferiority of LG USA's and Defendant's steam dryer is likewise not at issue in LG USA's preliminary injunction motion.  While LG USA's steam dryer is equipped with a steam generator capable of creating steam, this fact does not lend support or have any bearing on Defendant's claims about its own product.  LG USA intentionally refrained from arguing the superiority of its steam dryer because that issue is not relevant to whether Defendant's steam dryer creates or uses steam.

---

[1]      While LG USA's loss of goodwill in connection with its new dryer is asserted as a factor in its preliminary injunction motion, the loss of goodwill extends to all of LG USA's dryer products sold in the United States.

Moreover, the respective performance of each dryer is not currently at issue. The reason for this is simple: Defendant cannot deceive consumers about a product attribute (i.e., steam) and justify such deception by arguing some type of functional equivalence with LG USA's dryer. By way of example, both a horse-drawn carriage and an automobile can transport people from point A to point B. Such functional equivalence, however, does not render the former an automobile. Likewise, while both cold water evaporated by a dryer drum and real steam created by a steam generator may remove wrinkles, the former is not steam.

Now, LG USA is faced with vastly overbroad requests seeking (1) "all engineering, testing training, marketing trade communications, or advertising documents" referring or relating to *LG USA's claims that its steam dryer uses steam;* (2) comparative and performance tests on Defendant's *and LG USA's* dryers; (3) warnings, notices, safety stickers, or other safety information relating to *LG USA's steam dryer;*[2] (4) all other steam references on *any product made by LG USA; and* (5) documents relating to *LG USA's claim* that its steam dryer is the "first" and "only" steam dryer in the United States. A copy of Defendant's discovery requests is attached hereto as Exhibit 2.

The irrelevance and overbreadth of these requests is obvious. LG USA does not, in its preliminary injunction motion: (1) refer to its own advertising or engineering of its steam dryer; (2) challenge the performance of Defendant's dryer other than its failure to create steam; (3) refer to warnings or safety stickers, refer to other, entirely unrelated, products made by LG USA; or (4) otherwise implicate advertising claims made for its new steam dryer or any other product that it manufactures.

---

[2] Although Defendant withdrew and did not move to compel a response to this request, Request No. 7, (Def.'s Mot. to Compel at 3 n.2), this request further evidences the irrelevance of Defendant's discovery requests.

As explained in more detail below, this Court should deny Defendant's Motion to Compel and grant LG USA's Motion for Protective Order.

## II.     PROCEDURAL BACKGROUND

On January 17, 2008, this Court held a hearing on LG USA's Motions for Preliminary Injunction and Expedited Discovery where it limited discovery to issues presented in LG USA's preliminary injunction motion:

> If Whirlpool wishes to serve expedited discovery *relevant to the preliminary injunction only*, [it] may serve it . . . But if [LG USA] believe[s] it goes beyond the preliminary injunction, then [LG USA and Whirlpool] should get together and see if you can work out the scope of it to narrow it *just to the preliminary injunction*. If not, [LG USA and Whirlpool] can come in to the Court.

(Hr'g Tr. 6:8-15, Jan. 17, 2008) (emphasis added).  A copy of the transcript is attached hereto as Exhibit 1.  Subsequent to the hearing, this Court entered an order to the same effect.  On the following day, Defendant issued its written discovery requests to LG USA, which are the subject of this motion.  (*See* Ex. 2).

## III.    ARGUMENT

Defendant's motion lacks merit and should be denied for two reasons.  First, Defendant's requests are entirely irrelevant to LG USA's preliminary injunction motion.  While LG USA recently introduced its Tromm Steam Dryer, Defendant is improperly attempting to use LG USA's engineering, advertising and marketing as a proxy for the truth or falsity of its own advertising claims.  Second, Defendant improperly attempts to assert an unclean hands defense under the guise of attacking LG USA's irreparable harm argument.  Defendant's argument is spurious, however, because irrespective of LG USA's claims of false advertising against Defendant, (1) the unclean hands defense does not preclude entry of an injunction; and, more importantly, (2) the public should not be subjected to Defendant's willful false and misleading

advertising.  Indeed, Defendant is charging approximately 25% more for a steam feature on its Duet® Steam Dryer that simply does not exist.

In addition, LG USA seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to protect itself from the "annoyance, embarrassment, oppression or undue burden or expense" associated with Defendant's unwarranted, overbroad, and unduly burdensome discovery requests.  Fed. R. Civ. P. 26(c); *see Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997).  Defendant's requests go well beyond the mandate issued by this Court that discovery be relevant "to the preliminary injunction only" (Ex. 1 at 6:8-15), and instead seek virtually every document it could possibly ever seek in this case.  This violates the very concept of expedited discovery, which should not subject the responding party, LG USA, to potentially producing truckloads full of irrelevant documents.

A.     <u>**Defendant's Discovery Requests Are Not Relevant**</u>

Defendant's entitlement to discovery is not unfettered, as it contends in its Motion to Compel.  This Court's January 17, 2008 order placed a strict relevance requirement on the parties, limiting discovery to LG USA's claims in its preliminary injunction motion of false advertising against Defendant.  It did not open discovery to a thorough vetting of LG USA's engineering, advertising, and marketing of every product it manufactures.  Defendant's requests, devoid of any relevance to LG USA's claims of false advertising against it, would require examination of every product and related advertising made by LG USA to locate steam references.

1.     **Defendant Must Meet The Threshold Showing Of Relevance**

The standard of relevance "should not be misapplied so as to allow fishing expeditions in discovery.  Some threshold of relevance must be made before the parties are

requested to open doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993); *see also Everco Indus. Inc. v. OEM Prods. Co.*, 362 F. Supp. 204, 206 (N.D. Ill. 1973).

When document requests seek "information that lie[] outside the scope of plaintiff's claim," the threshold of relevance is not met. *Triax Co. v. United States*, 11 Cl. Ct. 130, 135 (Fed. Cl. 1986); *see also White v. Allstate*, No. 3-02-CV-1773-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003) ("discovery requests [that] are not relevant to a 'claim or defense of any party' [] are beyond the scope of Rule 26(b)(1)"); *Onwuka v. Fed. Express Corp.,* 178 F.R.D. 508, 516 (D. Minn. 1997) (holding that parties should not be allowed to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so").

Courts have the discretion to control discovery by limiting the parties to the use of those devices which serve a useful purpose. *Olivieri*, 122 F.3d at 409.  The Seventh Circuit has noted that "[p]retrial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it." *Id.* (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).  Moreover, "[d]istrict judges have substantial discretion to make such decisions to curtail the expense and intrusiveness of discovery and trial." *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994).

Under the present circumstances, the parties are operating under an expedited 14-day return date for document production.  Wholesale discovery on LG USA's steam dryer and numerous other appliances, including engineering, advertising, marketing, safety, performance testing and the like, was not contemplated by this Court's order.  The issue before this Court is

6

whether Defendant can support its claims that its Duet® Steam Dryer creates or uses steam with competent scientific evidence. Setting aside the patent over-breadth of these requests, which is discussed in detail below, Defendant's discovery requests are entirely irrelevant to an honest analysis of whether *its own* dryer uses steam. Defendant's contention that the concept of "true steam" requires a comparison of LG USA's and Defendant's dryers (Def.'s Mot. to Compel at 5), therefore, is a red herring. Thus, Defendant's requests are not relevant and this Court should deny its Motion to Compel and grant LG USA's Motion for Protective Order.

**B.      Defendant's Irreparable Harm Argument Is Merely A Disguised Unclean Hands Defense That Is Not Viable In The Present Case**

Defendant's Motion to Compel should also be denied because the discovery requests at issue are premised on the argument that Defendant should be allowed to test whether LG USA is being irreparably harmed by Defendant's false advertising. (*Id.* at 4-7). Cutting through Defendant's bluster, Defendant is asserting a disguised unclean hands defense against LG USA. Such a defense is inapplicable here, however, because even if Defendant were able to successfully argue that LG USA's steam dryer is not capable of creating steam, the Seventh Circuit would still require enjoining Defendant's false advertising in order to protect the public interest. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 19 (7th Cir. 1992) (vacating an order denying preliminary injunction of Section 43(a) false advertising claim); *see also Ames Publ'g Co. v. Walker-Davis Publ'ns, Inc.*, 372 F. Supp. 1, 14-15 (E.D. Pa. 1974) (granting injunction in false advertising case to protect the public interest). As the Seventh Circuit has emphasized, the public has an interest "in truthful advertising, an interest that lies at the heart of the Lanham Act." *Abbott*, 971 F.2d at 19 (citing *Wojnarowicz v. Am. Family Ass'n*, 745 F. Supp. 130, 141

(S.D.N.Y. 1990)).[3]

Defendant's disguised unclean hands defense is not relevant to the entry or denial of an injunction. *See Polk Bros. Inc. v. Forest City Enters. Inc.*, 776 F.2d 185, 193 (7th Cir. 1985) ("Equity is no longer granted or withheld according to the chancellor's sensibilities and his regard for the uprightness of the parties."). Indeed, the implicit invocation of an unclean hands defense does not preclude this Court from entering injunctive relief when, as is the case here, the goal is to protect the public from the proliferation of false and misleading advertising. *Ames*, 372 F. Supp. at 14-15 (rejecting the unclean hands defense in false advertising case because the plaintiff acted as the "vicarious avenger" of the public interest); *see also Am. Home Prods. Corp. v. Johnson & Johnson*, 654 F. Supp. 568, 591 (S.D.N.Y. 1987) (declining the unclean hands defense against plaintiff seeking injunction in false advertising case "because of the public interest involved"); *Nike, Inc. v. Rubber Mfrs. Ass'n Inc.*, 509 F. Supp. 919, 926 (S.D.N.Y. 1981) (finding that the unclean hands defense did not preclude injunction in a false advertising case because the court "should consider the public interest in being free from false representations in connection with the advertising"). Hence, Defendant's unclean hands defense is not relevant to LG USA's pending preliminary injunction motion.[4]

---

[3]     While the Lanham Act is not directly available to consumers, it is nevertheless designed to protect consumers by giving the cause of action to competitors who are prepared to vindicate the injury caused to consumers. *See, e.g., Skil Corp. v. Rockwell Int'l Corp.*, 375 F. Supp. 777, 781-82 & n.7 (N.D. Ill. 1974) (noting that Section 43(a) of the Lanham Act "grew out of a recognition . . . of the necessity to break with" restrictive guidelines resulting in dismissal of false advertising cases, such as where a plaintiff did not have a property right (e.g., a trademark or lost future sales)).

[4]     Defendant's disguised unclean hands defense is not available in the present case because there is a "general disfavor" for barring injunctive relief in false advertising cases based on the unclean hands defense. *U-Haul Int'l Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1255 (D. Ariz. 1981), *aff'd*, 681 F.2d 1159 (9th Cir. 1982) (finding that the unclean hands defense did not preclude plaintiff in false advertising case from obtaining injunctive relief, due in part to the "general disfavor of 'unclean hands' as a defense"); *Tube Forgings of Am. Inc. v. Weldbend Corp.*, 788 F. Supp. 1150, 1153 (D. Or. 1992) (granting summary judgment to plaintiff in false advertising case against defendant's allegations of unclean hands because "of the general disfavor with which the 'unclean hands' doctrine is held and the public policy reasons supporting such disfavor").

Defendant's attempt to manufacture the relevance of its discovery requests under the guise of the "irreparable harm rebuttable presumption defense," (Def.'s Mot. to Compel at 4-6), must fail by necessity because the upshot of this argument, even if proven, is that the public will remain exposed to two wrongs.  6 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 31:53 (4th ed. & Supp. 2007); *Ames*, 372 F. Supp. at 14-15 ("[t]o deny an injunction on the basis that plaintiffs [we]re also blameworthy would leave two wrongs unremedied and thereby increase the injury to the public").[5]  Such a finding is merely Defendant's wishful thinking.

Defendant cites *Abbott Labs. v. Mead Johnson* for the proposition that it is entitled to rebut the presumption of irreparable harm based upon LG USA's loss of goodwill. (Def.'s Mot. to Compel at 6).  Such reliance is sorely misplaced.  In *Abbott*, the Seventh Circuit did not find that the presumption is rebuttable based on the assertion that the plaintiff's claims for the same attribute are allegedly false, i.e., the unclean hands defense. Instead, the *Abbott* court held that the district court's assumption underlying the rebuttable presumption was "erroneous as a matter of law."  *Abbott*, 971 F.2d at 18.  In the present case, Defendant is impermissibly expanding the scope of discovery merely in an attempt to show that *LG USA* is also engaging in making false steam claims, and thereby rebut the presumption of irreparable harm.  LG USA is aware of no case law, however, supporting Defendant's approach; that again, is tantamount to an improper unclean hands defense.

---

[5]      *See also Alpo Petfoods, Inc. v. Ralston Purina Co.*, 720 F. Supp. 194, 214 (D.D.C. 1989), *aff'd in part and rev'd in part on other grounds*, 913 F.2d 958 (D.C. Cir. 1990) (same); *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 350 (9th Cir. 1963) (rejecting the unclean hands defense in a patent and copyright infringement case, noting that "[i]n the interests of right and justice the court should not automatically condone the defendant's infractions because the plaintiff is also blameworthy, thereby leaving two wrongs unremedied and increasing the injury to the public").

Consequently, whether Whirlpool chooses to style its defense as the "irreparable harm rebuttable presumption" defense or an unclean hands defense, neither forms a basis for the relevance of its discovery requests.

C.    **Defendant's Requests Numbers 2, 3, 4 And 8 Are Overly Broad and Unduly Burdensome**

This Court should also deny Defendant's Motion to Compel and grant LG USA's Motion for Protective Order for the separate and independent reason that Requests Nos. 2 through 4 and 8 are overbroad and unduly burdensome on LG USA.

As discussed above, the Federal Rules of Civil Procedure are designed to protect a party from "annoyance, embarrassment, oppression or undue burden or expense" associated with discovery. Fed. R. Civ. P. 26(c). Courts have found discovery to be unduly burdensome where the "information is wholly irrelevant under any reasonable legal theory" or where the "assertions about relevance are very strained." *Builders Ass'n of Greater Chi. v. City of Chicago*, 215 F.R.D. 550, 554 (N.D. Ill. 2003); *Sanchez v. Turner*, No. 00CIV1674AGSDF, 2001 WL 830665, at *2 (S.D.N.Y. July 23, 2001).

Accordingly, "for good cause shown, the court . . . may make any order which justice requires" to protect a party from such unwarranted and frivolous discovery, including "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(4). Courts in this district have observed that district courts have "discretion to decide when a protective order is appropriate and what degree of protection is required." *See Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In determining whether good causes exists, this Court "must balance the interests of the parties taken into account, the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party."

*Wiggins*, 173 F.R.D. at 229; *Beloit Liquidating Trust v. Century Indem. Co.*, No. 02 C 50037, 2003 WL 355743, at *3 (N.D. Ill. Feb. 13, 2003).

   In the present case, Defendant's Requests Nos. 2 through 4 and 8 are overly broad and would create an undue burden on LG USA.  Specifically, these requests seek documents or information "*including, but not limited to*" "*any*" or "*all*" engineering, patent, testing, training, marketing, trade communications, as well as advertising documents relating to LG USA'S Tromm Steam Dryer *and other LG USA steam appliances*, "including washers, dryers, and dishwashers".  (Ex. 2 at Reqs. Nos. 2, 4, 8) (emphasis added).  Request No. 3 is also overbroad and unduly burdensome to the extent it seeks comparison studies and performance tests involving LG USA products.  (*Id.* at Req. No. 3).  These requests are grossly voluminous and should be stricken.

   As discussed under the relevance section above, these requests are in furtherance of Defendant's disguised unclean hands defense.  Thus, Defendant's justifications are "wholly irrelevant under any reasonable legal theory" or at the very least "very strained" so as to make these requests unduly burdensome.  *See Builders Ass'n*, 215 F.R.D. at 554; *Sanchez* 2001 WL 830665 at *2.  At a minimum, Defendant's requests far exceed the mandate issued by this Court that discovery be relevant "to the preliminary injunction only" (Ex. 1 at 6:8-15), as they seek virtually every document it could possibly ever seek in this case.  This violates the very concept of expedited discovery.

**IV.     CONCLUSION**

WHEREFORE, for the foregoing reasons, LG USA respectfully requests this Court (1) deny Defendant's Motion to Compel the Production of Documents, (2) grant LG USA's Cross Motion for Protective Order; and (3) grant LG USA any and all further relief deemed necessary and proper.

Dated:  January 25, 2008                        Respectfully submitted,

                                                **LG ELECTRONICS U.S.A., INC.**


                                                By:  /s/ Ronald Y. Rothstein_____
                                                            One of its attorneys

                                                Ronald Y. Rothstein – rrothstein@winston.com
                                                Mary M. Hutchings – mreed@winston.com
                                                David A. Latchana – dlatchana@winston.com
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, Illinois  60601
                                                (312) 558-5600 – telephone
                                                (312) 558-5700 – facsimile

                                                *Counsel for LG Electronics U.S.A., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Plaintiff LG Electronics U.S.A., Inc.'s Memorandum in Opposition to Defendant's Motion to Compel and in Support of its Cross Motion for Protective Order** has been served on the following counsel of record via the Court's electronic filing system this 25th day of January, 2008.

> Brian D. Roche
> Carey L. Bartell
> Vanessa C. Martí
> REED SMITH LLP
> 10 South Wacker Drive, Suite 4000
> Chicago, Illinois 60606

> /s/ Ronald Y. Rothstein_____
> One of LG USA's Attorneys