IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., a subsidiary of LG Electronics, Inc., a Korean company, | ) ) ) ) Case No. 08 C 242 ) ) ) |
| Plaintiff, | ) Hon. Amy J. St. Eve ) |
| v. | ) ) Magistrate Judge Mason |
| WHIRLPOOL CORPORATION, | ) ) ) JURY DEMAND ) |
| Defendant. | ) |

**INDEX OF EXHIBITS TO PLAINTIFF LG ELECTRONICS U.S.A., INC.'S
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND
IN SUPPORT OF ITS CROSS MOTION FOR PROTECTIVE ORDER**

| Exhibit No. | Description of Document |
|---|---|
| 1. | Transcript of January 17, 2008 hearing on LG USA's Motion for Preliminary Injunction. |
| 2. | Whirlpool Corporation's First Set of Document Requests to LG USA dated January 18, 2008. |

# Exhibit

# 1

**ORIGINAL**

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   LG ELECTRONICS USA, INC., a    ) Docket No. 08 C 242
     subsidiary of LG Electronics,  )
 4   Inc., a Korean company,        )
                                    )
 5                      Plaintiff,  )
                                    )
 6              vs.                 )
                                    )
 7   WHIRLPOOL CORPORATION,         ) Chicago, Illinois
                                    ) January 17, 2008
 8                      Defendant.  ) 8:40 o'clock a.m.

 9         TRANSCRIPT OF PROCEEDINGS - STATUS & MOTIONS
              BEFORE THE HONORABLE AMY J. ST. EVE
10
     APPEARANCES:
11
     For the Plaintiff:        WINSTON & STRAWN, LLP
12                             BY:  MR. RONALD Y. ROTHSTEIN
                                    MR. DAVID A. LATCHANA
13                             35 West Wacker Drive
                               Chicago, Illinois  60601
14
     For the Defendant:        REED, SMITH, LLP
15                             BY:  MR. BRIAN D. ROCHE
                               10 South Wacker Drive, 40th Floor
16                             Chicago, Illinois  60606

17   Also Present:             WARNER, NORCROSS & JUDD, LLP
                               BY:  MR. J.A. CRAGWALL, JR.
18                             900 Fifth Third Center
                               111 Lyon Street N.W.
19                             Grand Rapids, MI  49503

20   Court Reporter:           MR. JOSEPH RICKHOFF
                               Official Court Reporter
21                             219 S. Dearborn St., Suite 1232
                               Chicago, Illinois  60604
22                             (312) 435-5562

23            * * * * * * * * * * * * * * * *
                   PROCEEDINGS RECORDED BY
24                 MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED BY COMPUTER
25
```

2

1     THE CLERK:  08 C 242, LG Electronics vs. Whirlpool.

2     MR. ROTHSTEIN:  Good morning, your Honor, Ron
3  Rothstein and Dave Latchana for LG Electronics.

4     MR. ROCHE:  Good morning, your Honor, Brian Roche for
5  Whirlpool Corporation.  I'm local counsel.

6     And, your Honor, with me today is Jay Cragwall from
7  the Warner, Norcross firm in Grand Rapids, who is here.  He
8  has not appeared, your Honor, but depending on what happens
9  today, we may address that.

10    THE COURT:  Okay.

11    Good morning.

12    This is your initial appearance before the Court.

13    I have a Motion for Preliminary Injunction that is up
14 today.  I see that you filed yesterday both a Motion for
15 Expedited Discovery on that, as well as your Motion to
16 Transfer to Michigan; which, under the three-day rule, they
17 are noticed a couple days from now, but I will take those up
18 this morning, as well.

19    I am going to take them in reverse order.

20    The Motion for Transfer, how much time would you like
21 to respond?

22    MR. ROTHSTEIN:  Well, your Honor, we don't see that
23 as an urgent issue.  So, we'd like 30 days.

24    THE COURT:  Okay.

25    Is there any objection?

1     MR. ROCHE:  No objection to 30 days, but we do think
2  that needs to be taken up before procedures on their Motion
3  for Preliminary Injunction.  So, if they're willing to then
4  put that behind it, we would not object to 30 days.
5     THE COURT:  Well, I am going to look at the motions
6  and the briefing and make that determination.  Under the law,
7  I can proceed either way.  And whether this case is here or in
8  Michigan, my guess is you are going to pursue the preliminary
9  injunction.
10    And you are obviously going to pursue discovery.  So,
11 discovery is going to go forward, whether it is here or up in
12 Michigan.  The preliminary injunction is going to go forward
13 here and is likely going to go forward if it is up in
14 Michigan.
15    And, under the law, the Court does not need to
16 address one before the other.
17    I am going to look at the briefing and I will make
18 the determination as to which comes first along the way.
19    MR. ROTHSTEIN:  Obviously, your Honor, our view of
20 this is that there's urgency with our Motion for Preliminary
21 Injunction.  The venue transfer motion is just a convenience
22 issue, and we don't see that as being something that should,
23 at least in our view, precede the preliminary injunction.
24    THE COURT:  February 14th to respond, and February
25 28th to reply to the Motion for Transfer.

```
 1              Now, the Motion for Expedited Discovery.
 2              You filed the motion.  There was no indication of
 3   exactly what discovery that you needed or whether or not you
 4   had had any discussions with Mr. Roche with respect to that,
 5   under Local Rule 37.2.
 6              Let me start with the second question first:  Have
 7   you and Mr. Roche discussed expedited discovery?
 8              MR. ROTHSTEIN:  We had some brief discussions about
 9   it, your Honor.  But it's our view that -- we did actually
10   attach one document request.  That's all we're looking for.
11              THE COURT:  That is it?
12              MR. ROTHSTEIN:  That's it.
13              THE COURT:  Okay.
14              MR. ROTHSTEIN:  And we did attach --
15              THE COURT:  I was not sure if that was it or if you
16   wanted interrogatories.
17              Just the document request?
18              MR. ROTHSTEIN:  That's all we're asking for.
19              MR. ROCHE:  Your Honor, the first we heard of the
20   motion was when we were served with it.  We did not have a
21   discussion about a motion for expedited discovery.
22              And we don't have an objection to expedited
23   discovery.  Obviously, it will go both ways.
24              And we have not served any discovery, your Honor.
25              So, we -- we do object, though, to the timing that
```

1  they're asking for this discovery.  And I think the timing on
2  the discovery would essentially play into what your Honor's
3  intention is for the entire preliminary injunction proceeding.
4          And you --
5          THE COURT:  That is why I am addressing --
6          MR. ROCHE:  Okay.
7          THE COURT:  -- the discovery motion first.
8          When can -- well, you are ready to file that.
9          When are you asking to have the documents returned on
10 that motion?
11         MR. ROTHSTEIN:  Well, your Honor, it's our view that
12 we'd like an expedited briefing schedule.  We'd like to see
13 their brief, if at all possible, within the next two weeks.
14         If that's the case, all we're looking for is material
15 that they have to be looking at in connection with preparing
16 their brief.  So, we would like it within that 14-day time
17 period.
18         And we asked for it to be returned in seven days.  If
19 it be ten days, that's fine; but, we'd like it in advance of
20 seeing their brief.
21         THE COURT:  What is realistic, in terms of turning
22 this request around on an expedited basis?
23         MR. ROCHE:  We think, your Honor, that we could do it
24 by February 1st, two weeks from tomorrow.
25         THE COURT:  Okay.  I think that is reasonable.

1   Seven days, especially with a large corporation like
2   Whirlpool, is asking for a lot on a fast basis.
3   I am going to grant your Motion for Expedited
4   Discovery, but make the return date February 1st.
5   MR. ROCHE: Your Honor, may we have the order apply
6   to discovery that we would send to them in the next day or
7   two; that could be returned on the same date?
8   THE COURT: If Whirlpool wishes to serve expedited
9   discovery relevant to the preliminary injunction only, you may
10  serve it by tomorrow with the same caveat: That it is
11  returnable on February 1st.
12  But if you believe it goes beyond the preliminary
13  injunction, then you should get together and see if you can
14  work out the scope of it to narrow it just to the preliminary
15  injunction. If not, you can come in to the Court.
16  But I will tell you, especially based on the filing
17  of this motion without any Local Rule 37.2 compliance, that I
18  do take that rule very seriously. And to the extent you have
19  discovery disputes, I do expect you to try to resolve them on
20  your own before bringing them to the Court. If you cannot,
21  fine; that is what I am here for. But I do expect you to make
22  the attempt to resolve them on your own first.
23  So, the defendants may issue expedited discovery
24  regarding the preliminary injunction by tomorrow, January
25  18th; and, it is also returnable on February 1st.

1           Okay.  Now that we have that, your response to the
2  preliminary injunction, February 8th?
3           MR. ROCHE:  Yes, your Honor, we can respond by
4  February 8th.
5           THE COURT:  Okay.
6           And, then, your reply February 15th?
7           MR. ROTHSTEIN:  I think we can do that, yeah.
8           THE COURT:  Okay.
9           And I will set a status on February 5th at 8:30.
10          I may rule by mail before then.  If I feel like we
11 need a hearing on it -- it may be something I can address
12 without a hearing.  If I feel like I need a hearing on it,
13 Theresa will call you and let you know.
14          I can tell you that I am starting a four-month
15 criminal trial on February 25th.  So, if we have a hearing, it
16 will not be on March 5th.  It will be on some Friday.  But
17 Theresa will call you to schedule that.
18          Is there anything else?
19          MR. ROTHSTEIN:  The status is on March the 5th?
20          THE COURT:  March the 5th, correct --
21          MR. ROTHSTEIN:  Okay.  Sorry.
22          THE COURT:  -- at 8:30.
23          MR. ROTHSTEIN:  I heard February the 5th.
24          THE COURT:  I would also like you -- I may have said
25 that.  I meant March.

```
 1              I would also like you to submit a joint status report
 2    for discovery going forward.  Have your Rule 26 conference and
 3    submit a joint status report in the format that you will see
 4    on the back of today's minute order.  And do that by February
 5    21st.  And I will put the rest of discovery in place when you
 6    come back on the 5th.
 7              Anything else?
 8              Do you want to move pro hac vice or --
 9              MR. ROCHE:  Your Honor, we have one issue that -- we
10    don't have to take it up today -- we want to advise the Court.
11              We have raised an issue with Winston concerning
12    disqualification.  We haven't had a response yet.
13              THE COURT:  Okay.
14              MR. ROCHE:  But it could very well end up being a
15    motion in short order if we don't -- if we're not able to
16    resolve it among ourselves.
17              THE COURT:  If you need to file a motion, I am here.
18              Thanks.
19              MR. ROCHE:  Thank you, your Honor.
20                      *     *     *     *     *
21
22    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.
23
24    _____     _____, 2008
25    Official Court Reporter
```

# Exhibit

# 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC.<br>a subsidiary of LG Electronics, Inc.,<br>a Korean company<br><br>Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | Civil Action No.:   08 C 242<br><br>Judge St. Eve<br><br>Magistrate Judge Mason |

### WHIRLPOOL CORPORATION'S FIRST SET OF DOCUMENT REQUESTS

Defendant Whirlpool Corporation ("Whirlpool") hereby requests that Plaintiff LG Electronics U.S.A., Inc. ("LG") produce for inspection and copying at the offices of Reed Smith, LLP, 10 S. Wacker Drive, Chicago, Illinois 60606, the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure, the Court's Order of January 17, 2008, and the definitions and instructions set forth herein, by February 1, 2008.

### DEFINITIONS AND INSTRUCTIONS

1. "LG" shall mean LG Electronics U.S.A., Inc., its predecessors, successors and assigns, and any of its parent companies, subsidiaries, affiliates, officers, directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

2. "Whirlpool" shall mean the defendant in the action, Whirlpool Corporation.

3. The "Complaint" shall mean the Complaint filed by LG in this case on January 10, 2008.

4.　　The "Duet® Steam Dryer" shall mean the Whirlpool Duet® Steam Dryer as referenced in the Complaint.

5.　　The "LG Tromm® Steam Dryer" shall mean the steam dryer that LG is currently marketing and any previous versions or iterations thereof.

6.　　Use of the singular form of any word shall include the plural form and the plural form shall include the singular wherever such use is appropriate. Use of any tense of a verb shall be construed to also encompass within its meaning all other tenses of the verb. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

7.　　"Documents" means all written, computer-generated, recorded or graphic matter, however stored, produced, or reproduced, pertaining in any way to the subject matter indicated. This includes, without limiting the generality of the foregoing, all originals, copies and drafts of all letters, journals, correspondence, reports, e-mails, memoranda, diaries, calendars, invoices, purchase orders, receipts, bills, checks, estimates, plans, notes, notebooks, files, worksheets, lists, summaries, records, tapes, recordings, agendas, transcripts, notes or memoranda of telephone or personal conversations by or with any persons and all letters, faxes, and e-mails received or sent (whether retained on paper, disc, in a computer file, or in some other form).

8.　　The term "communications" means any and all forms of transferring information including, but not limited to, discussions, conversations, meetings, conferences, interviews, negotiations, agreements, understandings, inquiries, facsimiles, memo, e-mail, electronic transmissions and documents.

9. The term "relating to" or "related to" or "relate to" shall mean, without limitation, the following: with respect to, referring to, pertaining to, involving, concerning, purporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, discussing, analyzing, explaining, reflecting, constituting, deriving from, or presenting.

10. Documents shall be produced in their original binders or files as they are kept and maintained in the usual course of business, or shall be so grouped or identified in the production by the paragraph or paragraphs of the corresponding Document Request (or Interrogatory) to which they are responsive.

11. Where knowledge or information in the possession of a party is requested, the request includes knowledge of the party's agents and representatives, including, unless privileged, the party's attorneys.

12. If the attorney/client privilege or any other privilege is claimed or failure to answer occurs as to any of the following requests, identify the communication, document, event, statement or fact for which the privilege or failure to answer is claimed, and state with particularity the nature of the claimed privilege or reason for failing to answer and set forth the statute, rule, decision or other basis for the assertion of the privilege or failure to answer.

13. The term "person" means and includes, without limiting the generality of its meaning, each natural person, sole proprietorship, partnership, corporate entity, association, trust, public or governmental body or agency and each of them and all past or present officers, agents employees, or other persons acting or purporting to act on such person's behalf.

14. Unless otherwise stated, the time period for information sought by these requests extends from January 2005 through the present.

## DOCUMENT REQUESTS

1. All documents that refer, relate to, refute, or support LG's claim that the Duet® Steam Dryer does not actually "steam" clothes, or that it does not actually create, use, feature, or have the power of steam, including, but not limited to, all engineering, testing, training, marketing, trade communications, or advertising documents referring, relating to, discussing, refuting, or supporting such claim.

2. All documents that refer, relate to, refute, or support LG's claim that the LG Tromm® Steam Dryer "steams" clothes, or that it actually creates, uses, features, or has the power of steam, including but not limited to all engineering, testing, training, marketing, trade communicatons, or advertising documents referring, relating to, discussing, refuting, or supporting such claim.

3. All documents relating to any test, analysis, discussion, or description of the technology used in Whirlpool's Duet® Steam Dryer, including, but not limited to, any comparison studies and performance tests.

4. All documents relating to any test, analysis, discussion, or description of the technology used in LG's Tromm® Steam Dryer, including, but not limited to, any comparison studies and performance tests, and including documents showing the actual temperature of the "steam" used in the dryer as it moves from the boiler to the dryer drum.

5. All documents relating to any comparison or contrast of Whirlpool's Duet® Steam Dryer and/or its technology to that of the LG's Tromm® Steam Dryer, including any

documents relating to any demonstration LG performed of Whirlpool's Duet® Steam Dryer to consumers, retailers or the trade.

6.   All documents relating to market and consumer studies, interviews, testing, research, analysis, findings, and conclusions regarding consumer understanding and preferences with respect to the use of "steam" in a consumer clothes dryer, including, but not limited to, consumers' understanding of the term "steam," and including but not limited to consumer research regarding potential confusion caused by Whirlpool's use of the word "steam" in marketing its Duet® Steam Dryer.

7.   All documents relating to any warnings, notices, disclosures, safety stickers, or other safety information that is related to, or references, steam in LG's Tromm® Steam Dryer.

8.   All documents that refer or relate to the development or production of steam in appliances manufactured by LG, including washers, dryers, and dishwashers, including but not limited to all engineering, patent, marketing, and advertising documents referring, relating to, or supporting the use or production of steam in such appliances.

9.   All documents that refer, relate to, refute, or support LG's claim that Whirlpool's use of the word "steam" with respect to the Duet® Steam Dryer will cause or is causing LG to suffer irreparable injury to its goodwill and reputation.

10.   All documents that refer, relate to, refute, or support LG's claim that the LG Tromm® Steam Dryer is the "first" and "only" steam dryer in the United States market.

11.   All documents that LG intends to use to support its claim for preliminary injunction, whether to be filed with a written submission or used at the preliminary injunction hearing.

- 6 -

Dated: January 18, 2008

                              Respectfully submitted,
                              WHIRLPOOL CORPORATION,
                              Defendant.

                              By: _____

                              Brian D. Roche
                              Carey L. Bartell
                              Vanessa C. Martí
                              REED SMITH LLP
                              10 South Wacker Drive, Suite 4000
                              Chicago, Illinois 60606
                              Telephone: (312) 207-1000

                              Attorneys for Defendant, Whirlpool
                              Corporation

2133075

## CERTIFICATE OF SERVICE

I, Carey L. Bartell, an attorney, hereby certify that on January 18, 2008, that copies of **Whirlpool Corporation's First Set of Document Requests** was served upon the following counsel of record by *email and U.S. Mail* on this 18th day of January 2008:

Ronald Y. Rothstein
rrothstein@winston.com
David Alexander Latchana
dlatchana@winston.com
Shannon Leigh Stevens
sstevens@winston.com

Ronald Y. Rothstein
Mary M. Hutchings
David A. Latchana
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601

_____
CAREY L. BARTELL