**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LG ELECTRONICS U.S.A., INC.** )<br>  a subsidiary of LG Electronics, Inc., )<br>  a Korean company )<br> )<br>              **Plaintiff,** )<br> ) | **Civil Action No.:     08 C 242** |
| )<br>         v.        ) | **Judge St. Eve** |
| )<br> ) | **Magistrate Judge Mason** |
| **WHIRLPOOL CORPORATION,** )<br> )<br>              **Defendant.** ) | |

**AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Defendant Whirlpool Corporation ("Whirlpool"), with the agreement of Plaintiff LG Electronics U.S.A., Inc. ("LG"), hereby moves the Court for entry of the attached Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c). In support of the motion, Whirlpool states as follows:

1. Whirlpool and LG may produce during the course of discovery confidential, proprietary, commercially valuable, and/or competitively sensitive information not previously made available to the public and which a party may believe to be a trade secret, that they wish to protect from disclosure.

2. The parties have negotiated at length and have arrived at the proposed Stipulated Protective Order attached hereto as Exhibit A. The parties believe the Stipulated Protective Order will adequately preserve their respective confidential and proprietary information.

3.    Pursuant to Fed. R. Civ. P. 26(c), the Court may enter a protective order upon a showing of "good cause." *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Such a showing is necessary even if the parties stipulate to the entry of a protective order. *Cincinnati Ins. Co.*, 178 F.3d at 945. Although the public has an interest in all stages of judicial proceedings, that interest can be overridden if the litigants' property and privacy interests present good cause for a protective order. *Id.*

4.    On balance, the parties' interests in this case outweigh the public's right to access and sufficiently demonstrates good cause for this Court to enter the Protective Order. First, the parties have a reasonable and significant interest in protecting from public disclosure their confidential and proprietary information, and any trade secrets. Second, the parties do not seek to designate all documents or materials produced in this case as confidential; instead, the parties only wish to protect those documents or materials that reflect or reveal confidential and proprietary information, and trade secrets. Accordingly the Protective Order is narrowly tailored to protect only the information, documents, and other materials that fall within the definition of "Confidential" or "Highly Confidential" set forth in the Protective Order.  Third, the information designated as "Confidential" or "Highly Confidential" is kept confidential in the normal course of business and is of a nature such that its disclosure to competitors or general dissemination to the public could cause competitive harm or injury in the marketplace.

5.    The parties' interest in the Protective Order far outweighs any interest the public has in this dispute. Because the public will not be prejudiced by the selective

protection of documents in this action, and because the parties have demonstrated good cause for the entry of such an order, this Court should grant the parties' Agreed Motion for Entry of Protective Order and enter the Protective Order.

WHEREFORE, Whirlpool, with the agreement of LG, respectfully requests that the Court enter the attached Stipulated Protective Order.  A copy of the Stipulated Protective Order has been submitted to [Proposed_Order_St_Eve@ilnd.uscourts.gov](mailto:Proposed_Order_St_Eve@ilnd.uscourts.gov), per the Court's instructions.

Dated: February 8, 2008

Respectfully submitted,

WHIRLPOOL CORPORATION,
Defendant

By: */s/ Brian D. Roche*
    Brian D. Roche
    Carey L. Bartell
    Vanessa C. Martí
    REED SMITH, LLP
    10 South Wacker Drive, Suite 4000
    Chicago, Illinois 60606
    Telephone: (312) 207-1000
    *Attorneys for Defendant,*
    *Whirlpool Corporation*

## CERTIFICATE OF SERVICE

I, Vanessa C. Martí, an attorney, hereby certify that on February 8, 2008 I filed the attached AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER with the Clerk of the Court using the ECF system which will send notification of such filings to the following:

> Ronald Y. Rothstein
> rrothstein@winston.com
>
> David Alexander Latchana
> dlatchana@winston.com
>
> Shannon Leigh Stevens
> sstevens@winston.com

I hereby also certify that I mailed the attached AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER to the following by first class mail with postage prepaid on this 8th day of February, 2008:

> Mary M. Hutchings
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL  60601

                                        By:    /s/  Vanessa C. Martí
                                            Brian D. Roche
                                            Carey L. Bartell
                                            Vanessa C. Martí
                                            REED SMITH, LLP
                                            10 South Wacker Drive
                                            Chicago, IL  60606-7507
                                            (312) 207-1000