IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC.<br>a subsidiary of LG Electronics, Inc.,<br>a Korean company<br><br>  Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 08 C 242<br><br>Judge St. Eve<br><br>Magistrate Judge Mason |

## STIPULATED PROTECTIVE ORDER

This Protective Order (the "Order") is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure by order of the Court to safeguard confidential information that may be disclosed in the course of this action.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents or things produced in this litigation.

1.  Discovery activity in this action is likely to involve production of confidential, proprietary, commercially valuable, and/or competitively sensitive information not previously made available to the public and which a party may believe to be a trade secret. Such information includes market analyses; product development, testing and research materials; methods and strategies for marketing products; sales training materials; and any financial information, including without limitation, revenue, cost and profit information related to the sale of the products at issue in the lawsuit. All of this information is kept confidential in the normal course of business and is of a nature such that its disclosure to competitors or general

dissemination to the public could cause competitive harm or injury in the marketplace. Special protection from public disclosure and from use of this information for any purpose other than prosecuting this litigation is warranted. Accordingly, the Court enters this Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and extends only to the limited information or items that are entitled to treatment as confidential under Rule 26(c) of the Federal Rules of Civil Procedure. This Protective Order also authorizes the parties, in specific and limited circumstances as described herein, to file information as a sealed document.

### Designation of Confidential or Highly Confidential Information

2. Any party, or any third party subject to discovery in this action ("the Litigation"), may designate as "Confidential" or "Highly Confidential" any document or other material that such party believes to contain "Confidential Information" or "Highly Confidential" information as defined below, including without limitation, any information produced pursuant to a discovery request, any document marked as an exhibit at any deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceeding, or any information provided in writing in any interrogatories, or otherwise, if it contains any "Confidential" or "Highly Confidential" information.

3. For purposes of this Protective Order, the term "Confidential" means information that the designating party deems to constitute confidential research, design, development, personnel, commercial or financial information.

4. For purposes of this Protective Order, the term "Highly Confidential" means information that the designating party deems to constitute or refer or relate to highly sensitive commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil

Procedure that is entitled to a higher level of protection due to its commercial sensitivity, such as, by way of example; (a) trade secrets; (b) information about new services or products that are in the planning stage or that the designating party plans to introduce but that are not yet offered for sale; (c) the designating party's marketing plans for any of its services or products; (d) information concerning the pricing of services or products, sales volumes and advertising expenditures; (e) testing data; and (f) consumer and marketing research and documents that refer or relate thereto (except those conducted specifically for this litigation).

5. "Confidential" or "Highly Confidential" information shall be designated specifically by marking the object and/or each page of a document produced as "Confidential" or "Highly Confidential."

6. A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the Confidential or Highly Confidential information is not reasonably believed to be already in the public domain, and that counsel believes that the information so designated constitutes Confidential or Highly Confidential information as defined in this Order.

7. If during a deposition a Confidential or Highly Confidential document is used then all deposition testimony relating to that document will correspondingly receive a Confidential or Highly Confidential designation. If during a deposition a party or third party believes he or she is asked a question that elicits Confidential or Highly Confidential information, the party or third party will have the opportunity, on the record, to orally designate the information contained in his or her corresponding response as Confidential or Highly Confidential. Any party or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential by notice on the record at the deposition.

8. In addition to designations of confidentiality made during the deposition, within ten business days after receipt of the complete deposition transcript, counsel for any of the parties or the deponent may designate additional portions of the deponent's deposition that qualify as Confidential or Highly Confidential information by page number and line number. Such designation shall be communicated in writing to all parties.

9. A party may designate any documents produced prior to the entry of this Stipulated Order as "Confidential" or "Highly Confidential" and the parties agree to treat such documents as required under the terms of this stipulation until it is entered by the Court. Documents, materials or deposition testimony that are not designated "Confidential" or "Highly Confidential" at the time of their original production may subsequently be designated as "Confidential" or "Highly Confidential" by the disclosing party in a letter to the receiving party that specifically describes each such material, or testimony so designated, and the receiving party shall treat those documents as "Confidential" or "Highly Confidential" as of the date of their designation.

**Permissible Use and Disclosure of Confidential and Highly Confidential Information**

10. All "Confidential" or "Highly Confidential" information produced by any party or non-party in the Litigation may be disclosed only to those persons identified in paragraphs 11 and 12, respectively. Any person obtaining access to Confidential or Highly Confidential information in connection with the Litigation shall use that information only for the purpose of preparing for and conducting the Litigation, and shall not use such Confidential or Highly Confidential information for any other purpose.

11. Documents or materials designated as "Confidential" pursuant to the terms of the Protective Order shall only be disclosed to:

(a) Current employees of the party designating the specific information as Confidential;

(b) Counsel to the parties to the Litigation, including in-house counsel, outside counsel of record, including attorneys at Reed Smith, Warner Norcross & Judd, and Winston & Strawn who have not filed appearances but who are working on this Litigation; and legal assistants, secretaries, staff or agents working with or for counsel in connection with this Litigation to the extent disclosure is reasonably necessary for counsel to render professional services in this Litigation;

(c) Two employees designated by plaintiff with whom business or commercial matters raised by defendant's Confidential information may be addressed; and two employees designated by defendant with whom business or commercial matters raised by plaintiff's Confidential information may be addressed;

(d) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this Litigation, provided they comply with the requirements of paragraph 14 and such outside expert or consultant is a person who (i) is neither an employee of a party nor anticipated to become an employee of a party in the near future; (ii) is engaged by a party as a bona fide expert or consultant for purposes of this litigation; and (iii) has not, in the past seven years, performed any consulting work on behalf of the opposing party;

(e) Any Court reporter or typist recording or transcribing testimony;

(f) Litigation support services, including outside copying services;

(g) Court officials involved in this Litigation; and

(h) Any other person upon which the parties agree in writing.

12. Documents or materials designated as "Highly Confidential" pursuant to the terms of the Protective Order shall only be disclosed to:

(a) Current employees of the party designating the specific information as Highly Confidential;

(b) Outside counsel of record to the Litigation, including attorneys at Reed Smith, Warner Norcross & Judd, and Winston & Strawn who have not filed appearances but who are working on this Litigation; and legal assistants, secretaries, staff or agents working with or for counsel in connection with this Litigation to the extent disclosure is reasonably

necessary for outside counsel to render professional services in this Litigation;

(c) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this Litigation, provided they comply with the requirements of paragraph 14 and such outside expert or consultant is a person who (i) is neither an employee of a party nor anticipated to become an employee of a party in the near future; (ii) is engaged by a party as a bona fide expert or consultant for purposes of this litigation; and (iii) has not, in the past seven years, performed any consulting work on behalf of the opposing party;

(d) Any Court reporter or typist recording or transcribing testimony;

(e) Litigation support services, including outside copying services;

(f) Court officials involved in this Litigation; and

(g) Any other person upon which the parties agree in writing.

13. During or in preparation for a duly noticed deposition, documents or materials designated "Confidential" or "Highly Confidential" may be disclosed to any employee of the party that produced those documents or materials, and to any former employee if the deposing party's counsel has a good faith reason to believe the deponent saw or received the "Confidential" or "Highly Confidential" information while employed by the other party.

**Confidentiality Undertaking**

14. Before any person described in paragraph 11(c), paragraph 11(d), and paragraph 12(c) is given access to "Confidential" or "Highly Confidential" information the individual to whom disclosure is to be made shall first read this Order and execute an agreement substantially in the form attached hereto as Exhibit A. Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.

Copies of such agreements shall be held by counsel of record for the party so disclosing the Confidential or Highly Confidential information. The agreements executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

### Challenges to Designations of Confidentiality

15. If the receiving party objects to any "Confidential" or "Highly Confidential" designation, counsel shall notify counsel for the producing party, in writing, of such objections. Counsel shall confer pursuant to LR37.2 to resolve the matter and, if no agreement is reached, then the receiving party may seek relief from the designation. The burden of proving that any information is Confidential or Highly Confidential shall remain with the party or third party making such designation.

16. Any document or material designated as "Confidential" or "Highly Confidential" to which an objection has been made shall continue to be treated as "Confidential" or "Highly Confidential" within the meaning of this Protective Order unless and until otherwise agreed upon by the party designating the document or material as "Confidential" or "Highly Confidential" or unless and until the Court rules otherwise.

17. The parties shall not be obligated to challenge the propriety of any designation of information as Confidential of Highly Confidential when made, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to have the designation removed or modified.

### Filing Under Seal / Evidentiary Hearings

18. In the event a party seeks to file any Confidential or Highly Confidential information with the Court, the party seeking to file such information shall move to have the

Confidential or Highly Confidential placed under seal. Accordingly, Confidential or Highly Confidential information may not be filed with the Court unless and until the filing party has obtained an order permitting the information to be filed under seal in accordance with <u>Citizens First Nat'l Bank v. Cincinnati Ins. Co.</u>, 178 F.3d 943 (7th Cir. 1999). Where possible, only confidential portions of a filing with the Court may be ordered sealed.

19. Before any party offers another party's designated Confidential or Highly Confidential information into evidence at any evidentiary hearing in the Litigation, such party shall provide the opposing party with notice of the Confidential or Highly Confidential information intended to be offered so as to afford the designating party an opportunity to object to the admission of such information. Confidential and Highly Confidential information shall not be subject to the confidentiality restrictions of this Order once the Court has received it into evidence at a public evidentiary hearing in this Litigation.

### Non-Waiver of Privileges

20. The inadvertent production of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client, work-product protection, or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information as long as the producing party or person promptly after discovery, notifies the other party of the claim of privilege or other protection or immunity. Upon such notice, the other party shall promptly return the original and all copies of the privileged documents or information to the producing party. The return of any documents claimed to be privileged shall not constitute an acknowledgement that the claimed documents or information are in fact privileged or entitled to protections of immunity.

21. Notwithstanding the obligation set forth in paragraph 20 to promptly return a document upon a claim of privilege or other protection or immunity, the returning party shall be entitled to challenge the claim of privilege, protection, or immunity prior to returning the document. When such a challenge is made, counsel shall confer pursuant to LR37.2 to resolve the matter and, if no agreement is reached, then the returning party may seek relief from the claim of privilege, protection, or immunity. The burden of proving that any document is privilege, protected, or otherwise immune from discovery shall remain with the party asserting such a claim.

### Procedure Upon Termination of Litigation

22. At the request of the producing party, within forty-five (45) days after the final disposition or settlement of all claims in this Litigation, all documents and materials designated "Confidential" or "Highly Confidential" (and all copies of such documents or materials or portions thereof) shall be destroyed with a certification that the documents were destroyed, or returned to the person or party producing such documents or materials.

### Other Matters

23. Nothing herein shall be construed to restrict in any manner the use by any party of its own documents or materials, and any information that was lawfully in its possession prior to being designated "Confidential" or "Highly Confidential" in this litigation or was obtained from a third party having the right to disclose such information, and any such use shall not be deemed a waiver of that party's rights under this Protective Order.

24. Any party may apply to this Court at any time, upon proper notice, for a modification of or relief from this Protective Order with respect to the handling or designation of any document or for any other purpose.

25. This Protective Order shall be binding upon any future parties to this litigation.

SO STIPULATED:

LG ELECTRONICS U.S.A., INC.

Dated: 2/4/08

_____
Ronald Y. Rothstein
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
Fax (312) 558-5700

WHIRLPOOL CORPORATION

Dated: 2/4/08

_____
Brian D. Roche
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
Fax (312) 207-6400

Dated: _____

ENTERED: _____
Judge Amy St. Eve
United States District Judge

EXHIBIT A

## ACKNOWLEDGMENT

The undersigned states that s/he has read the Stipulated Protective Order entered by the Court in connection with the action entitled **LG Electronics U.S.A., Inc. v. Whirlpool Corporation**, Case No. 08c242, pending in the United States District Court for the Northern District of Illinois. The undersigned further states that in return for the right to have access to protected information, documents or other materials in this case, s/he agrees to comply with the terms of the Stipulated Protective Order and submits to the personal jurisdiction of the Court for the purpose of enforcement of the Stipulated Protective Order as provided therein.

Signature: _____

Name: _____

Dated: _____

2134143

CHI:2040508.1