# Exhibit

# 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., INC. <br> a subsidiary of LG Electronics, Inc., <br> a Korean company <br><br> Plaintiff, <br><br> v. <br><br> WHIRLPOOL CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:   08 C 242 <br><br> Judge St. Eve <br><br> Magistrate Judge Mason |

**WHIRLPOOL'S RESPONSE TO LG ELECTRONICS U.S.A., INC.'S
SECOND SET OF INTERROGATORIES**

Defendant Whirlpool Corporation ("Whirlpool") hereby responds to LG Electronics U.S.A., Inc.'s ("LG") Second Set of Interrogatories as follows:

**GENERAL RESPONSES AND OBJECTIONS**

Whirlpool's responses to LG's Second Set of Interrogatories are made subject to each of the general responses and objections below, and to such other objections as may be stated in the specific responses to each interrogatory.

1. Whirlpool objects to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege.

2. Whirlpool objects to this discovery as beyond the discovery allowed under the Court's order permitting discovery limited to the preliminary injunction. The parties have agreed to limited and reasonable venue-related discovery. This discovery exceeds the bounds of that agreement based on discussions between counsel for the parties.

3. Whirlpool objects to LG's "Definitions and Instructions" to the extent they impose obligations on Whirlpool beyond what is required by Federal Rule of Civil Procedure 33.

4. Whirlpool objects to LG's definitions of the words "Whirlpool," "Defendant," "You," and "Yours," including the portion of those definitions that includes Whirlpool's "agents . . . or other persons (including, without limitation, attorneys, accountants and advisors) acting or purporting to act on its behalf," as inaccurate and overly broad. The only defendant named in LG's complaint is Whirlpool Corporation. Whirlpool's responses herein are limited to the actual defendant, Whirlpool Corporation.

5. Whirlpool reserves the right to modify, amend, or supplement its General Responses and Objections, any additional specific objections, and any Responses made herein.

## RESPONSES TO INTERROGATORIES

1. Identify and provide the address of every Whirlpool office location, including the office locations of all subsidiaries, parent corporations, joint ventures or any other individual or entity acting in concert or on behalf of you, within the state of Illinois.

**RESPONSE:** Whirlpool objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of relevant information. This interrogatory is not limited to locations that perform or performed work related to the matters at issue in LG's complaint, or to the judicial districts at issue in Whirlpool's motion to transfer venue. Whirlpool further objects to the terms and phrases "office location" and "acting in concert" as vague, undefined and confusing. Subject to and without waiving its objections, Whirlpool states that it maintains one sales office in the Chicago metropolitan area, located at 5401 Trillium Blvd., Suites 115 and 120, Hoffman Estates, IL, 60192, that employs one full-time Whirlpool employee.

2

2.     Identify the amounts of Whirlpool's total sales, on a dollar, unit and percentage basis by month since January 1, 2007: (a) in the United States; (b) in the State of Illinois; and (c) in the State of Michigan.

**RESPONSE:** Whirlpool objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of relevant information. This interrogatory is not limited to sales of the dryer at issue in that complaint, to the relevant time period, nor to the judicial districts at issue in Whirlpool's motion to transfer venue. Whirlpool does not collect or maintain data regarding retail sales or have knowledge in many instances of where the ultimate sale of its products to the consumer may take place. Moreover, such information is irrelevant to the issue of which judicial district is most appropriate for this litigation.[1] Subject to and without waiving its objections, Whirlpool states that out of approximately $10.5 billion in sales in the United States for all its brands and all its products in 2007, approximately 5.6% was sold to trade partners in the state of Illinois and approximately 1.9% was sold to trade partners in the state of Michigan. Trade partners, such as Sears (which is headquartered in Illinois), then sell the products to consumers. Whirlpool does not track where each of those consumer sales ultimately take place or whether a product sold to a trade partner in Illinois is ultimately sold in Illinois.

---

[1] In cases, such as this one, involving nationwide sales, the amount of advertising or sales in one state does not weigh in favor of keeping a case in that district as "there is no reason to believe that any injury that occurred here is any more significant than any injury that occurred in any other district." *S.C. Johnson & Son, Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, *3 (N.D.Ill. July 28, 2005). In addition, no "significant connection" to this district can be established simply because Whirlpool "sells a substantial percentage of [its product] in Illinois." *Greene Mfg. Co. v. Marquette Tool & Die Co.*, No. 97 C 8857, 1998 WL 395155, *2 (N.D.Ill. July 9, 1998) ("[S]ales alone are insufficient to establish a substantial connection to the forum if the defendants' goods are sold in many states.") (citing *Boreal Laser Inc. v. Coherent, Inc.*, 22 U.S.P.Q.2d 1559 (S.D.N.Y. 1992).

3.       Based on the fact that Whirlpool's Benton Harbor, Michigan headquarters is located approximately midway between the Federal Courthouses in Chicago, Illinois and Grand Rapids, Michigan, identify and describe in detail all reasons why it would be less convenient for Whirlpool's witnesses to travel to Chicago than Grand Rapids if their presence was required as a live witness in this case.

**RESPONSE:** Whirlpool objects to the phrase "approximately midway" as vague, undefined and confusing. Subject to and without waiving its objections, Whirlpool states that most of the people identified as likely witnesses in its motion to transfer, are employed at either Whirlpool's corporate headquarters in Benton Harbor, Michigan or its product development center in St. Joseph, Michigan. Internet research shows that both the courthouses for the Western District of Michigan in Grand Rapids and Kalamazoo would be closer for the witnesses, and the courthouse in Kalamazoo would be significantly closer.

|  | **Miles to courthouse in Kalamazoo, MI** | **Miles to courthouse in Grand Rapids, MI** | **Miles to courthouse in Chicago, IL** |
|---|---|---|---|
| Whirlpool corporate headquarters, Benton Harbor, MI | 55 miles | 77.5 miles | 100 miles |
| Whirlpool product development center, St. Joseph, MI | 52.5 miles | 81 miles | 98 miles |

Further, due to traffic congestion and highway construction, it typically takes far longer to drive between those Whirlpool locations and downtown Chicago, than it does to drive the shorter distances to Kalamazoo or Grand Rapids where there is not any material traffic congestion. Indeed, it can easily take twice as long or more to drive to Chicago than to Grand Rapids. Thus, either possible courthouse in the Western District of Michigan would be more convenient for Whirlpool's witnesses – as well as the third party witnesses located in Michigan.

4

Dated: January 31, 2008

        Respectfully submitted,
        WHIRLPOOL CORPORATION, Defendant

By: _____
       Brian D. Roche
       Carey L. Bartell
       Vanessa C. Martí
       REED SMITH LLP
       10 South Wacker Drive, Suite 4000
       Chicago, Illinois 60606
       Telephone: (312) 207-1000

Of counsel:
J. A. Cragwall, Jr.
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, Michigan 49503-2487
Telephone (616) 752-2000

213731

5

## VERIFICATION

I, _Pamela S. Rogers_, am an authorized representative of the Defendant, Whirlpool Corporation, in this action, and I declare under penalty of perjury that that I have read the foregoing **WHIRLPOOL'S RESPONSE TO LG ELECTRONICS U.S.A., INC.'S SECOND SET OF INTERROGATORIES** and that the answers made herein are true, correct and complete to the best of my knowledge, information and belief.

_/s/ Pamela S. Rogers_

Dated: _Jan 31, 2008_