IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC.,  a subsidiary of LG Electronics, Inc., a Korean company,  Plaintiff/Counter-Defendant,  v.  WHIRLPOOL CORPORATION,  Defendant/Counter-Plaintiff. | Civil Action No. 08 C 242  Judge St. Eve  Magistrate Judge Mason |

**PLAINTIFF/COUNTER-DEFENDANT LG ELECTRONICS U.S.A., INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff/Counter-Defendant LG Electronics U.S.A., Inc. ("LG USA"), by its undersigned counsel, Winston & Strawn LLP, hereby answers and asserts affirmative defenses to the counterclaims of Whirlpool Corporation ("Whirlpool") as follows:

**NATURE OF THE ACTION**

1. Whirlpool seeks entry of a preliminary and a permanent injunction and damages for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2, and the Illinois common law of unfair competition.

**Answer:** LG USA admits that Whirlpool purports to bring claims under the statutes and legal provisions cited in Paragraph 1, but denies that it has violated any of those statutes or provisions and denies that Whirlpool is entitled to any relief.

2. This action arises from LG's use of false and misleading marketing and advertising claims regarding several of its appliances, including its Tromm Steam Washer and Tromm Steam Dryer. LG has made such false and misleading claims in national advertising campaigns appearing on television, in print, and on its website with respect to its own products as well as those of Whirlpool.

**Answer:** LG USA denies the allegations made in Paragraph 2.

## THE PARTIES

3.      Whirlpool Corporation is a Delaware corporation with its principal place of business at 2000 M63 N in Benton Harbor, Michigan. Whirlpool manufactures, among other things, residential laundry appliances.

**Answer:** **LG USA admits the allegations made in Paragraph 3.**

4.      LG is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue in Englewood Cliffs, New Jersey. LG is a subsidiary of LG Electronics, Inc., a Korean corporation with its headquarters at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721. LG manufactures, among other things, residential laundry appliances.

**Answer:** **LG USA admits the allegations made in Paragraph 4.**

5.      Whirlpool and LG compete in the manufacture and sale of home appliances, including washers and dryers, in the United States and around the world.

**Answer:** **LG USA admits the allegations made in Paragraph 5.**

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The amount of controversy, exclusive of interests and costs, exceeds $75,000.

**Answer:** **LG USA admits the allegations made in Paragraph 6.**

7.      Venue is proper in the Northern District of Illinois because, while the events giving rise to this claim did not occur in the district, both Whirlpool and LG conduct business in the state of Illinois, and thus are considered to reside in the district pursuant to 28 U.S.C. § 1391. Pursuant to 28 U.S.C. § 1404(a), Whirlpool has moved to transfer LG's original complaint in this matter to the Western District of Michigan as a more convenient and appropriate forum for this dispute.

**Answer:** **LG USA admits that venue is proper in the Northern District of Illinois and admits LG USA and Whirlpool conduct business in the state of Illinois. LG USA denies the remaining allegations made in Paragraph 7.**

## FACTUAL ALLEGATIONS

*The Duet® Steam Washer and Steam Dryer*

8.  One of Whirlpool's newest products is a clothes dryer called the Duet® Steam Dryer. The Duet® Steam Dryer uses an innovative steam technology to remove odors, relax wrinkles, and refresh dry clothes without the need to run the clothes through a full wash and dry cycle. Steam is formed when the dryer injects a nebulized mist of water into the heated dryer drum.

**Answer:** **LG USA admits the first sentence of Paragraph 8, but denies the remaining allegations made in Paragraph 8.**

9.  In October 2007, Whirlpool introduced the Duet® Steam Dryer to stores nationwide, following an earlier limited release.

**Answer:** **Upon information and belief, LG USA admits the allegations made in Paragraph 9.**

10. The Duet® Steam Dryer is the matching dryer to Whirlpool's Duet® Steam Washer, previously introduced by Whirlpool.

**Answer:** **LG USA denies the allegations made in Paragraph 10 as ambiguous.**

11. Consumer Reports, an expert, independent nonprofit organization whose mission is "to work for a fair, just, and safe marketplace for all consumers and to empower consumers to protect themselves," has reviewed both the Duet® Steam Washer and the Duet® Steam Dryer in its publication and awarded both machines an overall rating of "excellent." Consumer Reports first noted Whirlpool's claim that the Duet® Steam Washer's steam mode boosted stain removal and concluded that the steam setting was "better at removing stains—the LG's, less so." Consumer Report also examined Whirlpool's claim that the Duet® Steam Dryer's steam setting reduced wrinkles, noting: "We also tested the steam settings of Kenmore's and Whirlpool's matching dryers. Both use a water hookup and heat to get rid of wrinkles and odors, and they mostly did so with the shirts we tested." (The Consumer Reports article is attached as Exhibit 1.)

**Answer:** **LG USA admits that Whirlpool purports to quote Consumer Reports in Paragraph 11, but that it has done so inaccurately and out of context.  LG USA denies any remaining allegations made in Paragraph 11.**

*The Tromm Steam Washer and Tromm Steam Dryer*

12. LG manufactures a competitive clothes dryer known as the Tromm Steam Dryer. LG launched the Tromm Steam Dryer in the United States in the final week of December 2007 on a limited basis and introduced the product nationwide in January 2008.

**Answer:** **LG USA admits the allegations made in Paragraph 12.**

3

13. Like the Duet® Steam Dryer, the Tromm Steam Dryer uses steam to help release wrinkles and reduce odors in clothes. Unlike the Duet® Steam Dryer, the Tromm Steam Dryer uses a boiler tank for heating water to 100 degrees Celsius to create steam. The Tromm Steam Dryer has a MSRP that is more than the Duet® Steam Dryer.

**Answer:** **LG USA admits the allegations made in Paragraph 13, except that it denies the phrase "Like the Duet® Steam Dryer."**

14. LG also manufactures a matching competitive washer known as the Tromm Steam Washer which also offers steam as a feature of its wash cycle.

**Answer:** **LG USA admits the allegations made in Paragraph 14.**

15. LG advertises and markets its products through various media, including, but not limited to, television, the Internet, print and packaging.

**Answer:** **LG USA admits the allegations made in Paragraph 15.**

16. As set forth below, LG has made express and implied claims that its Tromm Steam Dryer is superior to Whirlpool's competing and first-to-market Duet® Steam Dryer. LG's false and misleading advertising is designed to mislead consumers into believing that of the two dryers, only LG's uses steam; that LG was the first to have a dryer using steam; and that LG's dryer uses steam while Whirlpool, according to LG, uses only a mist of water.

**Answer:** **LG USA denies the allegations made in Paragraph 16.**

17. LG has implemented its false advertising campaign with at least the following false and misleading claims:

1. that the LG Tromm Steam Dryer "offers unmatched functionality in freshening clothes compared to other dryers on the market";

2. that the SteamFreshTM Cycle on the Tromm Steam Dryer is "steam only" and reduces wrinkles and freshens dry clothes without the use of water;

3. that the Tromm Steam Dryer and Steam Washer offer consumers "the first and only complete steam laundry care option" and that it has "pioneered the first steam washer and dryer."

**Answer:** **LG USA denies the allegations made in Paragraph 17.**

4

18.     LG makes false and misleading claims in its advertising as to the steam functionality in its Tromm Steam Washer. LG falsely claims on its website and elsewhere that the Tromm Steam Washer has a StreamFreshTM cycle that allows dirty clothes to be removed from the washer in a clean and ready-to-wear condition after just twenty minutes. In fact, the SteamFreshTM cycle takes at least 20 minutes and clothes are damp at the end of the cycle so that a consumer must wait at least another 10 minutes, as acknowledged in the owner's manual of the LG Tromm Steam Washer, before clothes are ready to wear. Moreover, a television commercial commonly referred to as the "Dirty City" commercial misrepresents the speed and efficiency of the Tromm Steam Washer, by showing that its SteamFreshTM cycle performs in a manner that is faster and more convenient that it actually is, communicating to a consumer that the SteamFreshTM cycle takes merely a matter of minutes and that, upon completion of that cycle, clothes are in a ready to wear condition.

**Answer:**     **LG USA denies the allegations made in Paragraph 18.**

*Irreparable Injury to Whirlpool*

19.     LG's claims, noted above, are explicitly and demonstrably false and misleading:

1.  LG's Tromm Steam Dryer does not offer unmatched functionality in freshening clothes. Testing shows that both LG's and Whirlpool's steam dryers offer similar results in freshening clothes.

2.  The Tromm Steam Dryer injects liquid water into the dryer drum when operating in its SteamFreshTM Cycle thus making false LG's express and implied claim that its product freshens clothes without the use of water and implying that it is superior to the Duet® Steam Dryer because of LG's claim that the Tromm Steam Dryer uses "steam only" and "real steam".

3.  The Tromm Steam Washer and Tromm Steam Dryer did not offer consumers "the first and only complete steam laundry care option." The Whirlpool Duet® Steam Washer and Duet® Steam Dryer offer a complete steam care option and were the industry's first steam laundry pair.

4.  LG's SteamFreshTM cycle does not produce ready-to-wear clothes in "just twenty minutes." In fact, once the clothes complete the SteamFreshTM cycle, which

5

takes at least twenty minutes, the clothes must be allowed to dry for at least 10-20 additional minutes before they are dry and ready to be worn. Unlike the Tromm Steam Washer, the Duet® Steam Dryer refreshes clothes quickly - within approximately fifteen minutes.

**Answer:** **LG USA denies the allegations made in Paragraph 19.**

20. On information and belief, LG is well aware that its marketing materials contain false or misleading statements such as those described above. LG nonetheless makes these false claims because its rival, Whirlpool, has a competing steam washer and steam dryer pair, which Whirlpool introduced before LG and at what LG claims is a lower price than its own product. LG's actions constitute a knowing attempt by LG to misappropriate Whirlpool's potential customers.

**Answer:** **LG USA denies the allegations made in Paragraph 20.**

21. LG's false and misleading statements regarding its products are harmful to fair competition and are causing and will cause Whirlpool to suffer irreparable injury in the form of decreased consumer confidence, sales, profits, reputation, and goodwill. Whirlpool will also be forced to spend significant advertising money of its own to counteract the inaccuracies in LG's advertising. The irreparable injury LG is causing and will continue cause to Whirlpool is especially potent since LG and Whirlpool are direct competitors in the sale of washers and dryers in the United States.

**Answer:** **LG USA denies the allegations made in Paragraph 21.**

## COUNT I

## LANHAM ACT

22. Whirlpool incorporates paragraphs 1 through 21 herein by reference.

**Answer:** **LG USA reasserts and incorporates by reference its answers to Paragraphs 1 through 21 of the Complaint as if fully stated herein.**

23. Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), prohibits, among other things, any "false or misleading description of fact, or false or misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities . . . of . . . goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

6

**Answer:** Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, LG USA refers to 15 U.S.C. § 1125(a)(1)(B) for a complete and accurate statement of its terms, and denies any remaining allegations made in Paragraph 23.

24. LG's expressly false advertising claims, as described above, constitute false and misleading descriptions of fact and false and misleading representations of fact in interstate commercial advertising and promotion, which materially misrepresent the performance capabilities of the Tromm Steam Dryer and Tromm Steam Washer in violation of Section 43(a) of the Lanham Act.

**Answer:** **LG USA denies the allegations made in Paragraph 24.**

25. LG's expressly false and misleading advertising and statements about its products actually deceive or are likely to deceive a substantial segment of consumers. On information and belief, LG's misrepresentations are willful and intentional, made with deceptive intent, making this an exceptional case.

**Answer:** **LG USA denies the allegations made in Paragraph 25.**

26. LG's false and misleading advertising and statements about its products are material to consumers' purchasing decisions.

**Answer:** **LG USA denies the allegations made in Paragraph 26.**

27. Whirlpool has suffered and will continue to suffer lost sales and profits as a result of LG's false and misleading advertisements and statements about its products. In addition to monetary harm, LG's statements have caused and will continue to cause Whirlpool to suffer the irreparable harm of loss of consumer confidence, reputation, and good will, for which there is no adequate remedy at law.

**Answer:** **LG USA denies the allegations made in Paragraph 27.**

## COUNT II

### ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

28. Whirlpool incorporates paragraphs 1 through 21 herein by reference.

**Answer:** **LG USA reasserts and incorporates by reference its answers to Paragraphs 1 through 21 of the Complaint as if fully stated herein.**

29.     LG's expressly false advertising claims, as described above, constitute unfair methods of competition and unfair and deceptive acts and practices. On information and belief, LG's misrepresentations are willful and intentional, made with deceptive intent, making this an exceptional case.

**Answer:       LG USA denies the allegations made in Paragraph 29.**

30.     LG intended consumers to rely on its deceptive statements to induce them to purchase LG's products.

**Answer:       LG USA denies the allegations made in Paragraph 30.**

31.     LG's deceptive statements occurred in the course of conduct involving trade or commerce and in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

**Answer:       LG USA denies the allegations made in Paragraph 31.**

32.     Whirlpool has suffered and will continue to suffer lost sales and profits as a result of LG's false and misleading advertisements and statements about its products. In addition to monetary harm, LG's statements have caused and will continue to cause Whirlpool to suffer the irreparable harm of loss of consumer confidence, reputation, and good will for which there is no adequate remedy at law.

**Answer:       LG USA denies the allegations made in Paragraph 32.**

## COUNT III

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

33.     Whirlpool incorporates paragraphs 1 through 21 herein by reference.

**Answer:       LG USA reasserts and incorporates by reference its answers to Paragraphs 1 through 21 of the Complaint as if fully stated herein.**

34.     LG's false advertising claims are made with the intent, purpose, and effect of disparaging Whirlpool's products and business by false or misleading representations of fact; advertising products with an intent not to sell them as advertised; and otherwise creating a likelihood of confusion or misunderstanding. On information and belief, LG's misrepresentations are willful and intentional, made with deceptive intent, making this an exceptional case.

**Answer:       LG USA denies the allegations made in Paragraph 34.**

35.     LG's conduct complained of herein constitutes the willful engagement in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

**Answer:       LG USA denies the allegations made in Paragraph 35.**

36.     Whirlpool has suffered and will continue to suffer lost sales and profits as a result of LG's false and misleading advertisements and statements about its products. In addition to monetary harm, LG's statements have caused and will continue to cause Whirlpool to suffer the irreparable harm of loss of consumer confidence, reputation, and good will for which there is no adequate remedy at law.

**Answer:       LG USA denies the allegations made in Paragraph 36.**

## COUNT IV

### COMMON LAW OF UNFAIR COMPETITION

37.     Whirlpool incorporates paragraphs 1 through 21 herein by reference.

**Answer:       LG USA reasserts and incorporates by reference its answers to Paragraphs 1 through 21 of the Complaint as if fully stated herein.**

38.     LG's expressly false advertising claims as described herein constitute false and misleading descriptions of fact and false and misleading representations of fact in commercial advertising and promotion, which misrepresent the performance capabilities of its products and those of Whirlpool, in violation of the common law of the State of Illinois.

**Answer:       LG USA denies the allegations made in Paragraph 38.**

39.     LG's unfair competition is willful and intentional, with deceptive intent.

**Answer:       LG USA denies the allegations made in Paragraph 39.**

40.     LG's conduct is in willful and wanton disregard of Whirlpool's valuable rights and property and of the law and practices of advertising. By such conduct, LG knowingly seeks to misappropriate Whirlpool's valued customers and to injure and tarnish Whirlpool's valuable goodwill and reputation.

**Answer:       LG USA denies the allegations made in Paragraph 40.**

41.     Whirlpool has suffered and will continue to suffer lost sales and profits as a result of LG's false and misleading advertisements and statements about its products. In addition to monetary harm, LG's statements have caused and will continue to cause Whirlpool to suffer the irreparable harm of loss of consumer confidence, reputation, and good will for which there is no adequate remedy at law.

**Answer:       LG USA denies the allegations made in Paragraph 41.**

## **AFFIRMATIVE DEFENSES**

As for affirmative defenses, and without conceding that it has the burden of proof or persuasion with respect to any such defenses, LG USA asserts as follows:

1. Whirlpool's Counterclaim and each cause of action set forth therein fails to state a claim upon which relief may be granted.

2. Whirlpool's Counterclaim and each cause of action set forth therein are barred because Whirlpool cannot demonstrate any likelihood that the public will be confused or misled as to the nature or performance of the Tromm® Steam Dryer or Tromm® Steam Washer.

3. Whirlpool's Counterclaim and each cause of action set forth therein are barred by the equitable doctrines of waiver, laches, estoppel, bad faith, unclean hands, or similar legal or equitable doctrines.

4. LG USA at all times acted in good faith in its advertising and marketing of the Tromm® Steam Dryer and Tromm® Steam Washer.

5. Whirlpool's Counterclaim and each cause of action set forth therein are barred because Whirlpool failed to mitigate its damages.

Dated:  February 27, 2008  Respectfully submitted,

**LG ELECTRONICS U.S.A., INC.**


By: /s/Ronald Y. Rothstein
       One of its attorneys

Ronald Y. Rothstein – rrothstein@winston.com
David A. Latchana – dlatchana@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

*Counsel for LG Electronics U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Plaintiff/Counter-Defendant LG Electronics U.S.A., Inc.'s Answer and Affirmative Defenses** has been served on the following counsel of record via the Court's electronic filing system this 27th day of February, 2008.

> Brian D. Roche – broche@reedsmith.com
> Carey L. Bartell – cbartell@reedsmith.com
> Vanessa C. Martí – vmarti@reedsmith.com
> REED SMITH LLP
> 10 South Wacker Drive, Suite 4000
> Chicago, Illinois 60606
>
>
> /s/Ronald Y. Rothstein
> One of LG USA's Attorneys