# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 3/19/2008 |
| **CASE TITLE** | LG Electronics USA, Inc. Vs. Whirlpool | | |

**DOCKET ENTRY TEXT**

MOTION by Defendant Whirlpool Corporation to transfer case pursuant to 28 U.S.C. Sec. 1404(a) [25] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Defendant Whirlpool Corporation has moved to transfer venue to the Western District of Michigan pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a); *see also First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, *1-2 (N.D. Ill. July 21, 2004) ("Under Section 1404(a), the Court may transfer a case if the moving party demonstrates the following: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice."). In analyzing whether transfer furthers the interests of justice a court may consider (1) a plaintiff's choice of forum, (2) the situs of the material events, and (3) the relative ease of access to sources of proof. The movant has the burden of establishing that "the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A district court maintains broad discretion in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a). *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648 (7th Cir. 1998); *Coffey*, 796 F.2d at 219 ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge").

Having fully considered the parties' (substantial) briefing on this issue, the Court, in its discretion, concludes that Defendant has failed to meets its burden. Defendant's corporate headquarters are located in Benton Harbor, Michigan – a location that is approximately 100 miles from this courthouse and 78 miles from Grand Rapids, Michigan where the United States District Court for the Western District of Michigan is primarily located. (*See* R. 73-1, Pl.'s Opp. at 1 (further asserting that Whirlpool's product development center is even closer to Chicago than the corporate headquarters).) A difference of 22 miles is not much of a difference, and it is certainly not one warranting transfer over Plaintiff's preferred choice of forum. *See*

**STATEMENT**

*Carrols Corp. v. Cain Restaurant Co.,* 2007 WL 2782049, *4 (E.D. Mich. Sept. 24, 2007) (declining to transfer venue where the requested forum was a "mere[] one hundred and eighty (180) miles away from the locale of this courthouse"); *Bay County Democratic Party v. Land*, 340 F. Supp. 2d 802, 809 (E.D. Mich. 2004) ("Lansing is located approximately 100 miles from Bay City in an adjacent federal judicial district. Courts generally have found such a distance negligible as a basis for a discretionary venue change." (citing authorities)); *see also Aland v. Kempthorne*, No. 07 C 4358, 2007 WL 4365340, *2(N.D. Ill. Dec. 11, 2007) (noting that plaintiff's choice of forum is entitled to preference) (Zagel, J.).  Defendant's motion is denied.