IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., <br> a subsidiary of LG Electronics, Inc., <br> a Korean company <br><br> Plaintiff, <br><br> v. <br><br> WHIRLPOOL CORPORATION, <br><br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08-cv-242 <br> ) <br> ) <br> ) JURY DEMAND <br> ) <br> ) |

**PLAINTIFF LG ELECTRONICS U.S.A., INC.'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff LG ELECTRONICS U.S.A., INC. ("LG USA"), by its undersigned counsel Winston & Strawn LLP, respectfully submits this Motion for Leave to File a First Amended Complaint against Whirlpool Corporation ("Whirlpool"). LG USA's Proposed First Amended Complaint is attached as Exhibit A to the motion.

**I.  INTRODUCTION**

This action arises from Whirlpool's practices of false advertising and unfair competition in interstate commerce, whose marketing and advertising claims are explicitly false and misleading and imply a false message regarding its Duet® Steam Dryer and its Maytag® Bravos™ Steam Dryer.

The nature of this case has changed over the course of the present lawsuit. At the time LG USA filed its Complaint on January 10, 2008, Whirlpool had not yet launched a new dryer in the United States called the Maytag® Bravos™ Steam Dryer. Whirlpool launched the

Maytag® Bravos™ Steam Dryer in the early part of 2008, after the Complaint was filed against Whirlpool regarding the Duet® Steam Dryer.  Because Whirlpool makes the same misleading advertising claims in relation to the Bravos™ Steam Dryer as it does for the Duet® Steam Dryer, LG USA hereby seeks to amend its Complaint to include both products.  Rule 15's liberal standard for amending the pleadings is easily satisfied here, where LG USA's request promptly follows the occurrence of the circumstances justifying the amendment.  Furthermore, discovery is in its early stages and now is the appropriate time to add the Bravos™ Steam Dryer to this similar litigation.  There is no prejudice to Whirlpool resulting from granting leave to amend, especially since both products are manufactured by Whirlpool and compete directly with LG USA's Steam Dryer.  For these reasons, leave to amend should be granted.

## II.     FACTUAL BACKGROUND

This action arises from Whirlpool's practices of false advertising and unfair competition via marketing and advertising claims that are explicitly false and misleading and imply a false message regarding its Duet® Steam Dryer and its Maytag® Bravos™ Steam Dryer.  Whirlpool's marketing and advertising campaigns appear nationally on television, in print, and on websites, www.whirlpool.com and www.maytag.com.

In October 2007, Whirlpool launched its Duet® Steam Dryer in the United States.  At approximately the same time, Whirlpool began an advertising campaign in every market nationwide and online in which Whirlpool makes false and misleading claims that its Duet® Steam Dryer creates or infuses clothes with steam to remove wrinkles, touch-up clothing, and remove odors from clothing.

On January 10, 2008, LG USA filed its Complaint with this Court against Whirlpool regarding its Duet® Steam Dryer.  At the time, LG USA was not aware of the development or

impending launch of the Maytag® Bravos™ Steam Dryer. Whirlpool did not inform LG USA or the Court that it would soon be launching a product nearly identical to the Duet® Steam Dryer, albeit under the Maytag label.

During the early part of 2008, Maytag launched a new dryer in the United States called the Maytag® Bravos™ Steam Dryer. About this same time, Maytag began a national advertising campaign in which Whirlpool makes false and misleading claims that the Maytag® Bravos™ Steam Dryer introduces steam into the dryer to relax wrinkles, remove odors and refresh clothing and household fabrics.

Similar to the Duet® Steam Dryer, the Maytag® Bravos™ Steam Dryer is a machine which, by its name and national advertising, purports to be capable of producing steam and the many attributes and benefits of steam. Whirlpool has been advertising its Maytag® Bravos™ Steam dryer in print, television, and online advertising.

Whirlpool's advertisements for the Maytag® Bravos™ Steam Dryer and the Duet® Steam Dryer are false and misleading because these machines do not actually create or infuse clothing with steam to remove wrinkles and odors and are likely to deceive consumers. Whether or not a dryer utilizes steam to relax wrinkles, remove odors and refresh clothing and household fabrics is a material issue to consumers interested in purchasing a dryer.

Neither the Duet® Steam Dryer nor the Maytag® Bravos™ Steam Dryer create or infuse clothing with steam. Instead, these dryers inject cold water into a warm dryer tumbler. This cold water that is injected into the dryer tumbler is not steam and does not ever become steam.

The words and images in Whirlpool's advertisements regarding its Duet® Steam Dryer and the Maytag® Bravos™ Steam Dryer convey the false message that these dryers actually

create or infuse clothing with steam. These false and misleading advertisements are likely to deceive consumers to whom the advertisements are directed.

## III.　ARGUMENT

### A.　Leave To Amend Is Liberally Granted.

Under Rule 15, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The mandate to freely permit amendments "is to be heeded." *Foman v. Davis*, 371 U.S. 178 (1962).

Rule 15's liberal standard for amendment "has as its purpose 'to enable a party to assert matters that were overlooked or *were unknown* at the time he interposed the original complaint or answer.'" *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, 875 F. Supp. 485, 488 (N.D. Ill. 1995) (emphasis added), *quoting* 6 Charles Wright, et al., *Federal Practice & Procedure: Civil 2d* § 1473 at 520 (2d ed. 1990). Because the launch of the Maytag® Bravos™ Steam Dryer did not occur until after LG USA had filed its Complaint, and Whirlpool never informed LG USA that it had plans to launch the similar dryer, LG USA had no way of knowing that it should include the product in its Complaint. The causes of action regarding the Maytag® Bravos™ Steam Dryer did not exist at the time of the original complaint, and were thus "unknown." LG USA's request for amendment therefore presents precisely the situation Rule 15 was intended to address.

In general, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Under *Foman*, a motion for leave to amend should be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on

4

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Id.*; *see also Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 698, 2007 WL 1029089, at *7 (N.D. Ill. March 29, 2007) (repeating *Foman* criteria). None of the bases for denying amendment recognized by *Foman* is present in this case.

### B. Whirlpool Cannot Claim Prejudice Or Surprise By LG USA's Amending Its Complaint To Include Whirlpool's Own Similar Dryer.

As the Seventh Circuit has explained, "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). Neither disadvantage – unfair surprise or prejudice – fairly could be claimed by Whirlpool here, as the fact of Whirlpool's launch of the Maytag® Bravos™ Steam Dryer "surprise[d]" and "prejudice[d]" only LG USA. *Id.* That LG USA now seeks to challenge Whirlpool's false advertising related to the Maytag® Bravos™ Steam Dryer (in the same way as it did for the Duet® Steam Dryer) is in no way unexpected – especially in light of LG USA's vigorous pursuit of its preliminary injunction related to the Duet® Steam Dryer.

Furthermore, LG USA is asserting the exact same claims against Whirlpool in relation to its Maytag® Bravos™ Steam Dryer as it did for Whirlpool's Duet® Steam Dryer.[1] "Where the facts on which a previously unasserted claim is based are all known or available to all parties, no prejudice exists." *In re Olympia Brewing Co. Sec. Litig.*, 674 F. Supp. 597, 606 (N.D.

---

[1] This situation therefore is easily distinguished from those amendments that "change the entire orientation of the case," *see, e.g., McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 368 (N.D. Ill. 1986) (amendment denied where it would convert simple contract action into "tort action with high stakes"), or are sought to avoid an unfavorable legal ruling, *see*, *e.g.*, *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625-26 (7th Cir. 1987) (amendment denied where plaintiff "fail[ed] to adequately explain the unreasonable delay in moving to amend his complaint . . . when all of the information necessary to stating [the new] claim ha[d] been available to him for

5

Ill.1987); *see also Boyd v. Illinois State Police*, No. 98 C 8348, 2001 WL 726988, at *3 (N.D. Ill. June 28, 2001) (continuity in underlying allegations allows "less room for surprise on the part of defendants").  Thus, Whirlpool should not be heard to claim any "prejudice" based an amendment that *it* invited by launching a similar dryer with similar false advertising, after the filing of LG USA's Complaint and failing to inform LG USA of the existence of this similar dryer.

Further, "the mere necessity of new discovery does not rise to the level of undue prejudice," *American Broad. Co. v. Maljack Prods., Inc.*, No. 97 C 6510, 1998 WL 325209, at *3 (N.D. Ill. June 9, 1998), and neither delay nor duplication provide a basis for prejudice in this case.  The parties are in the early stages of discovery and are in the midst of propounding and responding to discovery requests and reviewing and producing documents.  No depositions have yet been taken.  And much of the discovery in relation to the Maytag® Bravos™ Steam Dryer will be identical to that related to Whirlpool's Duet® Steam Dryer. The subject matter is sufficiently narrow that this discovery may be obtained on a timetable that maintains the current trial date. *See*, *e.g.*, *Don Webster Co., Inc. v. Indiana W. Exp., Inc.*, No. IP 99-1611-C-B/S, 2001 WL 378894, at *2 (S.D. Incd. Apr. 9, 2001) (no undue prejudice where only "minimal discovery should be necessary to defend against the new claim since the allegations contained therein pertain primarily to [non-moving party's] own knowledge and intentions").

There is a strong preference to adjudicate disputes on their merits.  "Only where the prejudice outweighs the moving party's right to have the case decided on the merits should the amendments be prohibited." *Stephenson v. Hartford Life Ins. & Annuity*, No. 02 C 3917, 2006 WL 2349931, at *9 (N.D. Ill. August 9, 2006) (*citing McCann*, 109 F.R.D. at 365).  In this

---

eighteen months," and court thus concluded that amendment "represents an apparent attempt to avoid the effect of summary judgment [on his other claims]").

6

situation, where LG USA did not have the knowledge necessary to bring claims against Whirlpool for the false advertising related to the Maytag® Bravos™ Steam Dryer until after it had filed its Complaint, LG USA's right under Rule 15 to have each of its claims decided on its merits far exceeds any speculative "prejudice" Whirlpool may assert. *See Arroyo v. Henderson*, No. 98 C 0443, 1999 WL 446700, at *2 (N.D. Ill. June 23, 1999) (*quoting* Wright, et al., *supra*, at 505-506, (describing Rule 15's "purpose [as] provid[ing] maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities")); *Gregg Commc'ns Sys., Inc. v. Am. Tel. and Tel. Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983) (Rule 15's "liberal policy . . . is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations"). Granting LG USA's motion for leave to amend comports with the established spirit and policy of Rule 15 "respecting amendments to pleadings so that cases may be decided on the merits . . . ." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).

**C.  LG USA Has Not Delayed In Seeking Leave To Amend Its Complaint.**

LG USA had no indication of Whirlpool's launch earlier than when Maytag launched its new dryer and began advertising it in early 2008, and thus Whirlpool cannot claim any "delay" stemming from before that date. No degree of diligence on LG USA's part could have foreseen Whirlpool's unanticipated launch of a similar dryer under a different brand and model. Thus, under no circumstances could LG USA have amended its pleadings any earlier than *after* it learned of Whirlpool's launch in early 2008.

The four-month period since then hardly can be characterized as an "undue delay" that would justify denying amendment of LG USA's pleading. *See, e.g., Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (eight-month delay following district court's

7

"invitation to refile [the] complaint" insufficient basis to deny leave to amend); *Wilson v. Electro Marine Sys., Inc.*, No. 83 C 5863, 1985 WL 5074, at *1 (N.D. Ill. Dec. 20, 1985) (leave to amend granted twenty-seven months after filing of original complaint and after discovery had closed; court found no undue prejudice from delay).  This short delay allowed LG USA to conduct an investigation into its claims and into the advertising related to the Maytag® Bravos™ Steam Dryer.  Upon determining that the advertising for the Maytag® Bravos™ Steam Dryer was false and misleading to consumers, LG USA immediately laid plans to file its Amended Complaint.  "Where the claim was previously unknown or could not have been added earlier, courts are more likely to find excusable delay."  *Hollinger Intern., Inc. v. Hollinger Inc.*,  No. 04C698, 2007 WL 1029089, at *2 (N.D. Ill.  Mar. 29, 2007).

Now is the perfect time for the parties to conduct this discovery, given that the parties are in the beginning stages of discovery related to the Duet® Steam Dryer  and can propound and respond to similar requests related to the Maytag® Bravos™ Steam Dryer.

Even assuming *arguendo* that these four months, during which LG USA litigated its entitlement to preliminary injunctive relief, could somehow be cast as delay, "delay by itself is normally an insufficient reason to deny a motion to amend."  *Dubicz*, 377 F.3d at 793, *citing Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *see also Serfercz v. Jewell Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *3 (N.D. Ill. Sept. 2, 1997) (delay not a basis to deny motion to amend unless amendment would "inordinately impede [Defendant's] efforts to prepare a defense or would unjustifiably prolong the litigation").  Delay "must be coupled with some other reason" – most often, prejudice to the non-moving party – before the timing of a request to amend can support its denial.  *Dubicz*, 377 F.3d at 793.  As explained above, Whirlpool will not

be prejudiced by LG USA's proposed amendment, which would allow the parties to conduct all necessary discovery prior to trial.

> **D.     Neither Futility Nor Past Amendments Provide A Basis On Which To Deny LG USA's Request.**

LG USA could not have requested leave to amend its Complaint prior to Maytag® Bravos™ Steam Dryer's market entry and LG USA's awareness of the existence of the Maytag steam dryer, so amendment cannot be denied on the basis that LG USA should have included the pertinent allegations in the original Complaint. *See Foman*, 371 U.S. at 182 (acknowledging that "repeated failure to cure deficiencies by amendments previously allowed" can be a reason for denying further amendment of the pleadings). This is the first time LG USA is seeking leave to amend its Complaint. Because LG USA has no past amendments and has no record of "failure to cure deficiencies," LG USA should be allowed to amend its Complaint.

And, LG USA's addition of the Maytag® Bravos™ Steam Dryer to its claims against Whirlpool are not futile. "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss," *Stephenson*, 2006 WL 2349931, at *13. There is no indication that LG USA's claims against Whirlpool for either the Duet® Steam Dryer or the Maytag® Bravos™ Steam Dryer would not survive a motion to dismiss. Thus, neither futility nor abuse of past amendments provides a reason in this case to deny leave to amend.

WHEREFORE, for the reasons set forth above, LG USA respectfully requests that the Court grant its Motion for Leave to File a First Amended Complaint Against Whirlpool.

Dated:  May 12, 2008                              Respectfully submitted,

                                                  **LG ELECTRONICS U.S.A., INC.**


                                                  By:   /s/ Eric Broxterman_____
                                                              One of its attorneys

                                                  Ronald Y. Rothstein – rrothstein@winston.com
                                                  Larry Desideri – ldesideri@winston.com
                                                  Eric Broxterman – ebroxterman@winston.com
                                                  WINSTON & STRAWN LLP
                                                  35 West Wacker Drive
                                                  Chicago, Illinois  60601
                                                  (312) 558-5600 – telephone
                                                  (312) 558-5700 – facsimile

                                                  *Counsel for LG Electronics U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record via email and First Class Mail this 12th day of May, 2008.

        Brian D. Roche – broche@reedsmith.com
        Carey L. Bartell – cbartell@reedsmith.com
        Vanessa C. Martí – vmarti@reedsmith.com

        REED SMITH LLP
        Attn: Brian D. Roche
        10 South Wacker Drive, Suite 4000
        Chicago, Illinois 60606


         /s/ Eric Broxterman\_\_\_\_\_
        One of LG USA's Attorneys