IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., ) | |
| ) | |
| *Plaintiff and Counter-defendant*, ) | |
| ) | Case No. 08 C 242 |
| v. ) | |
| ) | Honorable Amy J. St. Eve |
| WHIRLPOOL CORPORATION, ) | |
| ) | |
| *Defendant and Counter-plaintiff.* ) | |

**WHIRLPOOL'S RESPONSE TO LG ELECTRONICS'
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

LG Electronics U.S.A Inc.'s proposed First Amended Complaint is not what LG represents it to be. In its Motion for Leave to File a First Amended Complaint, LG says that it simply wants to assert "the exact same claims" in relation to another Whirlpool product – the Maytag® Bravos™ Steam Dryer. (Mot. at 5.) If that were the case, Whirlpool would not object.

Instead, the opposite is true. The unexplained and undisclosed contrast between the amendments LG identifies in its Motion and the *actual* amendments in its First Amended Complaint is striking. A red-lined comparison of LG's original Complaint to its First Amended Complaint reveals that LG now seeks to assert an entirely new theory of *implied* falsity and eliminate or materially change the theory of *literal* falsity that led to this Court's preliminary injunction ruling.

Since LG filed this case in January, Whirlpool has been defending a case that LG now appears to abandon in its new complaint and replace with a new theory. In its Motion, LG does not identify or explain these material changes, spending its time instead trying to convince the Court that nothing has changed except the addition of the Bravos™ Steam Dryer to the case. As

explained below, it is too late for the new case LG has smuggled into its proposed amended complaint.  Accordingly, LG's Motion should be denied.

## I. LG'S PROPOSED AMENDED COMPLAINT IS SUBSTANTIALLY DIFFERENT THAN ITS INITIAL COMPLAINT

### A. LG Initially Asserted and Litigated a Single Theory of Literal Falsity Against Whirlpool.

"The false statement necessary to establish a Lanham Act violation generally falls into one of two categories:  (1) commercial claims that are literally false as a factual matter; or (2) claims that may be literally true or ambiguous, but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers."  *See Republic Tobacco, L.P. v. North Atl. Trading Co.*, 254 F. Supp. 2d 985, 1002 (N.D. Ill. 2002) (quoting *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999)); (Mar. 19, 2008 Opinion ("Op."), at 3.).

Since filing this case in January, LG has asserted only one theory of false advertising – literal falsity.  (*See*, *e.g.*, Compl. ¶¶ 3, 11-15, 28, 36-40; PI Mem. at 2, 8, 10.)  Indeed, LG *specifically disclaimed* that it was pursuing a theory of implied falsity which would require a showing that consumers were actually or likely to be deceived by Whirlpool's advertising.  (*See*, *e.g.*, PI Mem. at 10 ("[W]hile [Whirlpool] argues [in its response to LG's cease and desist letter] that consumer perception is relevant to determining the falsity of its claims …, well-established precedent of the 7th Circuit dictates otherwise, holding that '[w]hen the statement in question is actually false, the plaintiff need not show that the statement either actually deceived customers or was likely to do so.'"); PI Reply at 19-20 (in a section of its preliminary injunction reply brief entitled "LG USA Need Not Demonstrate Consumer Confusion," LG states "Whirlpool's advertising claims are literally false under the Lanham Act, obviating the need for LG USA to demonstrate that consumers were actually or likely deceived by the claims."); *see also* Op. at 3.)

There is no question that LG chose to allege and pursue only a theory of literal falsity. Until now.

        **B.    LG's Amended Complaint Alleges a New Theory of Implied Falsity.**

Contrary to LG's representation in its Motion, LG's new complaint does not simply reassert the exact same claim of literal falsity with respect to the Maytag® Bravos™ Steam Dryer. LG instead asserts a brand new theory of unfair competition *with respect to the advertising for both steam dryers*, alleging that Whirlpool's advertising claims are *impliedly* false and therefore likely to deceive consumers. The red-lined comparison of LG's original Complaint to its proposed amended complaint shows how LG's theory of the case has materially changed. (*See* Exhibit A.)

*First*, while leaving in some references to the term "explicit falsity", LG has deleted that phrase entirely from its recitation of the elements of each and every Count asserted in the proposed amended complaint. (*See* Ex. A at ¶¶ 40-42, 44-45, 49-51, 53.)[1] LG has also deleted the phrase from other paragraphs in the proposed amended complaint. (*Id.* ¶¶ 3, 4, 35, 37, 38.)

*Second*, LG adds brand new allegations of consumer deception, a required element of an implied falsity theory of unfair competition. (*Id.* ¶¶ 15, 24, 34, 46.)

*Third*, in its prayer for relief, LG asks the Court to order Whirlpool "to publish corrective advertising to dispel the false, deceptive, *or impliedly false* impressions created by its advertising." (*Id.*, Prayer for Relief ¶ D (emphasis added).) The phrase "impliedly false" did not appear in the initial complaint. Despite these material changes in its core legal theory, LG makes no mention of them in its Motion.

---

[1] Cites to the attached redline are to the new paragraphs (in blue), unless otherwise indicated.

## II.    ARGUMENT

The decision to grant or deny a motion to amend pleadings is within this Court's discretion. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Although Rule 15 is to be liberally construed, courts should deny such motions if they are brought with "undue delay, bad faith or dilatory motive on the part of the movant", or they would result in "undue prejudice to the opposing party by virtue of allowance of the amendment." *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman,* 371 U.S. at 182). The Court should deny LG's Motion to Amend because LG misrepresents the substance of its late-filed amendments, and because the actual amendments, if allowed, would unduly prejudice Whirlpool.

### A.    LG's Failure to Pursue a Theory of Implied Falsity Until Now Constitutes Undue Delay.

LG argues that there is no undue delay because its proposed amendments only add a new product that it could not have included in the original complaint. (Mot. at 7.) If that were the case, Whirlpool would not object. But, as shown above, LG's proposed complaint is actually a Trojan Horse, smuggling in new allegations apparently designed to change the entire theory of the case. The real question is whether LG's undue delay in bringing its undisclosed and newly pled claim of implied falsity will, if allowed, unduly prejudice Whirlpool. Whirlpool has expended significant time and resources defending a case of literal falsity; not LG's new case – previously disclaimed – of implied falsity. This fact, coupled with the proximity to the close of discovery and LG's failure in its motion to identify and explain the delay in filing its new theory, warrant denial of LG's Motion.

#### 1.    LG could have asserted its "implied falsity" theory at the outset of the case.

"Leave to amend a pleading may be properly denied if the moving party knew the facts on which the claims sought to be added were based at the time the original pleading was filed

and there is no excuse for his failure to plead them." *Pabst Brewing Co., v. Corrao*, 176 F.R.D. 552, 558-59 (E.D.Wis. 1997) *aff'd*, 161 F.3d 434 (7th Cir. 1998) (citations omitted) (denying leave to amend pleadings because of party's "inexcusable and unexplained delay" of ten months after party knew from court's denial of preliminary injunction motion that claims had little chance of succeeding); *see Deasy v. Hill*, 833 F.2d 38, 40-42 (4th Cir. 1987) ("[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule.") (quoting Wright & Miller, *Federal Practice and Procedure* § 1488 (1971)).  Though delay in itself may not suffice for denying such a motion, "the longer the delay, the greater the presumption against granting leave to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194-95 (7th Cir. 1992) (citations and internal quotations omitted).  And "[t]he burden to the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party." *Id.* (district court did not abuse discretion in denying plaintiff's motion to amend complaint where even if defendants would not be prejudiced, "resolution of this case would have been delayed").

Here, there is no reason LG could not have asserted its new implied falsity claim in its initial complaint.  As for the Duet® Steam Dryer, LG does not assert any new advertising by Whirlpool that warrants a brand new theory of implied falsity.  To the contrary, LG attaches to its proposed amended complaint the same advertising LG attached to the complaint filed in January.  LG's delay supports a denial of its Motion.  *See*, *e.g.*, *Deasy*, 833 F.2d at 40-42 (undue delay where plaintiff sought to amend three months after gaining new information).

### 2. LG waited until shortly before the close of discovery to assert an implied falsity theory for the first time.

The proximity to the close of discovery likewise counsels against granting the amendment. While LG characterizes its amendment as only four months from filing its original complaint (Mot. at 7), the fact is the parties have a short discovery schedule and LG waited to seek leave to amend until a mere two and a half months before the close of discovery. This is a separate and independent reason warranting denial of LG's motion. *See Ferguson*, 11 F.3d at 706-07 (affirming district court's denial of motion to amend because of "'seemingly dilatory nature'" of plaintiff's delay in adding new claim, one month before close of discovery, that arose out of the same transaction as the initial claims); *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, Nos. 00 C 2855, 00 C 5831, 2002 WL 1303137, at *2-3 (N.D. Ill. June 13, 2002) (plaintiff unduly delayed by seeking to amend complaint six weeks before scheduled end to fact discovery); *Naiditch v. Banque De Gestion Privee-Sib*, No. 92 C 5290, 1994 WL 592073, at *3-4 (N.D. Ill. Oct. 28, 1994) (denying motion to amend for undue delay where plaintiff sought to significantly change nature of contract claims one week before discovery cut-off date).

### 3. LG offers no explanation for the delay.

LG's failure in its Motion to identify its new implied falsity claim and offer any explanation for the delay in asserting the claim further justifies denial of its Motion. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, No. 00 C 5658, 2001 WL 477162, at *4 (N.D. Ill. May 3, 2001) (plaintiff could not add counts absent explanation why they were not included in original complaint filed seven months earlier). "Denial of a motion to amend is particularly warranted if the movant does not explain the reason for the delay and the amendment would cause further delay in the litigation and prejudice to the non-movant."

*SmithKline Beecham Corp.*, 2002 WL 1303137, at *2-3 (citations and internal quotations omitted).

To the extent LG's amendment stems from the Court's ruling denying its preliminary injunction motion (and this Court's finding that LG did not establish a likelihood of success that Whirlpool's claim that the Duet® uses "steam" was literally false), denial is appropriate. *Pabst Brewing*, 176 F.R.D. at 558-59.[2]

### B. Allowing LG to Assert a Brand New Theory of Implied Falsity Would Be Unduly Prejudicial to Whirlpool.

LG argues that Whirlpool will not be prejudiced by the assertion of "the exact same claims against Whirlpool in relation to its Maytag® Bravos™ Steam Dryer as it did for Whirlpool's Duet® Steam Dryer." (Mot. at 5.) But the issue is actually whether LG's assertion of an entirely new legal theory is unduly prejudicial. This burden is LG's to carry. *SmithKline Beecham Corp.*, 2002 WL 1303137, at *3 (citing *King v. Cooke,* 26 F.3d 720, 723 (7th Cir. 1994)). Because LG has not attempted to make this required showing, it has not met its burden. In addition, there is substantial prejudice as a result of LG's apparent decision to abandon or materially change the theory that the parties have spent months litigating and on which this Court issued its preliminary injunction opinion.

---

[2] Indeed, its apparent new theory aside, LG fails to explain why it has waited until two and a half months from the close of discovery to add the Maytag® Bravos™ Steam Dryer to this lawsuit, when LG alleges that Maytag® launched a national advertising campaign in which Whirlpool made the alleged false statements "[d]uring the early part of 2008[.]" (Am. Compl. ¶ 4.) LG's "no delay" argument is really a "no prejudice" argument. *See* Mot. at 8 ("Now is the perfect time for the parties to conduct this discovery, given that the parties are in the beginning stages of discovery related to the Duet® Steam Dryer and can propound and respond to similar requests related to the Maytag® Bravos™ Steam Dryer.") That said, if LG were pursuing its theory of *literal* falsity with respect to the Maytag® Bravos™ Steam Dryer – as set forth in its original complaint and as it purports to do in its Motion – Whirlpool would not object to that amendment.

### 1. An "implied falsity" theory is substantially different from LG's original theory of "literally falsity."

Courts repeatedly deny motions to amend where the amendment "constitutes an entirely new theory of the case, requiring a new defensive strategy, and is not merely a change in the allegations of the complaint." *SmithKline Beecham Corp.*, 2002 WL 1303137, at *3; *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001) (district court did not abuse discretion in denying motion where new claim "fundamentally altered the proceeding and could have been asserted earlier"); *Deasy*, 833 F.2d at 40-42 (leave to add a new theory that "alter[s] substantially the nature of the lawsuit" should be denied because "[b]elated claims which change the character of litigation are not favored").

Here, as the Court recognized in its opinion denying LG's preliminary injunction motion, there is a fundamental difference in the proof required for literally false claims vs. claims that are literally true or ambiguous, but convey a false impression. (Op. at 2.) Indeed, when a plaintiff asserts that an advertising claim is literally false, "then the plaintiff need not show that the statement either actually deceived consumers or was likely to do so." *See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971-72 (7th Cir. 1999). Conversely, "where the statement is literally true or ambiguous, then the plaintiff is obliged to prove that the statement is misleading in context, as demonstrated by actual consumer confusion." (citations and internal quotations omitted) *Id.* Proof of consumer confusion is a fundamental difference between these two theories of actionable false advertising and typically requires survey evidence, which can take several months to acquire.

LG defined this case as about the alleged literal falsity of Whirlpool's advertising, particularly, whether the Duet® Steam Dryer in fact uses "steam", as defined by LG in its original complaint and its expert's declarations submitted in the PI proceedings. Indeed,

- 8 -

Whirlpool's defensive strategy has been developed to address LG's crystal clear allegations that the Duet® did not use "steam" as defined in its complaint: spending significant time and money responding to LG's initial document requests, rebutting LG's experts' opinions and its legal arguments in the PI proceedings, all of which were based on a theory of literal falsity that LG apparently now seeks to abandon or materially alter. LG's new theory of implied falsity will require Whirlpool to respond to evidence that it expects LG will proffer of alleged actual consumer confusion (none of which LG has yet produced). This shift alone constitutes undue prejudice to Whirlpool. But the fact that LG *specifically disclaimed* that it was pursuing a claim of implied falsity (requiring proof of consumer confusion) from the inception of this lawsuit and throughout the hard-fought preliminary injunction proceedings further warrants denial of LG's motion. *See Fujisawa Pharm. Co.,. v. Kapoor*, 165 F.R.D. 79, 80-81 (N.D. Ill. 1996) (denying motion where plaintiff previously disavowed its new claim and discovery to defend against claim would address "fundamentally different" issues than prior discovery).

### 2.  LG's purported new implied falsity theory requires substantial new discovery.

Contrary to LG's assertion that "[t]he parties are in the early stages of discovery" (Mot. at 6), the parties are well into discovery and indeed, the deadline – August 1, 2008 – is quickly approaching. The addition of an implied falsity theory would require substantial additional discovery on the issue of, among other things, actual consumer confusion. Such confusion typically is demonstrated (and rebutted) through the use of consumer surveys, *First Health Group Corp. v. United Payors & United Providers, Inc.*, 95 F. Supp. 2d 845, 848 (N.D. Ill. 2000), *aff'd,* 269 F.3d 800 (7th Cir. 2001) which can take months to conduct, and are expensive. Additional fact discovery regarding consumer perception and confusion, causation and damages attributable to this new theory likewise will have to be conducted. Courts have denied leave to

- 9 -

amend in similar circumstances. In *McCann v. Frank B. Hall & Co.,* 109 F.R.D. 363, 366-68 (N.D. Ill. 1986), for example, the court rejected the plaintiff's attempt to "shrug off the amount of additional discovery necessitated by the amended complaint . . . just because the tort theories involve similar claims that have already been raised as contract claims." *See also Ferguson*, 11 F.3d at 706-07 (district court did not abuse discretion in denying motion one month before close of discovery to add "new complex and serious charges" that required additional discovery); *Kind v. Gonzales*, No. 05 C 0793, 2006 WL 1519579, at *6-7 (N.D.Ill. May 30, 2006) (amendment caused undue prejudice with respect to certain claims where it required substantial additional written and oral discovery, extension of the fact discovery deadline by months, and delayed and expanded scope of expert discovery); *Fidelity Nat. Title Ins. Co. of New York*, 2001 WL 477162, at *4 (plaintiff could not add new counts to complaint seven months after filing original complaint where change would require "defendants to conduct additional discovery and incur substantial costs at a stage when fact discovery should be approaching completion and expert discovery is approaching").[3]

### C. Denial Is Further Warranted Because LG Failed to Explain the True Scope of Its Amendments in Its Motion.

Finally, LG's proposed amendments to its original complaint go well beyond simply adding another product to its complaint, which is all that LG claimed it was doing in its Motion. (Mot. at 2 ("Because Whirlpool makes the same misleading advertising claims in relation to the Bravos™ Steam Dryer as it does for the Duet® Steam Dryer, LG USA hereby seeks to amend its Complaint to include both products."); *id.* at 5 (LG "seeks to challenge Whirlpool's false

---

[3] This is not the first time LG has changed its theories and arguments mid-stream. As this Court noted in its opinion denying LG's preliminary injunction motion, LG and its experts shifted their literal falsity arguments in LG's reply brief and supporting declarations. (*See* Op. at 3-5 and n.2.)

- 10 -

advertising related to the Maytag® Bravos™ Steam Dryer (in the same way as it did for the Duet® Steam Dryer) ...."); *id.* ("LG USA is asserting the exact same claims against Whirlpool in relation to its Maytag® Bravos™ Steam Dryer as it did for Whirlpool's Duet® Steam Dryer.").

To the extent LG in fact seeks to pursue brand new theories through its amendment, LG's lack of candor in its Motion is another factor the Court may consider in deciding LG's Motion. *See Orgler Homes, Inc. v. Chicago Reg'l of Carpenters*, No. 06 C 50097, 2007 WL 1035154, at *4 (N.D. Ill. Apr. 3, 2007) (denying motion without prejudice where changes described in motion did not pose undue prejudice, in contrast to the proposed amended complaint attached to the motion).

## III. CONCLUSION

Whirlpool respectfully requests that the Court deny LG's Motion.

Dated:  May 20, 2008

                                                                  WHIRLPOOL CORPORATION, Defendant

                                                                  By: /s/*Brian D. Roche*
                                                                       Brian D. Roche
                                                                       Jennifer Yule DePriest
                                                                       Vanessa Martí Heftman
                                                                       REED SMITH LLP
                                                                       10 South Wacker Drive, Suite 4000
                                                                       Chicago, Illinois 60606
                                                                       Telephone: (312) 207-1000

                                                                       J. A. Cragwall, Jr.
                                                                       John J. Bursch
                                                                       Warner Norcross & Judd LLP
                                                                       900 Fifth Third Center
                                                                       111 Lyon Street NW
                                                                       Grand Rapids, Michigan 49503-2487
                                                                       Telephone (616) 752-2000

#2180161

## CERTIFICATE OF SERVICE

I, Vanessa Martí Heftman, an attorney, hereby certify that on May 20, 2008 I filed WHIRLPOOL'S RESPONSE TO LG ELECTRONICS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

> Ronald Y. Rothstein
> rrothstein@winston.com
> Bryna Joyce Roth Dahlin
> bdahlin@winston.com
> David Alexander Latchana
> dlatchana@winston.com
> Shannon Leigh Stevens
> sstevens@winston.com
> Eric L. Broxterman
> ebroxterman@winston.com
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL  60601

I hereby also certify that I mailed WHIRLPOOL'S RESPONSE TO LG ELECTRONICS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT to the following via overnight mail on this 20th day of May, 2008:

> Mary M. Hutchings
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL  60601

*/s/ Vanessa Martí Heftman*