## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 5/22/2008 |
| **CASE TITLE** | LG Electronics vs. Whirlpool | | |

**DOCKET ENTRY TEXT**

MOTION by Plaintiff LG Electronics U.S.A., Inc. for leave to file A FIRST AMENDED COMPLAINT [106] is granted.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

     On May 15, 2008, Plaintiff LG Electronics U.S.A., Inc. moved for leave to file a first amended complaint. ®. 106-1, Pl.'s Motion.)  Plaintiff contends that leave is appropriate because, since the filing of the original complaint, Defendant Whirlpool Corporation has launched a new steam dryer (the Maytag Bravos Steam Dryer) that Defendant markets using the same advertising claims already at issue in this case. (*Id.* at 1-2.)  Defendant opposes the Motion, claiming prejudice and undue delay because the new complaint adds a new theory of liability – implied falsity under Section 43(a) of the Lanham Act – too close to the end of discovery.  (R. 110-1, Def.'s Resp. at 4-10.)  Defendant does not object to adding claims regarding the Maytag Bravos Steam Dryer as long as Plaintiff is limited to pursuing a literal falsity theory. (*Id.* at 4 ("LG argues that there is no undue delay because its proposed amendments only add a new product that it could not have included in the original complaint.  If that were the case, Whirlpool would not object.  But . . . LG's proposed complaint is actually a Trojan Horse, smuggling in new allegations apparently designed to change the entire theory of the case.").)

     Leave to amend is to be freely given, Fed. R. Civ. P. 15(a)(2), and the Court has ample discretion in determining whether leave is appropriate.  *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004) ("The district court's decision to grant or deny a motion for leave to file an amended pleading is 'a matter purely within the sound discretion of the district court'" (quoting *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991)).  Considering the posture of this case, leave is appropriate here.  The case is less than six months old, discovery is ongoing, and there is a substantial overlap between the issues first raised in the Complaint and those asserted in the proposed amendment.  If good cause is shown, the Court will entertain a motion to extend the discovery deadline by a reasonable period of time.