**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LG ELECTRONICS U.S.A., INC.,**  a subsidiary of LG Electronics, Inc., a Korean company,<br><br>  **Plaintiff,**<br><br>  v.<br><br>**WHIRLPOOL CORPORATION,**<br><br>  **Defendants.** | Civil Action No. 08-cv-242<br><br>JURY DEMAND |

**FIRST AMENDED COMPLAINT**

Plaintiff LG ELECTRONICS U.S.A., INC. ("LG USA"), by its undersigned counsel Winston & Strawn LLP, for its First Amended Complaint against WHIRLPOOL CORPORATION ("Whirlpool" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action seeking both a permanent injunction and damages for false advertising and unfair competition for the violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and the Illinois common law of unfair competition.

2. This action arises from Whirlpool's practices of false advertising and unfair competition in interstate commerce, whose marketing and advertising claims are explicitly false and misleading and imply a false message regarding its Duet® Steam Dryer and its Maytag®

Bravos™ Steam Dryer. Whirlpool's marketing and advertising campaigns appear nationally on television, in print, and on websites, www.whirlpool.com and www.maytag.com. Whirlpool's website advertisements are attached as Exhibit 1 and Maytag's website advertisements are attached as Exhibit 2.

3. In October 2007, Whirlpool launched its Duet® Steam Dryer in the United States. At approximately the same time, Whirlpool began an advertising campaign in every market nationwide and online in which Whirlpool makes false and misleading claims that its Duet® Steam Dryer creates or infuses clothes with steam to remove wrinkles, touch-up clothing, and remove odors from clothing.

4. During the early part of 2008, Maytag launched a new dryer in the United States called the Maytag® Bravos™ Steam Dryer. About this same time, Maytag began a national advertising campaign in which Whirlpool makes false and misleading claims that the Maytag® Bravos™ Steam Dryer introduces steam into the dryer to relax wrinkles, remove odors and refresh clothing and household fabrics.

## THE PARTIES

5. Plaintiff LG USA has its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632. LG USA is a sales subsidiary of LG Electronics, Inc. ("LG"), a Korean corporation with its headquarters at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu Seoul, Korea 150-721. LG USA has an office at 2000 Millbrook Drive, Lincolnshire, Illinois, 60069, which has approximately 200 employees and provides technical support for all LG products. LG is a global leader of consumer electronics, home appliances, and mobile communications. LG employs more than 82,000 people and has 81 subsidiaries around the world. LG home appliance products are sold in the United States through LG USA.

6. Defendant Whirlpool is a publicly held corporation organized and existing under the laws of the state of Delaware. Whirlpool's principal place of business is 2000 North M-63, Benton Harbor, Michigan, 49022-2692. Whirlpool manufactures and markets home appliances and related products, including laundry appliances, refrigerators, and dishwashers. Whirlpool's brand names include Whirlpool, Maytag, KitchenAid, Roper, Estate, Admiral, Speed Queen, Bauknecht, Ignis, Laden, Algor and Fides.

7. The Whirlpool Corporation and the Maytag Corporation signed a definitive merger agreement on or about August 22, 2005. The Whirlpool Corporation completed its merger of the Maytag Corporation on or about March 31, 2006.

8. LG USA and Whirlpool are direct competitors in the home appliance industry, including direct competitors in the washer and dryer segment. LG USA's and Whirlpool's washer and dryers are sold in the same channels of commerce, and the same retail outlets and stores, in every state.

## JURISDICTION AND VENUE

9. Whirlpool has engaged in the transaction of business and committed the acts complained of herein in interstate commerce and in the Northern District of Illinois. Jurisdiction is based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b). Venue is proper in this district under 28 U.S.C. § 1391(b) as the case in controversy arose in this judicial district. Venue is also proper in this district because Whirlpool is deemed to reside in Illinois pursuant to 28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

A.   General Background

10.   The Duet® Steam Dryer is a machine which, by its name and national advertising, purports to be capable of producing steam and the many attributes and benefits of steam.

11.   Whirlpool claims that the Duet® Steam Dryer infuses clothing "with steam" to refresh, steam out wrinkles, and deodorize.

12.   Whirlpool has been advertising the alleged steam attribute of its new dryer in print, television, and online advertising.

13.   The Maytag® Bravos™ Steam Dryer is a machine which, by its name and national advertising, purports to be capable of producing steam and the many attributes and benefits of steam.  Advertisements for this dryer provide that the new Maytag® Bravos™ top-loading, laundry pair introduces steam into the dryer to relax wrinkles, remove odors and refresh clothing and household fabrics.

14.   Whirlpool has been advertising its Maytag® Bravos™ Steam dryer in print, television, and online advertising.

15.   Whirlpool's advertisements for the Maytag® Bravos™ Steam Dryer and the Duet® Steam Dryer are false and misleading because these machines do not actually create or infuse clothing with steam to remove wrinkles and odors and are likely to deceive consumers.

16.   Whether or not a dryer utilizes steam to relax wrinkles, remove odors and refresh clothing and household fabrics is a material issue to consumers interested in purchasing a dryer.

B.     Whirlpool's Advertisements

17.    At or about the time of the Duet® Steam Dryer launch, Whirlpool placed on its website information regarding the Duet® Steam Dryer. The Duet advertisements are easily accessible via Whirlpool's webpage www.whirlpool.com, and are also attached as Exhibit 1.

18.    One Duet advertisement states: "Naturally steam out wrinkles and odors with the touch of a button. The new Duet® Steam Dryer features two cycles - Enhanced Touch-Up and Quick Refresh - that infuse clothing with steam to refresh and dewrinkle."

19.    Further, a pop-up Duet advertisement titled "The pure power of steam" states "Nothing beats the power of steam to get rid of wrinkles. The Duet® Steam Dryer naturally steams out wrinkles in just minutes, while removing any lingering odors."

20.    The www.whirlpool.com website also contains a feature video titled "Duet® Steam Fabric Care System." This video states that the Duet® Steam Dryer:

      i.     "naturally steams away tough stains;"

      ii.    "steams out tough wrinkles and odors;" and

      iii.   uses "the pure power of steam."

21.    The website video further asks "How does the addition of steam work to enhance cleaning performance?" In response, the video states that the Duet® Steam Dryer:

      i.     provides the "unique benefits of steam;" and

      ii.    provides a setting of "20 minutes of steam and tumbling."

22.    The website video states that "The Whirlpool Duet® Steam laundry pair, is a whole new way to care for your clothes from start to finish, with the pure power of steam. Just another laundry innovation from Whirlpool."

23. The name "Duet® Steam Dryer" and statements in the Duet advertisements are explicitly false and misleading because they explicitly state that the Duet® Steam Dryer creates and infuses clothing with steam when it does not.

24. The Duet advertisements also imply a false message that the Duet® Steam Dryer creates or infuses clothing with steam when it does not.

25. At or about the time of the Maytag® Bravos™ Steam Dryer launch, Whirlpool placed on its website information regarding the Maytag® Bravos™ Steam Dryer. The Bravos advertisements are easily accessible via Maytag's webpage www.maytag.com, and are also attached as Exhibit 2.

26. The www.maytag.com website for the Maytag® Bravos™ Steam Dryer states that "[t]his Bravos dryer features steam enhanced cycles that relax wrinkles and remove odors from dry clothing."

27. The website further shows a demo movie. During the movie, the Bravos advertisement reads "Release wrinkles and odor with the power of steam".

28. The movie demo further reads: "Refresh a few items or rejuvenate a full load with two separate steam cycles."

29. The name "Maytag® Bravos™ Steam Dryer" and statements in the Bravos advertisements are explicitly false and misleading because they explicitly state that the Maytag® Bravos™ Steam Dryer creates or infuses clothes with steam when it does not.

30. The Bravos advertisements also imply a false message that the Maytag® Bravos™ Steam Dryer creates or infuses clothing with steam when it does not.

31. Whirlpool's claims that its dryers produce "steam" and possess the many attributes and benefits of "steam" are false and misleading performance claims. Whirlpool's

6

cold water mist system can not replicate the benefits of steam because real steam is more energy efficient since less water and energy is used.

32. By Whirlpool's own admissions, the LG USA's steam dryers are more efficient than Whirlpool's Duet® Steam Dryer.

33. Neither the Duet® Steam Dryer nor the Maytag® Bravos™ Steam Dryer create or infuse clothing with steam. Instead, these dryers inject cold water into a warm dryer tumbler. This cold water that is injected into the dryer tumbler is not steam and does not ever become steam. Because steam is not produced, Whirlpool's advertisements that claim the benefits of steam are also false and misleading.

34. The words and images in Whirlpool's advertisements regarding its Duet® Steam Dryer and the Maytag® Bravos™ Steam Dryer convey the false message that these dryers actually create or infuse clothing with steam. These false and misleading advertisements are likely to deceive consumers to whom the advertisements are directed.

C.     Irreparable Injury to LG USA

35. Whirlpool's use of the word "steam" to describe its Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer is false and misleading because these dryers do not create or infuse clothes with steam. Whirlpool's actions constitute a knowing attempt by Whirlpool to misappropriate LG USA's potential customers.

36. Whirlpool's use of the word "steam" in the naming and advertising of its Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer is causing and will continue to cause LG USA to suffer irreparable injury to its goodwill and reputation, for which LG USA has no adequate remedy at law.

37. Whirlpool's name and advertisements that it utilizes "steam" in its Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer diminishes LG USA's goodwill in utilizing steam technology. LG USA is currently selling three steam dryers that are available in 3 models: electric, gas, and stainless steel. LG USA's steam dryers utilize a steam generator that costs more to manufacture and LG USA, consequently, must sell its steam dryers at a higher price point than the Duet® Steam Dryer and the Maytag® Bravos™ Steam Dryer. Whirlpool's naming and advertising of the Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer is harmful to competition because these dryers do not utilize steam, and will divert sales from LG USA to Whirlpools' products, even though only LG USA's products create and infuse clothing with steam. The irreparable injury caused by these actions is especially potent since LG USA and Whirlpool are direct competitors in the sale of washers and dryers nationally.

38. LG USA believes that it will lose sales of its Steam Dryers as a direct result of the false and misleading claims made by Whirlpool in naming and advertising its product as a steam dryer. LG USA will now be forced to expend monies to counteract the inaccuracies in Whirlpool's advertising and explain why it is not utilizing steam.

## COUNT I

## LANHAM ACT

39. LG USA repeats and realleges the allegations set forth in paragraphs 1 through 38 of this complaint.

40. Whirlpool's false advertising claims as described above constitute false and misleading descriptions of fact in interstate commercial advertising and promotion, which materially misrepresent the performance capabilities of its Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Whirlpool's false and misleading advertising claims are willful and intentional, with deceptive intent, making this an exceptional case.

42. Whirlpools' false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

## COUNT II

## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. LG USA repeats and realleges the allegations set forth in paragraphs 1 through 38 of this complaint.

44. Whirlpool's false advertising claims as described above constitute unfair methods of competition and unfair and deceptive acts and practices, including, but not limited to the use and employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression and omission of material facts, with intent that others rely upon the concealment, suppression and omission of such material facts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

45. Whirlpool's false and misleading claims are willful and intentional, with deceptive intent, making this an exceptional case.

46. The words and images in Whirlpool's advertisements regarding its Duet® Steam Dryer and the Maytag® Bravos™ Steam Dryer conveys the false and misleading message that these dryers actually create or infuse clothing with steam. These false and misleading advertisements are likely to deceive consumers to whom the advertisements are directed.

9

47. Whirlpool's false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

## COUNT III

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

48. LG USA repeats and realleges the allegations set forth in paragraphs 1 through 38 of this complaint.

49. Whirlpool's false advertising claims as described above represent deceptive trade practices in that Whirlpool: falsely represents that the Duet® Steam Dryer and the Maytag® Bravos™ Steam Dryer utilize steam; false represents characteristics and benefits that its steam dryers do not have; falsely represents that the Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer are of a particular quality or grade, when in fact they are another; disparages the goods of another by false and misleading representations of fact; conveys a false message that the dryers in fact create or infuse clothes with steam; and otherwise engages in conduct which creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

50. Whirlpool's false and misleading claims are willful and intentional, with deceptive intent, making this an exceptional case.

51. Whirlpool's false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to LG USA's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

LG USA has no adequate remedy at law.

## COUNT IV

## ILLINOIS COMMON LAW OF UNFAIR COMPETITION

52.　　LG USA repeats and realleges the allegations set forth in paragraphs 1 through 38 of this complaint.

53.　　Whirlpool's advertising claims as described above constitute false and misleading descriptions and misrepresentation of fact in commercial advertising and promotion, which misrepresent the performance capabilities of its Duet® Steam Dryer and Maytag® Bravos™ Steam Dryer, in violation the common law of the State of Illinois.

54.　　Whirlpool's unfair competition is willful and intentional, with deceptive intent.

55.　　Whirlpool's conduct is in willful and wanton disregard of LG USA's valuable rights and property and of the law and practices of advertising.  By such conduct, Whirlpool knowingly seeks to misappropriate LG USA's valued customers and to injure and tarnish LG USA's valuable goodwill reputation.

## PRAYER FOR RELIEF

WHEREFORE, LG USA respectfully requests that this Court enter judgment:

A.　　Declaring that Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Illinois common law of unfair competition;

B.　　Permanently enjoin Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees and attorneys, and those persons in active concert or participation with it from using, airing, disseminating or causing to be used, aired, or disseminated, the name "Duet® Steam Dryer" and "Maytag® Bravos™ Steam Dryer" and any advertisements explicitly stating

that the Duet® Steam Dryer or the Maytag® Bravos™ Steam Dryer creates or infuses clothes with steam;

   C. Permanently enjoin Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees and attorneys, and those persons in active concert or participation with it from stating or conveying, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, that Duet® Steam Dryer or the Maytag® Bravos™ Steam Dryer create or infuse clothes with steam;

   D. Ordering Defendant to publish corrective advertising to dispel the false, deceptive, or impliedly false impressions created by its advertising;

   E. Ordering Defendant to pay LG USA Defendant's profits, any damages sustained by LG USA, trebled, and costs of the action caused by Defendant's false descriptions and misrepresentations;

   F. Ordering Defendant to pay LG USA its damages, both compensatory and statutory, and up to three times as much by reason of Defendant's false and deceptive advertising and unfair competition;

   G. Granting LG USA its costs and disbursements in this action, including reasonable attorneys' fees and expert fees;

   H. Granting LG USA such other and further relief identified under 35 U.S.C. §§ 1116, 1117 or 815 ILCS 510/3 that the Court deems reasonable; and

   I. Granting LG USA such other and further relief as this Court may deem just.

Dated:  May 28, 2008    Respectfully submitted,

**LG ELECTRONICS U.S.A., INC.**


By:   /s/ Eric Broxterman_____
           One of its attorneys

Ronald Y. Rothstein – rrothstein@winston.com
Larry Desideri – ldesideri@winston.com
Eric Broxterman – ebroxterman@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile

*Counsel for LG Electronics U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following counsel of record via email and First Class Mail this 28th day of May, 2008.

>Brian D. Roche – broche@reedsmith.com
>Jennifer DePriest – jdepreist@reedsmith.com
>Vanessa C. Martí – vmarti@reedsmith.com
>
>REED SMITH LLP
>Attn: Brian D. Roche
>10 South Wacker Drive, Suite 4000
>Chicago, Illinois 60606
>
>  /s/ Eric Broxterman_____
>One of LG USA's Attorneys