IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., )<br>)<br>*Plaintiff and Counter-defendant*, )<br>)<br>v. )<br>)<br>WHIRLPOOL CORPORATION, )<br>)<br>*Defendant and Counter-plaintiff*. ) | Case No. 08 C 242<br><br>Honorable Amy J. St. Eve<br><br>Magistrate Judge Mason |

**WHIRLPOOL CORPORATION'S MOTION TO BAR**
**UNTIMELY SECOND EXPERT REPORT OF ANTHONY M. JACOBI**

Whirlpool Corporation ("Whirlpool") hereby moves the Court to bar plaintiff LG Electronics U.S.A., Inc. ("LG") from introducing at trial the opinions of Dr. Anthony Jacobi set forth in the untimely "addendum" he submitted more than one month late and on a new issue.

This is a false advertising case in which LG asserts that Whirlpool falsely advertises its dryers as "steam" dryers. LG's claim is that Whirlpool's dryers do not actually create or use steam, and that issue has been the focus of an extensive amount of fact and expert discovery. Dr. Jacobi is LG's purported technical expert regarding steam. On January 30, 2009, LG submitted the "Expert Report of Anthony M. Jacobi" in which Dr. Jacobi gives various opinions about the Whirlpool steam dryer. January 30, 2009 was the Court's deadline for submitting expert reports on claims on which a party has the burden of proof. On March 4, 2009, nearly five weeks after the Court's deadline, LG served what it styled an "addendum" to Dr. Jacobi's report, but which in reality is a new 73 page report in which he asserts a new opinion based on testing he began months ago on a new issue – the energy usage of the parties' steam dryers. This report from LG was submitted on the day after Whirlpool submitted its technical expert's rebuttal report. Given the untimeliness of Dr. Jacobi's report and the prejudice to Whirlpool at this late stage of the

litigation, Whirlpool requests that the Court bar the opinions set forth in Dr. Jacobi's "addendum".

### A.  Dr. Jacobi's New "Addendum" Report Should Be Barred Because It Is Untimely Under This Court's Scheduling Order.

According to this Court's scheduling order, expert reports on issues on which a party bears the burden of proof were due on January 30, 2009. (*See* Docket Entry No. 134.) On that date, LG served a report from its expert, Dr. Jacobi, in which he opined that Whirlpool's steam dryers do not create steam under certain definitions. That report, which, with its several exhibits, ran to 169 pages, made no reference to the energy use issue. A copy of Dr. Jacobi's report (without supporting attachments) is attached hereto as Exhibit A. On March 4, 2009 – nearly five weeks later, and *after* Whirlpool submitted its technical expert's rebuttal report – LG served the additional Jacobi report, styled an "Addendum" to his original report. In reality, the report is not an addendum at all; rather, it is a brand new report containing opinions on a new topic. LG apparently believes this report is necessary to support its affirmative case that Whirlpool's use of the word steam in its advertising is allegedly false. A copy of Dr. Jacobi's Addendum is attached hereto as Exhibit B.

Notwithstanding the untimeliness of this report, LG has made no effort to justify its late report. In fact, LG's counsel did not inform Whirlpool's counsel that its expert was continuing to do testing – testing that it had begun at least as early as January 2009 – and that it intended to submit an additional report. Nor did LG seek leave of Court to file an expert report a month after the Court's deadline. Instead, LG waited until the day *after* Whirlpool served its rebuttal to Dr. Jacobi's initial report to serve Dr. Jacobi's second report. As a result, Whirlpool's expert completed his analysis and rebuttal report – only to learn the next afternoon that LG was inserting a host of new technical issues into the case through Dr. Jacobi's second report.

- 2 -

Similarly, Dr. Jacobi provides no explanation for why his addendum report could not be completed until five weeks after his initial report. Dr. Jacobi does not explain how long it took for him to perform his energy experiment or why he needed an additional five weeks to complete this addendum report. Instead, the sole reference Dr. Jacobi makes to the fact that his report is egregiously late is that he was not able to conduct this experiment in a timely manner "due to time constraints." (Ex. B at p. 1.)

**B.     Dr. Jacobi's Addendum Report Should Be Barred Because It Raises A New, Previously Unaddressed, Issue.**

In addition to being untimely, Dr. Jacobi's addendum report does not address the same issue that was covered by Dr. Jacobi's initial report, and indeed, the central issue in this lawsuit - namely, whether Whirlpool's dryers create or use steam under any of the many definitions of the word. Instead, the addendum introduces opinions on an entirely different subject - whether Whirlpool's dryers' steam cycle uses more energy than LG's dryers' steam cycle. Unquestionably, this topic was not addressed in Dr. Jacobi's initial report; nor was it addressed by any other expert report LG submitted.

In fact, LG never disclosed this energy issue in its responses to Whirlpool's interrogatories. Whirlpool's Second Set of Interrogatories asked LG to identify and state the basis for each (1) literally false or (2) literally true but misleading statement or representation of fact that LG contends was made by Whirlpool. (*See* LG's Response to Whirlpool's Second Set of Interrogatories, at Nos. 1 and 2, attached hereto as Exhibit C.) In its response, served on July 30, 2008, LG did not identify any allegedly false statements made by Whirlpool regarding the energy efficiency of its steam dryers. Nor did LG identify as the basis for any of its claims of false statements that Whirlpool's dryers are less energy efficient. LG twice supplemented its responses to these interrogatories, and at no time asserted any false statement made by Whirlpool

- 3 -

related to the energy use of its dryers.  (*See* LG's Supplemental Responses to Whirlpool's Corporation's Second Set of Interrogatories and LG's [Second] Supplemental Responses to Whirlpool's Corporation's Second Set of Interrogatories, attached hereto as Exhibits D and E respectively.)  Moreover, LG has never identified a single person with knowledge about the topic of LG and Whirlpool's dryers' energy usage.  (*See* LG's Rule 26(a)(1) Initial Disclosures, attached hereto as Exhibit F; LG's Responses to Whirlpool Corporation's Third Set of Interrogatories, No. 9, and LG's Supplemental Responses to Whirlpool Corporation's Third Set of Interrogatories, No. 9, attached hereto as Exhibit G and H respectively.)  Accordingly, Whirlpool has effectively been precluded from identifying any LG witnesses to depose on this topic.

When counsel for Whirlpool, Brian Roche, discussed the untimeliness of Dr. Jacobi's addendum report with counsel for LG, Ronald Rothstein, Mr. Rothstein's position was that the addendum is permissible as a supplement to Dr. Jacobi's original report under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e)(2).  This argument has been rejected by courts in this Circuit as "disingenuous."  *See*, *e.g.*, *Solaia Technology LLC v. ArvinMeritor, Inc.*, 361 F.Supp.2d 797, 806-07 (N.D.Ill. 2005) (striking portions of late-disclosed expert affidavit that gave opinions not previously disclosed by expert in discovery).  "Rule 26(e) imposes a duty on the producing party to supplement information that is incorrect or incomplete.  It does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the 'supplement' label."  *Allgood v. General Motors Corp.*, No. 1:02-cv-1077-DFH-TAB, 2007 WL 647496, at *3-4 (S.D.Ind. Feb. 2, 2007); *Solaia Technology*, 361 F.Supp.2d at 806-07; *Eberts v. Goderstad*, No. 05-C-527, 2009 WL 101633, at *1-2 (E.D.Wis. Jan. 14, 2009)

(citing 8 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure,* § 2049.1 (2d ed.1994)).

LG fails to explain how Dr. Jacobi's "addendum" supplemented his original report "for reasons consistent with Rule 26- *i.e.* that it had learned that the information in [Dr. Jacobi's] report was incorrect or incomplete." *Solaia Technology*, 361 F.Supp.2d at 806-07. Instead, Dr. Jacobi's addendum report undeniably "is based on research and data that were never presented before" – namely, the energy use of LG and Whirlpool's steam dryers. *Allgood*, 2007 WL 647496, at *3. "[C]ourts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." *Eberts*, 2009 WL 101633, at *1-2. Moreover, that LG chose to use its existing expert to "take on an entirely new task . . .offers the flimsy fig leaf of calling his work a supplement, but in substance is no more tolerable than bringing in an entirely new expert at this late date." *Allgood*, 2007 WL 647496, at *5. Accordingly, Dr. Jacobi's addendum report is not a "supplement" to his original opinion and is not permissible under Rule 26(e)(2).

In addition, although Mr. Rothstein stated that LG has no objection to Whirlpool's responding to Dr. Jacobi's addendum report, for the reasons set forth above, this does not cure the prejudice that will result to Whirlpool from LG's untimely expert report on a new issue:

> When scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense. Furthermore, grant of a continuance "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." Even if [a party] would not have been prejudiced by allowing the testimony, Rule 16(b) of the Federal Rules of Civil Procedure authorizes a district court to control and expedite pretrial discovery through a scheduling order, and may prohibit a party that violates a scheduling order from introducing designated matters in evidence. *See* Fed.R.Civ.P. 16(f), 37(b)(2)(B).

*Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 745 (5th Cir. 1997); *see also Rowe Intern. Corp. v. Ecast, Inc.*, 586 F.Supp.2d 924, 935 (N.D.Ill. 2008) (citing

- 5 -

*Trilogy Communications* in support of decision to exclude late-submitted expert report). Interjecting this new issue near the close of discovery will further delay the case and undeniably prejudice Whirlpool as it is forced to respond to a moving target – LG's ever changing and evolving attempts to explain how Whirlpool's steam advertising is false. Allowing LG to introduce untimely expert evidence supporting a new theory of falsity at this late stage of discovery would be manifestly unfair and would prejudice Whirlpool's ability to defend itself against LG's claims.

### C. Rule 37.2 Certification

Counsel for Whirlpool, Brian Roche, and counsel for LG, Ronald Rothstein, met and conferred in person on March 6, 2009, in accordance with Local Rule 37.2 and the Court's standing order on motions. Despite Whirlpool's good faith attempts to resolve its dispute with LG, LG has refused to withdraw its untimely "addendum" report.

### D. Conclusion

For the reasons stated above, Whirlpool respectfully requests that the Court grant its motion and bar LG from using or introducing at trial the opinions of Dr. Anthony Jacobi contained in the Addendum Report of Dr. Jacobi (and attachments thereto).

Dated:  March 6, 2009                                Respectfully submitted,

                                                  WHIRLPOOL CORPORATION,
Defendant.

By:  */s/ Brian D. Roche*_____
     One of its Attorneys

Brian D. Roche
Jennifer Yule DePriest
Vanessa Martí Heftman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-1000

J. A. Cragwall, Jr.
John J. Bursch
Warner Norcross & Judd LLP
900 Fifth Third Center
Grand Rapids, Michigan 49503
Telephone:  (616) 752-2000

*Attorneys for Defendant, Whirlpool Corporation*

**CERTIFICATE OF SERVICE**

I, Vanessa Martí Heftman, an attorney, hereby certify that on March 6, 2009, I filed WHIRLPOOL CORPORATION'S MOTION TO BAR ADDENDUM TO THE EXPERT REPORT OF ANTHONY M. JACOBI with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

>Ronald Y. Rothstein
>rrothstein@winston.com
>Bryna Joyce Roth Dahlin
>bdahlin@winston.com
>Shannon Leigh Stevens
>sstevens@winston.com
>Eric L. Broxterman
>ebroxterman@winston.com
>Winston & Strawn LLP
>35 West Wacker Drive
>Chicago, IL  60601

I hereby also certify that I mailed WHIRLPOOL CORPORATION'S MOTION TO BAR ADDENDUM TO THE EXPERT REPORT OF ANTHONY M. JACOBI to the following via U.S. mail on this 6th day of March, 2009:

>Mary M. Hutchings
>Winston & Strawn LLP
>35 West Wacker Drive
>Chicago, IL  60601

>*/s/ Vanessa Martí Heftman*