**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LG ELECTRONICS U.S.A., INC.,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **Case No. 08 C 242** |
| v. | ) | |
| | ) | **Honorable Amy J. St. Eve** |
| **WHIRLPOOL CORPORATION,** | ) | |
| | ) | **Magistrate Judge Mason** |
| *Defendant*. | ) | |

**WHIRLPOOL CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Defendant Whirlpool Corporation, hereby moves, pursuant to Federal Rule of Civil Procedure 56, for an Order granting summary judgment in Whirlpool's favor on all counts of Plaintiff LG Electronics U.S.A., Inc.'s ("LG") Second Amended Complaint. In support of its Motion, Whirlpool states as follows:

1. LG has alleged in its amended complaints that Whirlpool's advertising related to its steam dryers is false and misleading. LG has asserted claims under the Lanham Act, 15 U.S.C. § 1125(a), as well as various state law claims.

2. LG has asserted false advertising claims under two theories of falsity: (1) Whirlpool's use of "steam" in its advertising is literally false; and (2) Whirlpool's use of "steam" in its advertising is impliedly false, in that it conveys a false message to consumers.

3. With respect to LG's claim that Whirlpool's use of the word "steam" in its advertising is literally false, there is no genuine issue of material fact because LG's technical expert concedes that Whirlpool's steam dryer has steam according to both dictionary and technical definitions of steam. Moreover, as set forth in Whirlpool's accompanying Motion to Exclude Report and Opinions of Anthony Jacobi on Lay Definitions of Steam (the "Jacobi

- 2 -

Motion"), LG's expert is unqualified to offer an opinion on how consumers define steam, and his opinion is not based on reliable, scientific methodology.

4. With respect to LG's claim that Whirlpool's steam advertising is impliedly false, LG has no admissible evidence that Whirlpool's steam advertising conveys to consumers any actionable implied message. As set forth in Whirlpool's accompanying Motion to Exclude Survey Evidence, and Expert Report and Opinions, of Robert Reitter (the "Reitter Motion", LG's survey expert's opinion (which purports to establish an implied message) is based upon unreliable results from a methodologically flawed survey.

WHEREFORE, for the foregoing reasons and for the reasons stated in Whirlpool's accompanying Memorandum of Law in Support of Its Motion for Summary Judgment, the Jacobi Motion, and the Reitter Motion, Whirlpool respectfully requests that the Court grant Whirlpool's Motion for Summary Judgment.

- 3 -

Dated:  July 1, 2009
                                  Respectfully submitted,

WHIRLPOOL CORPORATION,
Defendant.

By: */s/ Brian D. Roche*
     One of its Attorneys

Brian D. Roche
Jennifer Yule DePriest
Vanessa Martí Heftman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-1000

J. A. Cragwall, Jr.
John J. Bursch
Warner Norcross & Judd LLP
900 Fifth Third Center
Grand Rapids, Michigan 49503
Telephone:  (616) 752-2000
Attorneys for Defendant, Whirlpool Corporation

## **CERTIFICATE OF SERVICE**

I, Vanessa Martí Heftman, an attorney, hereby certify that on July 1, 2009, I filed WHIRLPOOL CORPORATION'S MOTION TO FOR SUMMARY JUDGMENT with the Clerk of the Court using the ECF system, which will send notification of such filings to the following:

>Ronald Y. Rothstein
>rrothstein@winston.com
>Bryna Joyce Roth Dahlin
>bdahlin@winston.com
>Shannon Leigh Stevens
>sstevens@winston.com
>Eric L. Broxterman
>ebroxterman@winston.com
>Mary M. Hutchings
>mreed@winston.com
>Winston & Strawn LLP
>35 West Wacker Drive
>Chicago, IL  60601

*/s/ Vanessa Martí Heftman*