IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC.<br>  a subsidiary of LG Electronics, Inc.,<br>  a Korean company,<br><br>        Plaintiff,<br><br>        v.<br><br>WHIRLPOOL CORPORATION,<br><br>        Defendant. | Civil Action No.: 08 C 242<br><br>Judge St. Eve<br><br>Magistrate Judge Mason |

**WHIRLPOOL CORPORATION'S MOTION TO STAY COURT'S ORDER ON
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
<u>DOCUMENTS LISTED ON DEFENDANT'S PRIVILEGE LOG</u>**

Defendant Whirlpool Corporation respectfully moves this Court for a stay of its Order on Plaintiff LG Electronics U.S.A., Inc.'s Motion to Compel Production of Documents Listed on Defendant's Privilege Log entered on October 13, 2009, which directed that certain documents to which Whirlpool had claimed a privilege be produced by October 27, 2009. In support of its Motion Whirlpool states:

      1. Whirlpool intends to appeal this Court's October 27, 2009 Order (Docket No. 333) to the Seventh Circuit Court of Appeals under the collateral order doctrine, because the order (1) "conclusively determine[s]" (2) "an important issue completely separate from the merits of the action" that is (3) "effectively unreviewable on appeal from a final judgment" and is therefore treated as a final order for purposes of 28 U.S.C. § 1291. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

      2. As Whirlpool discusses in the accompanying memorandum, there is a difference of opinion among the federal courts of appeals with respect to whether a ruling that arguably privileged documents must be produced is an immediately appealable collateral order. The split in authority between the various courts of appeals will now be resolved by the Supreme Court. On October 5, 2009, it heard oral argument, in *Mohawk Indus. v. Carpenter* (No. 08-

678), an appeal from an Eleventh Circuit Court of Appeals decision declining to exercise collateral order jurisdiction over a district court order finding waiver of the attorney-client privilege and directing production of privileged materials. 541 F.3d 1048 (11th Cir. 2008). Because of the pendency of the Supreme Court's review of the scope of the collateral order doctrine, as a protective measure in the event the Seventh Circuit or United States Supreme Court determines that the collateral order doctrine does not provide a basis for review of the Court's order, Whirlpool also intends to file with the Seventh Circuit a contingent petition for a writ of mandamus.

2. If Whirlpool is compelled to produce the documents at issue before the Seventh Circuit has an opportunity to decide Whirlpool's request for review, its ability to protect its attorney-client privilege, and thus its ability to obtain meaningful review of this Court's decision, will be lost. As the American Bar Association stated in a recent *amicus curiae* brief submitted to the U.S. Supreme Court in *Mohawk*, "There should be a right to an immediate appeal under *Cohen* when a court rules that the attorney-client privilege has been waived and compels production of attorney-client communications, because of the importance of the attorney-client privilege and the importance of maintaining the balance between the public interests embodied in the privilege and in the principle that the public has" a general right to evidence. (Br. *Amicus Curiae* of the ABA at 5, available at http://www.scotuswiki.com/ index.php?title=Mohawk_Industries%2C_Inc._v._Carpenter.)

3. Whirlpool believes that it is likely to succeed on the merits on appeal, and that the lack of authority from the Seventh Circuit on key questions relating to this Court's ruling warrants that the Seventh Circuit be given an opportunity to pass on those questions if it wishes to do so.

4. A stay of the Court's Order directing production of the documents is warranted to prevent the irreparable harm that would result from compromising Whirlpool's attorney-client privilege in the meantime, and to uphold the strong public interest in preserving the attorney-client privilege. With five months left before trial in this case, a stay until the time the Seventh Circuit decides Whirlpool's request for review will not result in harm to LG, and should not delay other proceedings in this case.

For the foregoing reasons and those set forth in Whirlpool Corporation's Brief in Support of Motion to Stay Court's Order on Plaintiff's Motion to Compel Production of

Documents Listed on Defendant's Privilege Log, filed concurrently herewith, Whirlpool asks that this Court:

    a.    Issue an immediate stay of its October 13, 2009 Order directing production of documents by Whirlpool by October 27, 2009 pending briefing on Whirlpool's Motion To Stay;

    b.    Issue a briefing schedule for LG's response to this Motion, and Whirlpool's reply; and

    c.    Following full briefing on the Motion, issue a stay of its October 13, 2009 Order directing production of communications to which Whirlpool claimed a privilege until the Seventh Circuit Court of Appeals decides Whirlpool's appeal.

Dated: October 22, 2009

Respectfully submitted,

WHIRLPOOL CORPORATION,
Defendant.

By: */s/Brian D. Roche*
      One of its Attorneys

Brian D. Roche
Jennifer Yule DePriest
Vanessa Martí Heftman
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
312.207.1000

J.A. Cragwall, Jr.
John J. Bursch
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
616.752.2000

Attorneys for Defendant, Whirlpool Corporation

## **CERTIFICATE OF SERVICE**

  I, Brian D. Roche, an attorney, hereby certify that on October 22, 2009, I filed **Whirlpool Corporation's Motion To Stay Court's Order On Plaintiff's Motion To Compel Production Of Documents Listed On Defendant's Privilege Log** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following individuals:

  Ronald Y. Rothstein
  rrothstein@winston.com
  Eric L. Broxterman
  ebroxterman@winston.com
  Bryna Joyce Roth Dahlin
  bdahlin@winston.com
  Winston & Strawn LLP
  35 West Wacker Drive
  Chicago, IL  60601

            */s/ Brian D. Roche*

US_ACTIVE-102541628.1