## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 11/3/2009 |
| **CASE TITLE** | LG Electronics vs. Whirlpool Corp | | |

**DOCKET ENTRY TEXT**

Defendant Whirlpool Corporation's Motion to Stay Court's Order on Plaintiff's Motion to Compel Production of Documents Listed on Defendant's Privilege Log [334] is granted. The Court stays its 10/13/09 order requiring disclosure of communications until the Seventh Circuit's ruling on Defendant's Motion to Stay.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant Whirlpool Corporation's ("Defendant") Motion to Stay Court's Order on Plaintiff's Motion to Compel Production of Documents Listed on Defendant's Privilege Log ("Motion to Stay"). For the following reasons, the Court grants Defendant's Motion to Stay.

## BACKGROUND

On August 24, 2009, the Court granted in part and denied in part Plaintiff LG Electronics U.S.A., Inc.'s ("Plaintiff") Motion to Compel Production of Documents Listed on Privilege Log. (R. 284-1, August 24, 2009 Minute Entry). In that order, the Court also directed the parties to brief: "(1) whether the common legal interest exception, as articulated in *United States. v. BDO Seidman, LLP*, 492 F.3d 806 (7th Cir. 2007), extends to communications between Whirlpool and its advertising agencies; and (2) whether the Court may recognize the 'de facto employees' test articulated by other courts." *Id.* After briefing by the parties, on October 13, 2009, the Court ruled that the attorney-client privilege did not protect the communications at issue, and ordered Defendant to produce the communications at issue to Plaintiff by October 27, 2009.

On October 22, 2009, Defendant filed the instant Motion to Stay requesting the Court to grant a stay of its October 13, 2009 order requiring disclosure in order to allow Defendant to appeal the Court's ruling to the Seventh Circuit. (R. 335-1, Defendant's Brief in Support of Motion to Stay ("Defendant's Brief"), pp. 1-2). After initially expressing an intention to oppose the Motion to Stay, on November 1, 2009, Plaintiff filed a response to the Motion to Stay indicating that it does not oppose the Motion to Stay. (R. 342-1, Plaintiff's Further Response to Motion to Stay ("Plaintiff's Response"), p. 1). In its Response, Plaintiff requested that the Court issue its stay until the Seventh Circuit or the Supreme Court determines whether the Court's October 13, 2009 order is appealable pursuant to 28 U.S.C. § 1291.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

To determine whether a stay of an order pending appeal is warranted, "a district court will examine whether the party seeking a stay has demonstrated (1) a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured should the stay be denied; (3) whether the stay would substantially injure the other parties; and (4) where the public interest lies." *Abbott Labs. v. Sandoz, Inc.*, 500 F. Supp. 2d 846, 849 (N.D. Ill. 2007) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006)).

## ANALYSIS

Defendant has established that a stay of this Court's October 13, 2009 order requiring disclosure of communications between Defendant and its outside advertising agencies is appropriate. First, Defendant has shown that it may succeed on the merits of its claim.[1] Defendant raises two arguments to supports its claim that the attorney-client privilege protects the communications at issue. First, Defendant argues that it shares a common legal interest with its outside advertising agencies. (R. 335-1, Defendant's Brief, pp. 4-6). While the Court ruled that the common legal interest exception to the attorney-client privilege recognized by the Seventh Circuit does not apply to the communications at issue, the Court recognizes that there is not controlling Seventh Circuit law governing the facts of this case. Moreover, Defendant has distinguished the facts of some of cases on which this Court primarily relied in rendering its ruling. *Id.* Defendant also argues that the functional employee test, which Courts outside of the Seventh Circuit have applied to similar attorney-client privilege issues, requires a ruling that the communications are subject to the attorney-client privilege. *Id.* at pp. 6-7. Again, while the Court determined in its ruling that even if the Seventh Circuit did recognize the functional employee exception it would not be applicable to the facts of this case, it is not entirely clear whether or how the Seventh Circuit would apply the exception. Accordingly, given the undeveloped state of Seventh Circuit law on these issues, Defendant has demonstrated some likelihood of success on the merits of its claim.

Defendant has also established that it may be irreparably harmed if the Court declines to grant the stay. As Courts outside of the Seventh Circuit recognize, once Defendant discloses the documents at issue to Plaintiff, the privilege will have been compromised. *See, e.g., In re Napster Inc. Copyright Litig.*, 479 F.3d 1078 (9th Cir. 2007) (holding that a ruling regarding the privileged nature of documents is an immediately appealable collateral order); *In re Ford Motor Co.*, 110 F.3d 954 (3rd Cir. 1997) (holding that attorney-client privilege issues may be appealed pursuant to the collateral order test). Moreover, as Defendant points out in its Motion to Stay, "[o]nce the documents at issue are produced, the privilege will have been compromised and the confidentiality of the documents forever lost." (R. 335-1, Defendant's Brief, p. 7).

The Court also considers the adverse effect on Plaintiff if the Court grants the stay. Here, there is no adverse effect on Plaintiff. Trial in this matter is set for April of 2010, and it is likely that the Seventh Circuit or

---

[1] The Court recognizes that even before reaching the merits of Defendant's claim, as an initial matter, it is unclear whether the Seventh Circuit will consider this Court's ruling regarding the applicability of the attorney-client privilege to the communications at issue a final appealable judgment pursuant to 28 U.S.C. § 1291. As the parties have established in their briefs, there is a circuit split regarding this issue that the Supreme Court will address in *Mohawk Indus. v. Carpenter (No. 08-678),* a case out of the Eleventh Circuit which presents the question of whether an order regarding the privileged nature of documents is appealable pursuant to 28 U.S.C. § 1291. *See Carpenter v. Mohawk Indus. (In re Mohawk Indus.)*, 541 F.3d 1048 (11th Cir. 2008). Oral argument in the *Mohawk Indus.* case occurred on October 5, 2009. In the event of a controlling ruling from the Supreme Court regarding this issue, the Court expects that the parties will conform their appeal accordingly.

the Supreme Court will resolve the issues raised by Defendant's appeal prior to that date. Plaintiff also indicated in its response that "LG expects that the stay will not have an impact on the trial date." (R. 342-1, Plaintiff's Response, p. 1). If necessary, the Court can always move the trial date a few months without causing any harm.

Finally, the Court considers the impact on the public interest. The Seventh Circuit explains the purpose of the attorney client privilege as follows: "The purpose of the privilege is to 'encourage full disclosure and to facilitate open communication between attorneys and their clients.' Open communication assists lawyers in rendering legal advice, not only to represent their clients in ongoing litigation, but also to prevent litigation by advising clients to conform their conduct to the law and by addressing legal concerns that may inhibit clients from engaging in otherwise lawful and socially beneficial activities. The cost of these benefits is the withholding of relevant information from the courts." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Given the importance of the attorney-client privilege and the tensions it presents to courts and litigants, the resolution of the issues presented by Defendant's appeal will serve the public interest.

Defendant has established that: (1) there is some likelihood of success on the merits of its claim, (2) it will be irreparably injured if the Court denies the Motion to Stay, (3) a stay will not substantially injure Plaintiff, and (4) a stay will serve the public interest. Accordingly, the Court grants Defendant's Motion to Stay.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Stay. The Court stays its October 13, 2009 order requiring disclosure of communications until the Seventh Circuit's ruling on Defendant's Motion to Stay.