**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., INC., a subsidiary of LG Electronics, Inc., a Korean company, | ) ) ) ) | Civil Action No. 08 C 242 |
| Plaintiff, | ) ) | Judge St. Eve |
| v. | ) ) | Magistrate Judge Mason |
| WHIRLPOOL CORPORATION, | ) ) | |
| Defendant. | ) | |

**LG ELECTRONICS U.S.A. INC.'S OPPOSITION TO
WHIRLPOOL'S MOTION FOR CLARIFICATION AND/OR
<u>APPLICATION FOR CERTIFICATION UNDER 28 U.S.C. 1292(B)</u>**

Whirlpool's Motion for Clarification is nothing more than an attempt to re-argue its failed Motion for Summary Judgment. Waking up after 18 months of discovery, dozens of depositions and the exchange of hundreds of thousands of documents, Whirlpool contends that this Court is somehow bound by its preliminary injunction decision in this case. Ignoring the mountain of evidence generated in discovery showing that the dryers at issue do not—and were never intended to—create steam, Whirlpool seeks to have a preliminary ruling trump the obvious: Whirlpool failed to meet its burden on summary judgment.

While styled as a Motion to Clarify, Whirlpool is plainly asking this Court to reconsider its decision to deny summary judgment on LG's literal falsity claim. This Court should deny Whirlpool's request. Motions for reconsideration require that a party present either a manifest error of law or fact or newly found evidence. *Zurich Capital Mkts., Inc v. Conglianese,* 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (St. Eve, J.). Whirlpool did not present a single argument that it can meet the motion to reconsider standard articulated by this Court, and indeed it cannot. Instead, Whirlpool attempts to convince this Court that all it need show to win summary judgment is that multiple meanings of the word "steam" exist. But the law is clear that Whirlpool must *meet* a definition of steam in order to defeat a literal falsity claim, and this Court was abundantly clear that Whirlpool did not carry its burden in this regard. Thus, this Court correctly held that literal falsity is a question of fact for the jury to decide.

Whirlpool argues that because the word steam is ambiguous, there can be no literal falsity by necessary implication. As this Court ruled, however, a jury could find that Whirlpool's advertising "necessarily implies the *unambiguous* message that Whirlpool's dryers refresh clothing by a process not previously available in Whirlpool's non-steam dryers." (Docket No. 324 at 14 (emphasis added).) Ignoring the express holding of this Court that material issues of fact remain as to whether Whirlpool's claims necessarily imply an unambiguously false message, Whirlpool engages in a tortuous recitation of ambiguity standards that are inapplicable to this case. This argument should likewise be rejected.

Finally, Whirlpool also does not meet the standard required to certify for appeal its questions regarding ambiguity and literal falsity by necessary implication. First, Whirlpool fails to show that either question is a controlling, contestable issue of law appropriate for interlocutory appeal. Second, Whirlpool fails to show that the resolution of either question would materially

1

advance this litigation so as to justify an interlocutory appeal. Accordingly, Whirlpool's motion must be denied.

## BACKGROUND

On July 1, 2009, Whirlpool filed its Motion for Summary Judgment arguing, in relevant part, that LG cannot prove that Whirlpool's advertising is literally false as a matter of law. (Docket No. 245 at 3.) LG filed its response on August 10, 2009, presenting this Court with evidence showing, among other things, that Whirlpool's dryers were neither intended to nor actually do create steam. (Docket No. 279 at 2-6.) LG further asserted that Whirlpool's definition of steam as a "vapor arising off a heated substance" so as to include the simple process of evaporation occurring in the Whirlpool Dryer was unbounded and stretched to the point of absurdity. (*Id.* at 18-19.) LG also argued that Whirlpool's advertising necessarily implies the unambiguous message that Whirlpool's dryers create and use steam whereas conventional dryers do not, and that this message is false. (*Id.* at 21-22.) On August 28, 2009, Whirlpool filed its Reply brief in support of its Motion for Summary Judgment, wherein it failed to respond to LG's assertion that Whirlpool's advertising is literally false by necessary implication.

On September 28, 2009, this Court issued its order denying Whirlpool's Motion for Summary Judgment. (Docket No. 324.) In its ruling, the Court held that Whirlpool failed to present evidence that it could meet any of its proffered definitions of steam. First, the Court found the definitions that Whirlpool claim exist when water is evaporated from clothing were so unbounded that it could not conclude, as a matter of law, that Whirlpool could satisfy either definition. (Docket No. 324 at 7-9, 15.) Second, the Court found that "[a]lthough evaporation occurs in the dryer drum – clothes moistened by the spray exit the dryer completely dry – Whirlpool has offered no evidence that the water spray reaches 100 degrees, sufficient to meet the definition 'the invisible vapor into which water is converted when heated to the boiling point.'" (Docket No. 324 at 9.) Therefore, the Court could not "find as a matter of law that Whirlpool meets the definition of 'steam,'" and found that "[l]iteral falsity is a question of fact." (Docket No. 324 at 13.) In addition, the Court held that a jury could find that Whirlpool's advertisements necessarily imply the "unambiguous message that Whirlpool's dryers refresh clothing by a process not previously available in Whirlpool's non-steam dryers." (Docket No. 324 at 14.) The Court reached this conclusion after considering testimony from Whirlpool's expert and its engineers that the process occurring in Whirlpool's dryers does not "substantially

2

differ from the process of evaporation that occurs in conventional dryers that merely dry wet clothes." (Docket No. 324 at 14-15.) Accordingly, Whirlpool did not carry its burden to establish that there is no material issue of fact as to whether its dryers create and use steam. (Docket No. 324 at 8-9.)

## ARGUMENT

Whirlpool correctly states that "when a message conveys two possible meanings, one of which is true, the message cannot be literally false." (Docket No. 337 at 4, citing *Appraisers Coalition v. Appraisal Inst.*, No. 93 C 913, 1999 WL 89663 at *4 (N.D. Ill. Feb. 12, 1999).)[1] Yet Whirlpool proceeds to argue its motion based on the mistaken belief that its steam claims are ambiguous simply because multiple definitions of the word steam exist. (Docket No. 337 at 12.) ("Because the term 'steam' has more than one meaning, Whirlpool's use of the term does not support a literal falsity claim.") However, as Whirlpool, this Court and LG have consistently stated, this is not the law, as it is not enough for Whirlpool to show ambiguity simply because multiple definitions exist. Whirlpool must *meet* one of those definitions in order for the claim to be ambiguous, and this Court stated unequivocally in its Order that Whirlpool failed to meet its burden in this regard. Accordingly, under these circumstances, as the Seventh and every other Circuit have held, literal falsity is a question of fact for the jury to decide. (*See infra* at 5-7.)

## I. WHIRLPOOL CANNOT MEET THE STANDARD REQUIRED BY THIS COURT FOR MOTIONS FOR RECONSIDERATION.

While styled as a motion for "clarification," Whirlpool's motion is plainly one for reconsideration. Yet Whirlpool did not address this Court's and the Seventh Circuit's standard in ruling on a motion to reconsider an interlocutory order. As this Court holds, "[t]he Seventh Circuit has repeatedly cautioned that 'motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Zurich Capital Mkts.*, 383 F. Supp. 2d at 1045, quoting *Publishers Resource Inc. v. Walker-David Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). The Seventh Circuit has held that a motion for consideration is also appropriate "where the Court has patently

---

[1] Compendium of Unreported Cases is attached hereto as Ex. 1.

3

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). That is not the case here.

"Motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Zurich Capital Mkts.*, 383 F. Supp. 2d at 1045 (citation omitted); *see also Caisse Nationale de Credit Agricole v. CBI Industries*, *Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories); *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988) (A court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). Because Whirlpool cannot meet the standard set forth above, its Motion must fail.

## II. BECAUSE THIS COURT MADE NO MANIFEST ERROR OF LAW OR FACT, WHIRLPOOL'S ATTEMPT TO RE-ARGUE LITERAL FALSITY MUST BE REJECTED.

### A. Whirlpool Failed to Demonstrate as a Matter of Law that its Advertising is Ambiguous.

Whirlpool spends much time re-asserting its argument that because "steam" has more than one meaning, it necessarily follows that Whirlpool's use of the term is not literally false because the term is ambiguous. (Docket No. 337 at 12.) Critically, Whirlpool must do more than merely show that the word "steam" has more than one definition. It must show that (1) there is more than one definition of the word "steam," and (2) *the Whirlpool's dryers meet at least one of the definitions. See Appraisers,* 1999 WL 89663 at *4. While it is true that the word "steam" (and just about every word) has more than one possible definition, Whirlpool did not carry its burden in establishing that its dryers meet at least one meaning of the word steam. Accordingly, Whirlpool cannot show that, as a matter of law, its steam claims are ambiguous.

4

      (1)      The Law in this Circuit is Clear:  Whether an Advertising Claim is Literally False is a Question of Fact.

This Court did not find that Whirlpool met any proffered definition of steam and thus did not conclude that Whirlpool's steam claims are ambiguous as a matter of law.  (Docket No. 324 at 7-9, 15.)  Accordingly, summary judgment was denied because literal falsity is a question of fact for the jury to decide.  The case filed by Whirlpool in its Notice of Supplemental Authority, *Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.* Nos. 09-1438, 09-1462, 2009 WL 3460808 (7th Cir. Oct. 29, 2009), is perfectly aligned with this Court's ruling and existing Seventh Circuit precedent.  In *Schering*, the plaintiff drug company was the only company authorized by the FDA to market a certain generic drug over-the-counter.  *Schering*, 2009 WL 3460808 at *1.  Rival drug manufacturers could sell generic versions of the drug, but only under a doctor's prescription.  *Id*.  The plaintiff filed a false advertising claim under the Lanham Act, complaining that the manufacturer's labeling of the drugs as "prescription only," though mandated by the FDA, was literally false, as the exact same drug was available over-the-counter.  *Id*.  The court below denied the *plaintiff's* motion for partial summary judgment, holding that a "reasonable finder of fact could reasonably conclude that the [prescription only statements] only refer to the specific products on which the statements appear."  *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc, et al*, 547 F. Supp. 2d 939, 943 (E.D. Wis. 2008).  The Seventh Circuit affirmed, reasoning that it is not obvious that the labels refer to the drug as a whole, or just a particular manufacturer's brand of the drug, and as such, summary judgment could not be granted.  *Schering*, 2009 WL 3460808 at *10.

Thus in *Schering*, the lower court determined, relying on *Hot Wax,* that literal falsity is a question of fact.  *Schering-Plough,* 547 F. Supp. 2d at 943.  Because the term "prescription only" had one or more possible meaning, the court could not find as a matter of law for the plaintiff that the claim was literally false, as it was for the jury to determine whether the defendant's labeling met one of the possible meanings.  *Id.* ("Thus, viewing the facts in the light most favorable to the defendants, as the court must, a reasonable finder of fact could conclude that [the prescription only] statements refer to the specific products on which they appear.")  Like in *Schering*, while this Court found that "steam" has more than one meaning, questions of fact remain as to whether Whirlpool meets any of the proffered definitions, rendering summary judgment inappropriate.

5

Whirlpool's assertion that this Court's summary judgment ruling "effectively reverses" its ruling on preliminary injunction is wrong and irrelevant. (Docket No. 337. at 2.) The Court's denial of summary judgment is consistent with its preliminary injunction ruling. This Court was quite clear in its preliminary injunction opinion when it stated that it "need not definitively resolve the issue of how to define 'steam'" and did not rule that Whirlpool's claims were ambiguous as a matter of law. (Docket No. 101 at 6.)

On summary judgment, this Court correctly cited the standard in *Hot Wax* that where there is conflicting evidence as to literal falsity, summary judgment cannot be granted. (Docket No. 324 at 13 citing *Hot Wax,* 27 F. Supp. 2d at 1048.) Whirlpool contends that the Court committed error by "holding that ambiguity (because of multiple definitions) creates a question of fact as to literal falsity . . . ." (Docket No. 324 at 2.) However, Whirlpool reads an ambiguity finding into this Court's decision where none was made.

Whirlpool attaches a great deal of importance to this Court's reliance on *Coors* in reasoning that "when a term is capable of multiple meanings, an advertisement is not literally false *as long as the claim meets at least one of those definitions.*" (Docket No. 101 at 5 citing *Coors Brewing Co. v. Anheuser-Busch Cos.,* 802 F. Supp. 965 (S.D.N.Y. 1992) (emphasis added).) Whirlpool incorrectly assumes, however, that this Court, in denying LG's motion for a preliminary injunction, necessarily found that multiple definitions exist, one of which was met by Whirlpool. Instead, this Court determined that while multiple definitions of steam exist, LG failed to carry its burden of showing that "under either the narrow, thermodynamic definition or the broader lay definition … that [Whirlpool's] claims are literally false" and nothing more. (Docket No. 101 at 6.)

This Court is not bound by its preliminary injunction ruling in any event, as preliminary injunction rulings are not "law of the case" or a "decision on the merits," but instead are intended to "preserve the status quo." *In re Spill by the Amoco Cadiz,* 954 F.2d 1279, 1291 (7th Cir. 1992); *see also Johnson v. Burken,* 930 F.2d 1202, 1207 (7th Cir. 1991) (describing a preliminary injunction decision as "avowedly tentative"); *Loewen Group Intern., Inc. v. Haberichter*, No. 93 C 7377, 1998 U.S. Dist. LEXIS 14308, 1998 WL 603040, at *1-2 (N.D. Ill. Sept. 4, 1998) ("The findings and conclusions for a preliminary injunction are, by their nature, preliminary.")

6

Whirlpool's further assertion that "[h]ere, the parties do not dispute that Whirlpool's dryers meet at least one definition of 'steam'" is false. (Docket No. 337 at 13.) As set forth in LG's Response to Whirlpool's Motion to Summary Judgment, Whirlpool's dryers do not create steam under any definition, and a "definition of steam that encompasses water evaporating from a glass and every conventional dryer on the market is patently absurd and eviscerates the meaning of the term." (Docket No. 279 at 16.) Further, "'vapor arising from a heated substance' is not steam when it refers to mere evaporation." (*Id.* at 18.) As this Court held, there are disputed issues of material fact preventing summary judgment on LG's literally falsity claim. This Court observed that the precise scope of Whirlpool's definition of steam is unclear, as Whirlpool's expert testified that both the evaporation occurring in Whirlpool's dryers and the evaporation of water from a glass constitute steam. (Docket No. 324 at 7.) Moreover, Whirlpool described its technology as evaporation of water from clothing as the clothes are dried and in theory, any dryer could be called a steam dryer. (*Id.*) Whether Whirlpool's dryers create and use steam is accordingly for the jury to decide.

>    (2)   That A Court May Determine Multiple Definitions Exist As A Matter of Law Does Not Alter the Seventh Circuit's Clear Holding that Literal Falsity Is A Question of Fact.

Whirlpool now contends that the determination of whether a statement is ambiguous is a matter of law, citing dicta in a footnote in *American Council of Certified Podiatric Physicians v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 615 fn2 (6th Cir. 1999). The parties are not in the Sixth Circuit. The Seventh Circuit has explicitly held that under the Lanham Act "whether a claim is either 'false' or 'misleading' is an issue of fact, rather than law." *Mead Johnson & Co. v. Abbott Labs.,* 209 F. 3d 1032, 1034 (7th Cir. 2000); *see also Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943-45 (3d Cir. 1993); *Johnson & Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 298 (2d Cir. 1992).

But even if the Court were to find that whether or not a claim is ambiguous is a question of law, this Court's holding would remain the same. This is because Whirlpool would still have to demonstrate that it meets one of the definitions of steam to render the claim ambiguous. Notwithstanding the statement in *American Council* that ambiguity is a question of law, the Sixth Circuit, the Seventh Circuit, and every other Circuit is in accord that whether facts exist to render a statement true or false is a question of fact. *See, e.g.*, *Mead Johnson,* 209 F.3d at 1034; *Castrol,* 987 F.2d at 943-95; *Johnson & Johnson * Merck,* 960 F.2d at 298. Thus, where a court

7

does not conclude, as a matter of law, that the claim is ambiguous, the question must be presented to the jury to weigh the evidence and decide literal falsity as an issue of fact.

> **B.    This Court Made No Manifest Error in Applying the False By Necessary Implication Doctrine.**
>
> > (1)    Whirlpool Waived Its Argument By Failing To Address It At The Summary Judgment Stage.

Whirlpool's arguments in its Motion to Clarify regarding the false by necessary implication doctrine have been waived, as it failed to address them at summary judgment. Failure to respond to an argument on summary judgment waives that argument. *Palmer v. Marion County,* 327 F.3d 588, 598 (7th Cir. 2003); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (stating that arguments not presented to the district court in summary judgment are waived); *MCI Worldcom Network Servs. v. Atlas Excavating, Inc.,* 2006 U.S. Dist. LEXIS 88956 at *11 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implied concession.") (citations omitted). Moreover, "a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *United States v. Giovinetti,* 919 F.2d 1223, 1230 (7th Cir. 1990); *see also United States v. Berkowitz,* 927 F.2d 1376, 1784 (7th Cir. 1991) (unsupported arguments are waived); *Bally Export Corp.*, 804 F.2d at 404 (a motion to reconsider is not an appropriate vehicle to introduce new legal theories).

This Court expressly instructed Whirlpool to explain why it has not waived its arguments regarding literal falsity by necessary implication. (Docket No. 331.) Whirlpool gave short shrift to this issue, stating merely that its failure to address the doctrine was "reasonable" and was a consequence of the argument appearing on page 21 of LG's opposition memorandum. Whether or not Whirlpool's failure was reasonable is not the standard in the Seventh Circuit, and LG is aware of no court that has identified reasonableness of a party's behavior as a valid excuse for failing to raise an argument on summary judgment. LG is also not aware of any authority in this Circuit or any other court which suggests that arguments do not need to be responded to if they come toward the end of a brief, on a particular page of a brief, or in one section of a brief versus another. That Whirlpool would even make this argument is remarkable.

8

Whirlpool also attempts to excuse its failure by arguing that the Seventh Circuit has never before addressed the false by necessary implication doctrine: "Whirlpool did not address whether this implied claim should be treated as an express claim under the doctrine of literal falsity be necessary implication because that is not the law in this circuit, and LG did not assert it was, or argue that the law should be extended to this new theory." (Docket No. 337 at 10.) This is a bizarre excuse indeed, as this Circuit does not grant a free pass to parties who fail to oppose an argument at Summary Judgment simply because the issue has not been addressed at the appellate level before.

Finally, Whirlpool tries to blame LG for its failing, arguing that LG did not recite the language of the doctrine in its complaint. However, this Court correctly held that "LG raised literal falsity in its initial complaint," and LG is not precluded from arguing this "sub-theory of literal falsity." (Docket No. 324 at 13, n5.) As the Seventh Circuit has held, a motion to reconsider is not an appropriate place for a losing party to re-argue points that it lost on Summary Judgment. *Oto*, 224 F.3d at 606.

(2)   The False By Necessary Implication Doctrine Applies to this Case.

Even if this Court were to find Whirlpool did not waive its argument, Whirlpool's motion would still not succeed because whether facts exist justifying application of the doctrine is for the jury to decide. Whirlpool claims that this Court committed error because ambiguous statements cannot be literally false (Docket No. 337 at 3, 6); Whirlpool's advertising is ambiguous (*id.* at 7); and the Seventh Circuit would likely reject the doctrine. (*Id.* at 9.) Each of these arguments fails.

This Court did not hold as a matter of law that Whirlpool's steam advertising claims are ambiguous. Thus, the issue of literal falsity rests on whether Whirlpool meets one of the meanings of steam, which is a question of fact for the jury. With respect to Whirlpool's assertions regarding existence of an ambiguity, this Court expressly rejected Whirlpool's argument:

> Considering the context of Whirlpool's advertising—namely, claims such as, 'the Whirlpool Duet Steam laundry pair, a whole **new** way to care for your clothes, with the **pure** power of steam. Just another laundry **innovation** from Whirlpool,' (emphasis added)—a finder of fact could conclude that Whirlpool's use of the word 'steam' necessarily implies the *unambiguous* message that Whirlpool's dryers refresh clothing by a process not previously available in Whirlpool's non-steam dryers.

9


(Docket No. 337 at 14.)  (Emphasis added.)  Whirlpool contends that its dryers deliver steam to dry clothes, whereas conventional dryers only steam wet clothes.  However, LG disagrees that the distinction raised by Whirlpool is at all relevant to the naming and advertising of its dryers as steam dryers – and as this Court correctly held, resolution of this question of fact is for the jury to decide.

Whirlpool's argument that the Seventh Circuit would reject the doctrine is wrong. Whirlpool has not cited a single case where *any* court has rejected the false by necessary implication doctrine, and instead cites to six circuits that have applied the doctrine.  All of these circuits follow the same standard as the Seventh Circuit regarding literal falsity and implied falsity, and have adopted false by necessary implication as a sub-theory of literal falsity.  *See, e.g., Time Warner Cable, Inc. v. DirecTV, Inc.,* 497 F.3d 144, 158 (2d Cir. 2007); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck consumer Pharm. Co.*, 290 F.3d 578, 586-87 (3d Cir. 2002); *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 275 (4th Cir. 2002); *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 315-16 (1st Cir. 2002); *Southland Sod Farms v. Stover Seed Co.*, 106 F.3d 1134, 1139 (9th Cir. 1997).  District courts have applied the doctrine across the nation as well.  *See, e.g., MSP Corp v. Westech Instruments, Inc.*, 500 F. Supp. 2d 1198, 1216-17 (D. Minn. 2007) (finding that advertisements on the defendant's website that juxtaposed information about a consortium approving its product and the product itself necessarily implied that the product was improved by the consortium, when in fact it was not).

Whirlpool's argument that the Seventh Circuit and five other circuits have not applied the doctrine because it conflicts with their literal and implied falsity standards is non-sensical.  That none of the other six circuits have had the occasion to consider application of the doctrine does not translate, as Whirlpool argues, into a rejection of the doctrine.  Whirlpool's argument is wishful thinking and finds no support in the jurisprudence discussing the issue.  Like any legal theory, some courts have found that false by necessary implication applies to the facts of the case and some have not, but none have ever questioned its validity or whether it conflicts with § 43(a) of the Lanham Act.  Notably absent from Whirlpool's brief is any articulation of what part of the false advertising standard in the remaining six circuits is in conflict with the doctrine.  This is not surprising, as the alleged conflict comes from whole cloth.

Whirlpool's claim that the doctrine is self-contradictory evinces a fundamental misunderstanding of the doctrine. It does not apply to claims that are literally true or ambiguous, but covey a false impression, are misleading in context, or are likely to deceive consumers. *See, e.g., Zoller Labs., LLC v. NBTY, Inc.,* 111 F. App'x 978, 983-84 (10th Cir. 2004). As this Court held, a "claim is conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." (Docket No. 324 at 13, citing *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 35 (1st Cir. 2000).) Thus, there is no conflict between the doctrine and what is required for a party to establish literal or implied falsity.

For the same reason, the plain language of the Lanham Act does not preempt the theory of false by necessary implication. As Whirlpool stated, the Lanham Act prohibits advertising that is "false or misleading," and statements that are literally true or ambiguous fall within the "misleading" category. Statements that are false by necessary implication, however, are neither true nor misleading, but instead expressly false. The false by necessary implication doctrine also does not sidestep the requirement that implied statements require proof that consumers are actually deceived. The entire premise behind the doctrine is that although the claim is implied, the audience would recognize the claim as readily as if it had been explicitly stated. *Clorox*, 228 F.3d at 35. This Court correctly found that material issues of fact remain as to whether Whirlpool's claims necessarily imply an unambiguously false message. (Docket No. 324 at 14.) Accordingly, the Court made no manifest error of law in its holding regarding the false by necessary implication doctrine.

### III. WHIRLPOOL'S REQUST FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B) MUST BE DENIED.

An "[i]nterlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Fairley v. Andrews et. al,* No. 03-C-5207, 2007 U.S. Dist. LEXIS 70539 at *31 (N.D. Ill. Sept. 24, 2007) (St. Eve, J.) quoting *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief*, 291 F.3d 1000, 1007 (7th Cir. 2002) (internal citations omitted); *see also Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000). "Unless **all** of these criteria are satisfied, the district court may not and

11

should not certify its order to [the Seventh Circuit] for an immediate appeal under section 1292(b)." *Fairley,* 2007 U.S. Dist. LEXIS at *31-32 quoting *Ahrenholz,* 219 F.3d at 676 (emphasis in original). "As with a motion to reconsider, '[i]nterlocutory appeals … are to be granted sparingly." *Village of Schaumburg v. St. Paul Mercury Ins. Co.*, No. 07 C 6654, 2009 U.S. Dist. LEXIS 42515 at *9 (N.D. Ill. May 20, 2009) (quotation omitted).

"Section 1292(b) was not intended to make denials of summary judgment routinely appealable." *Ahrenholz,* 219 F.3d at 676 (citations omitted). In fact, "[a] denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Id.* Since *Ahrenholz*, a litany of cases have consistently declined to allow an interlocutory appeal from the denial of a summary judgment motion. *See*, *e.g.*, *Village of Schaumburg,* 2009 U.S. Dist. LEXIS 42515 at *9; *Happel v. Wal-Mart Stores, Inc.*, No. 02 C 7771, 2006 U.S. Dist. LEXIS 52288 at *8-10 (N.D. Ill. June 29, 2006) (declining to certify questions on appeal that could not be "divorced from their factual context"); *Zikis v. Pfizer, Inc.*, No. 04 C 8104, 2005 U.S. Dist. LEXIS 16354 at *4-6 (N.D. Ill. Aug. 8, 2005); *JamSports & Entmt, LLC v. Paradama Prods.*, No. 02 C 2298, 2004 U.S. Dist. LEXIS 25601 at *12-14 (N.D. Ill. Dec. 20, 2004); *Amoroso v. Crescent Private Capital, L.P.*, No. 02 C 1453, 2003 U.S. Dist. LEXIS 21368 (N.D. Ill. Nov. 25, 2003).

Whirlpool requests that, if the Court does not reverse its holding and grant Whirlpool summary judgment as to LG's literal falsity claims, it should certify two questions for appeal:

1. Should the Seventh Circuit recognize a claim for literal falsity by necessary implication?

2. Can an ambiguous advertising claim be the subject of a literal falsity claim?

This Court should deny Whirlpool's request to certify both questions. *First*, neither question is controlling as to either of LG's claim for literal falsity. *Second*, neither question is contestable. *Third,* Whirlpool has failed to show that the resolution of either question would expedite the resolution of this litigation.

### A. Neither Issue Raised by Whirlpool is Controlling.

An issue is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). In other words, "if interlocutory reversal might

12

save time for the district court, and time and expense for the litigants," the issue is controlling. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Here, neither question is controlling. The first question is not controlling because its resolution would not further the course of the litigation, or save time or expense for either litigant, as this Court found that LG's literal falsity claim survived summary judgment for reasons other than the necessary implication doctrine. (Docket No. 324 at 15 ("Given the lack of a clear definition of 'steam' *and the remaining issues of material fact raised by the context of Whirlpool's advertisements*, the Court cannot conclude as a matter of law that Whirlpool's steam claims are not literally false." (emphasis added).) There would still be a trial on literal falsity, and the same evidence would still be presented. The second question is not relevant, as this Court did not hold that any Whirlpool claims are ambiguous as a matter of law. *See Rodgers v. Allen,* No. 35 C 3540, 2009 U.S. Dist. LEXIS 81137 at *8 (N.D. Ill. Sept. 2, 2009) (refusing to certify questions that do not apply to the case at bar and thus cannot be controlling).[2]

### B. The Issues Raised by Whirlpool Are Not Contestable.

"A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Fairley v. Andrews*, 2007 U.S. Dist. LEXIS 70539 at *31 citing *Calvin v. Sheriff of Will County*, No. 03 C 3086, 2006 U.S. Dist. LEXIS 27341, 2006 WL 1005141, at *4 (N.D. Ill. Apr. 14, 2006); *see also Mannix v. Machnik*, No. 05 C 7232, 2006 U.S. Dist. LEXIS 8868, 2006 WL 566447, at *3 (N.D. Ill. March 3, 2006) ("contested question of law," is defined as one creating a "substantial ground for difference of opinion.") (citing 28 U.S.C. § 1292(b)). A party moving for certification under § 1292(b) "may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression." *Von Holdt v. A-1 Tool Corp.*, No. 04 C 4123, 2005 U.S. Dist. LEXIS 15155 at *9 (N.D. Ill. July 25, 2005) (citations omitted).

Whirlpool points out that six circuits, the First, Second, Third, Fourth, Ninth and Tenth Circuits, have accepted the literal falsity by necessary implication doctrine. (Docket No. 337 at 6.) Whirlpool fails to point out, however, that no court has ever rejected it. In *Fairley*, 2007 U.S. Dist. LEXIS 70539 at *31, this Court found that the issue in question was not contestable

---

[2] For the same reason, the second question cannot satisfy the remaining elements required under § 1292(b).

13

because the plaintiffs had put forth "no conflicting decisions regarding the controlling issue of law," and "under the circumstances, the Court cannot conclude that its decision likely will be reversed on appeal."[3] *Id.* at *33-34. The same is true here. Because Whirlpool is unable to point to any authority, controlling or otherwise, that conflicts with this Court's ruling that Whirlpool's advertising can be literally false by necessary implication, this Court should deny Whirlpool's request to certify this question for review. And as set forth *supra* at 9-11, Whirlpool also has not presented a cognizable argument that the Seventh Circuit would reject the doctrine of false by necessary implication in any event.

## C. Consideration of Either Issue Will Not Materially Advance This Litigation.

The resolution of a question of law must also "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Ahrenholz*, 219 F.3d at 674. Even if the Seventh Circuit did become the first court to hold that an advertising claim cannot be literally false by necessary implication, such a holding would not materially advance the ultimate termination of this litigation. This Court did not deny summary judgment as to LG's literal falsity claims solely based on the proposition that Whirlpool's advertising may be false by necessary implication. This Court also found that "[g]iven the lack of a clear definition of 'steam' and the remaining issues of material fact raised by the context of Whirlpool's advertisements, the Court cannot conclude as a matter of law that Whirlpool's 'steam' claims are not literally false." (Docket No. 324 at 15.) Thus, even if Whirlpool's advertisements could not be literally false by necessary implication, LG's literal falsity claim still goes to the jury.

Moreover, this Court denied Whirlpool's request for summary judgment as to LG's implied falsity claim. Even if LG's entire literal falsity claim were to fail if the Seventh Circuit became the first court not to apply the doctrine of false by necessary implication, which it would not, this case would still move to trial on LG's implied falsity claim. In *Zurich Capital Mkts.*, this Court declined to allow an interlocutory appeal to go forward based on the question of whether it wrongly decided that a plaintiff had standing to dismiss an unjust enrichment claim. *Id.*, 2005 U.S. Dist. LEXIS 16702 at *36-37. Though the resolution of the question could have ultimately resulted in the dismissal of the unjust enrichment claim, this Court held that because

---

[3] In *Fairley*, the plaintiffs requested that this Court "certify for appeal the question 'whether Section 1983 permits a cause of action for harassment and intimidation in anticipation of and to discourage future speech protected by the First Amendment." *Id.*

14

other claims remained in the case, "resolution of the unjust enrichment issue will not expedite the resolution of the litigation."  *Id.*   Likewise, in *In re Kmart Corp.*, 04-C-4978, 2004 U.S. Dist. LEXIS 19829 (N.D. Ill. Oct. 1, 2004), this Court declined to hear an appeal from the bankruptcy court under the standard articulated in *Ahrenholz* where "an immediate appeal [was] more likely to delay litigation than materially advance the ultimate termination." *Id.*, 2004 U.S. Dist. LEXIS at *12-13 (citations omitted).  Here, like in *Zurich Capital Mkts.* and *Kmart*, the resolution of the questions will do nothing to materially advance the litigation, and will only serve to delay resolution of this case.

Whirlpool cites *In re Ocwen Federal Bank,* 04 C 2714, MDL No. 1604, 2006 U.S. Dist. LEXIS 34647 at *9-10 (N.D. Ill. May 16, 2006) for the proposition that dismissal of a count would speed up the litigation.  In *Ocwen*, however, the court determined that resolution of controlling, contestable questions via an interlocutory appeal would speed up the litigation where the vast majority of the case, twenty out of twenty-three counts, could ultimately be dismissed. *Id.* at *9-10.  Here, Whirlpool cannot show that *any* counts would be dismissed, let alone the majority.  Regardless of the resolution of the questions Whirlpool presents on appeal, this case will go to trial.  As such, Whirlpool's motion should be denied.

## CONCLUSION

For the foregoing reasons, Whirlpool's Motion for Clarification and/or Application for Certification under 28 U.S.C. § 1292(b) should be denied.

Dated:  November 10, 2009                Respectfully submitted,

**LG ELECTRONICS U.S.A., INC.**

By:  /s/ Bryna J. Dahlin
       One of its attorneys

Ronald Y. Rothstein - rrothstein@winston.com
Bryna J. Dahlin  - bdahlin@winston.com
Eric Broxterman - ebroxterman@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600 – telephone
(312) 558-5700 – facsimile