

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 09-3777

IN RE:

WHIRLPOOL CORPORATION,

*Petitioner.*

Petition for Writ of Mandamus
from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 08 C 242—**Amy J. St. Eve**, *Judge.*

No. 09-3795

LG ELECTRONICS, U.S.A., INC.,

*Plaintiff-Appellee,*

v.

WHIRLPOOL CORPORATION,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 242—**Amy J. St. Eve**, *Judge.*

SUBMITTED FEBRUARY 3, 2010—DECIDED MARCH 3, 2010

Before EASTERBROOK, *Chief Judge*, and WOOD and EVANS, *Circuit Judges.*

PER CURIAM. LG Electronics, U.S.A., sued Whirlpool Corporation for infringing its trademark in a dryer that uses steam to reduce wrinkles. When it asked Whirlpool to produce communications between its attorneys and its outside advertising agencies relating to the purportedly infringing dryer, Whirlpool objected that the communications were protected by the attorney-client privilege. Whirlpool argued that the advertising agents were not third parties, to whom the privilege typically does not apply, but *de facto* employees of the company. Whirlpool alternatively contended that the communications should be kept confidential on the ground that the advertising agencies shared with it a common legal interest in producing lawful advertisements. In a lengthy and thoughtful decision, the district court rejected both arguments and ordered Whirlpool to disclose the communications.

Whirlpool immediately sought relief in this court. At the time there was uncertainty about whether rulings on the attorney-client privilege could be appealed as collateral orders, because *Mohawk Indus., Inc. v. Carpenter,* 130 S. Ct. 599 (2009), which addressed this very issue, was pending before the Supreme Court. Whirlpool therefore filed both an appeal and a petition for a writ of mandamus. It asked us to rule on the mandamus petition only if the Court concluded we lacked jurisdiction over the appeal. We granted Whirlpool's request to stay proceedings in both cases pending the Supreme Court's decision in *Mohawk*.

CaseSe:1:08-ev-00242 Document #:3691Filed:03/25/10 Page:3 of 4 PageID #:11492

The Supreme Court held in *Mohawk* that rulings that allegedly infringe upon the attorney-client privilege are not appealable as collateral orders. *Id.*, 130 S. Ct. at 609. Consequently, as the parties acknowledge, Whirlpool's appeal must be dismissed for lack of jurisdiction.

In its petition for a writ of mandamus, to which LG Electronics has responded, Whirlpool submits that the unavailability of collateral appeal requires us to relax our standards for issuing writs of mandamus. We reject this argument. A petitioner seeking a writ of mandamus must show both that the challenged district court order will be effectively unreviewable if the petitioner is forced to wait until the end of the case and also that the order is patently erroneous or usurpative in character. *United States v. Vinyard*, 539 F.3d 589, 591 (7th Cir. 2008). As the Supreme Court commented in *Mohawk*, mandamus is reserved for "extraordinary circumstances—*i.e.*, when a disclosure order 'amounts to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice. . . ." *Id.*, 130 S. Ct. at 607 (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 390 (2004)). The Court concluded that even though discretionary review mechanisms such as mandamus "do not provide relief in every case, they serve as useful 'safety valves' for promptly correcting *serious* errors." *Id.*, at 607-08 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994)) (emphasis added).

This is not such a case. The district court carefully considered Whirlpool's arguments that communications between its counsel and outside advertising agencies

should be protected by the attorney-client privilege, either because agency staff functioned as *de facto* Whirlpool employees or because the agencies and Whirlpool shared a common legal interest. And the cases Whirlpool cites, most of them from district courts, fail to establish that the district court's rejection of Whirlpool's position was patently erroneous or usurpative in character—in other words, a serious error. Without that, mandamus is inappropriate, regardless of whether Whirlpool has any other opportunities for appellate review, such as refusing to turn over the documents and then using the ensuing sanctions under FED. R. CIV. P. 37(b)(2) as the basis of an appeal. Accordingly, Whirlpool's petition for writ of mandamus is DENIED.

The conclusion that we have reached makes it unnecessary to act on other pending motions. The clerk of this court shall return all of the sealed envelopes to the district court under seal.