# EXHIBIT

# A

# UNPUBLISHED CASES



Slip Copy, 2010 WL 1571186 (D.Conn.)
**(Cite as: 2010 WL 1571186 (D.Conn.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
D. Connecticut.
Kimberly BORGES, Plaintiff,
v.
SEABULK INTERNATIONAL INC, et al., Defendants.
**No. 3:04CV324(DFM).**

April 12, 2010.

Named Expert: Dr. Stuart C. Belkin, M.D.
Brian T. Foley, Mcgovern & Associates, Robert K. Lansden, Ponchatoula, LA, for Plaintiff.

James E. Forde, Gregory W. O'Neill, James M. Hazen, Hill, Betts & Nash LLP, New York, NY, Robert K. Marzik, Stratford, CT, for Defendant.

*RULING ON DEFENDANTS' MOTION IN LIMINE AS TO DR. BELKIN*

DONNA F. MARTINEZ, United States Magistrate Judge.

**\*1** Pending before the court is the defendants' motion in limine to preclude the plaintiff from calling Dr. Belkin or offering his deposition testimony. (Doc. # 99.) The motion is denied.

The defendants first assert that the plaintiff is barred from calling Dr. Belkin as a witness based on Fed.R.Civ.P. 26(b)(4)(B). The court disagrees. Rule 26(b)(4)(B) governs limitations on discovery and "does not address itself to the admissibility at trial of the testimony of such an expert which is elicited by the opponent." *Agron v. Trustees of Columbia University in City of New York,* 176 F.R.D. 445, 449 (S.D.N.Y.1997). *See also* 6 Moore's Federal Practice § 26.80[1][a] at 479 (3rd ed. 2009)("Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial.") To the extent that the defendants are concerned about the potential prejudice stemming from testimony that reveals that they consulted Dr. Belkin, the court can instruct the plaintiff and Dr. Belkin not to make any mention of his prior retention by the defendants. *See e.g., Agron,* 176 F.R.D. at 451 (where defendants called expert originally retained by plaintiff, court required plaintiff and expert not to make any mention of his prior retention); *House v. Combined Ins. Co.,* 168 F.R.D. 236, 248 (N.D.Iowa 1996) (court held instruction restricting parties and the expert from referring to the circumstances of the expert's retention "can indeed avoid or largely eliminate the potential of disclosure to the jury").

The defendants next assert that the plaintiff is precluded from offering Dr. Belkin's deposition into evidence based on Fed.R.Civ.P. 32(a)(4) because he is not "unavailable." As the plaintiff has indicated that he has subpoenaed Dr. Belkin to testify, this aspect of the defendants' motion is denied without prejudice.

SO ORDERED.

D.Conn.,2010.
Borges v. Seabulk Intern. Inc.
Slip Copy, 2010 WL 1571186 (D.Conn.)

END OF DOCUMENT