# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 9/1/2010 |
| **CASE TITLE** | LG Electronics vs. Whirlpool Corp | | |

**DOCKET ENTRY TEXT**

Whirlpool's Motion in Limine to Limit Count IV of LG's Second Amended Complaint [457] is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Whirlpool has moved to bar LG's recasting of its claim for common law unfair competition as a claim for tortious interference with business expectancy. Whirlpool contends that LG's recasting of its claim by way of a jury instruction is procedurally improper and unfairly prejudicial. The Court agrees and for the following reasons grants Whirlpool's motion.

     Count IV of LG's Second Amended Complaint is entitled "Illinois Common Law of Unfair Competition." (R. 116, Compl. at 12.) In Count IV, LG asserts that Whirlpool's advertising claims constitute false and misleading descriptions and misrepresentations of fact in commercial advertising, and that they misrepresent the performance capabilities of its steam dryers in violation of Illinois common law. *Id.* at ¶ 61. LG also asserts that Whirlpool's unfair competition in this regard is willful, and that Whirlpool "knowingly seeks to misappropriate LG USA's valued customers and to injure and tarnish LG USA's valuable goodwill reputation." *Id.* at ¶ 62-63. In its proposed jury instruction No. 15 for common law unfair competition filed on August 17, 2010 (R. 456, Proposed Pre-Trial Order), LG states that, "Illinois courts have defined the circumstances of unfair competition as an unprivileged interference with prospective business advantage." (R. 465-11, Whirlpool's Proposed Jury Instruction No. 15 at 49.) LG then lists the elements for an Illinois common law claim for intentional interference with a prospective business advantage. *Id.*

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Illinois courts have stated that a plaintiff "cannot meet the requirements for interference with prospective advantage unless it makes a showing of unfair competition on the part of [defendant]." *Soderlund Bros., Inc. v. Carrier Corp.,* 278 Ill. App. 3d 606, 618, 663 N.E. 2d 1, 10, 215 Ill. Dec. 251, 260 (Ill. App. Ct. 1995) (citing *Belden Corp. v. InterNorth, Inc.*, 90 Ill. App. 3d 547, 551, 45 Ill. Dec. 765, 768, 413 N.E. 2d 98, 101 (Ill. App. Ct. 1980)). Indeed, numerous courts have recognized that common law unfair competition shares elements with common law tortious interference with business expectancy. *See The Film and Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill. App. 3d 462, 472-473, 856 N.E. 2d 612, 62, 305 Ill. Dec. 807, 817 (Ill. App. Ct. 2006) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, No. 93 C 5041, 1997 WL 798907 (N.D. Ill. 1997)). In the majority of cases cited by LG in its motion, however, the plaintiff pled its common law unfair competition and common law tortious interference with business expectancy claims as separate claims. *See id.* ("Since . . . we have concluded that there is no evidence to support [planitiff's] allegations of [tortious inference with prospective economic advantage], we can dispose of the unfair competition claim as well without necessitating any further analysis."); *see also Integrated Genomics, Inc. v. Kyrpide*, No. 06 C 6706, 2008 WL 630605, *13 (N.D. Ill. 2008) ("[plaintiff's] unfair competition claim repeats verbatim the allegations of its tortious interference with prospective economic advantage claim").

Here, on the eve of trial, LG seeks to recast an unfair competition claim as a claim for tortious interference with economic advantage, a distinct claim under Illinois law. To succeed on a claim for tortious interference with prospective business or economic advantage under Illinois law, a plaintiff must show that: (1) it had a reasonable expectation of entering into a valid business relationship; (2) the defendant knew of the plaintiff's expectancy; (3) the defendant purposefully interfered to prevent the plaintiff's legitimate expectancy from being fulfilled; and (4) the plaintiff suffered damages resulting from such interference. *Uline, Inc. v. JIT Packaging, Inc.*, 437 F. Supp. 2d 793, 800 (N.D. Ill. 2006) (citing *Burrell v. City of Mattoon*, 378 F.3d 642, 652 (7th Cir. 2004); *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170-71 (7th Cir. 1993); *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 511, 154 Ill. Dec. 649, 657, 568 N.E. 2d 870, 878 (1991); *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 482, 230 Ill. Dec. 229, 241, 693 N.E. 2d 358, 370 (1998)).

Conversely, in Illinois, the common law tort of unfair competition encompasses a "broad spectrum of law" and it is difficult to determine exactly what elements are required in order to prove such a claim. *Integrated Genomics, Inc. v. Kyrpide*, No. 06 C 6706, 2008 WL 630605, *13 (N.D. Ill 2008); *see also Zenith Elecs. Corp.,* 1997 WL 798907 at *14 (observing that "the common law tort of unfair competition encompasses a 'broad spectrum of law'" and noting that the "court has not found[] an Illinois case which definitively sets forth the elements of a common law unfair competition claim for all factual scenarios."). "Stating a claim for unfair competition under Illinois common law is not a simple task because the Illinois courts have not specifically enumerated the requisite elements." *BlueStar Mgmt. v. The Annex Club, LLC*, 2010 WL 2802213, *9 (N.D. Ill. 2010) (citing *Custom Bus. Sys., Inc. v. Boise Cascade Corp.*, 68 Ill. App. 3d 50, 52, 385 N.E. 2d 942, 944, 24 Ill. Dec. 801 (Ill. App. Ct. 1979)). Indeed, the Seventh Circuit has stated that "the law of unfair competition . . . is elusive; its elements escape definition." *Wilson v. Electro Marine*, 915 F.2d 1110, 1118 (7th Cir. 1990). While some courts have analyzed Illinois common law unfair competition claims under the "rubric" of a tortious interference with prospective business expectancy claim, *see Zenith Electronics Corp.,* 1997 WL 798907 at *14, others have noted that "Illinois courts have . . . recognized that the Uniform Deceptive Trade Practices Act ("UDTPA") has codified most aspects of the common law tort of unfair competition." *BlueStar,* 2010 WL 2802213 at *9 (citing *Custom Bus. Sys.*, 68 Ill. App. 3d at 52-53, 24 Ill. Dec. 801, 385 N.E. 2d 942); *see also McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1174 (7th Cir. 1986) (noting that the court need not address plaintiff's claim "that the defendants had engaged in unfair competition in violation of Illinois common law" because the "Illinois Deceptive Trade Practices Act is merely a codification of the Illinois common law of unfair competition.") (internal citations omitted).

By pleading a broad claim for common law unfair competition that is without defined elements under Illinois law, LG left open various ways in which it could characterize its claim. This case has been pending for more than two and a half years, and LG waited until the eve of the complex trial in this case to disclose to

Whirlpool its intent to pursue a common law claim for tortious interference with prospective business expectancy. Such a claim is well-grounded in Illinois law and has distinct elements, and LG has presented no explanation for its delay in informing Whirlpool and the Court of its intention to pursue such a claim. Whirlpool did not have the benefit of discovery with regard to a tortious interference with business expectancy claim, nor did it have the opportunity to plan its pre-trial strategy based on this claim. Accordingly, permitting LG to pursue its claim at this late stage in the litigation would be highly prejudicial to Whirlpool. The Court therefore grants Whirlpool's motion.