# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 9/7/2010 |
| **CASE TITLE** | LG Electronics vs. Whirlpool Corp. | | |

**DOCKET ENTRY TEXT**

LG's Motion In Limine to Exclude Testimony of Untimely Disclosed Witnesses [454] is granted in part.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     LG has moved to bar Whirlpool from offering the testimony of six witnesses that Whirlpool disclosed to LG for the first time in Whirlpool's Second Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), served on the final day of fact discovery. The six witnesses, Fred Chernetski, Steve Koetsier, Prasath Thirukonda, Curt Tremel, Thomas Hassett and Martha Wah, are Whirlpool employees whom Whirlpool contends may have information regarding its claims or defenses. For the following reasons, the Court grants LG's motion.

     Rule 26(a)(1) provides that a party must disclose individuals to the other party that are "likely to have discoverable information--along with the subjects of the discoverable information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) further requires a party to supplement its 26(a)(1) disclosures and interrogatory responses in a timely manner. Fed. R. Civ. P. 26(e)(1)(A). Pursuant to Rule 26(e), however, "an obligation to seasonably supplement [] Rule 26(a) disclosures and interrogatory responses . . . [is] required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process . . . .'" *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). Pursuant to Rule 37, if a party fails to timely supplement its disclosures, the Court may exclude the witnesses at issue from providing evidence at trial. *See* Fed. R. Civ. P. 37(c)(1).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Since the filing of LG's motion, Whirlpool filed its revised witness list with the Court. (R. 507, Whirlpool's Revised Witness List.) None of the witnesses at issue appear on Whirlpool's "will call" list, and only two, Fred Chernetski and Prasath Thirukonda, appear on Whirlpool's "may call" list. With respect to the four individuals that do not appear on Whirlpool's revised witness list, Steve Koetsier, Curt Tremel, Thomas Hassett and Martha Wah, the Court denies LG's motion as moot. To the extent that LG believes that its motion may still be relevant as it applies to these individuals, LG should be prepared to address the issue at the final pre-trial conference.

With respect to Fred Chernetski and Prasath Thirukonda, Whirlpool contends that it identified both witnesses to Whirlpool through discovery. Chernetski and Thirukonda are two of a number of Whirlpool engineers that conducted testing to compare the relative performance of the LG and Whirlpool steam dryers. Whirlpool contends that Chernetski and Thirukonda's names appear on a document discussed during discovery regarding the testing comparisons. In addition, Whirlpool points out that Chernetski's name appears on a number of documents that LG has listed as trial exhibits. While it is clear that LG is aware of the identity of these witnesses, Whirlpool has not demonstrated it otherwise disclosed the subjects about which they would testify during the discovery period. *See* Fed. R. Civ. P. 26(a)(1). Discovery in this case was extensive and the documentary evidence, 369,488 pages, was quite voluminous. Disclosure of these witnesses on the final day of fact discovery prejudices LG in this case in its trial preparation efforts because discovery has closed and trial is set for October 4, 2010. In addition, Whirlpool has provided no explanation for its delay in disclosing these additional fact witnesses. As another Court in this district has explained in a similar context in which a party disclosed witnesses on the final day of fact discovery:

> Plaintiff may be intimately familiar with every person who works for Defendant, but that does not alter the goal of discovery, which is to enable both sides to make effective preparation for trial. Disclosing the identity of potential witnesses during the last week (and even the last day) of discovery undermines Plaintiff's ability to prepare effectively for trial; it reeks of unfair surprise. New witnesses can change the direction and strategy of an entire case. . . . Moreover, the Defendant has proffered no justification for the late disclosure of these two witnesses.

*Zingerman v. Freeman Decorating Co.*, No. 02 C 6050, 2003 WL 22057032, *4. (N.D. Ill. 2003). For the foregoing reasons, the Court grants LG's motion with respect to Fred Chernetski and Prasath Thirukonda.