**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 242 |
| v. | ) | |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Whirlpool has moved in limine to exclude the testimony of Dr. Judith N. Levi. For the following reasons, the Court grants Whirlpool's motion.

Whirlpool retained Dr. Judith N. Levi, an expert in linguistics, to rebut LG's position in its motion for preliminary injunction that the word "steam" had only one meaning. Whirlpool asked Dr. Levi to investigate the validity of LG's claim that steam has only one definition as set forth in LG's complaint. In opposition to LG's motion for preliminary injunction, Whirlpool submitted Dr. Levi's declaration in which she opined that there are at least two non-abstract senses of the word steam, as well as numerous abstract meanings. (R. 53, Levi Decl. at 14.) Dr. Levi did not assert in her report or during her deposition that her objective was to set forth all of the non-abstract senses in which the word steam is used. Conversely, she testified that "I claim there are at least two senses, two non-abstract senses of the word steam" and that "I did not explore whether there is a third." (R. 437, Ex. A, 57-58.) Other than her declaration submitted in opposition to LG's motion for preliminary injunction, Dr. Levi did not submit any further opinion with regard to this litigation.

Despite its retention of Dr. Levi to assist in its opposition to the preliminary injunction at the very early stages of this litigation, Whirlpool did not list Dr. Levi in its Rule 26(a)(1) disclosures or its Rule 26(a)(2) expert disclosures. LG, however, took Dr. Levi's deposition and listed her as a third-party fact witness on its Amended Supplemental Rule 26(a)(1) Initial Disclosures. LG did not list Dr. Levi as an expert witness in any disclosure to Whirlpool.

In addition to her opinion regarding non-abstract senses of the word steam, LG asserts that "[a]t Whirlpool's request, Dr. Levi considered whether another 'intermediate' meaning of steam exists, one that would include 'vapor arising from a heated substance' or invisible evaporation." (R. 487, LG's Resp. at 2.) LG seeks to introduce this evidence at trial. When asked at her deposition whether she had looked for an "intermediate sense" of the word steam, however, Dr. Levi responded: "I was asked my thoughts on that at some point, but I was not asked to do any searches to explore that in any detail." *Id.* at 95. She further explained:

> I wasn't asked to look into it in the sense of performing a significant and useful amount of research. I was asked what I thought about that idea and I reported, as it says on Exhibit 23, this is only a set of preliminary ideas not a finished analysis. I specified my initial reaction is such and such and I specify that I hadn't observed any data of a certain kind, but then I said, well, strictly speaking, I should reexamine the data. It was very clear these were preliminary ideas, I would not call that looking into the meaning of steam in some hypothetical, intermediate sense, because I did not do research.

*Id.* at 109-110.

The Court bars Dr. Levi's testimony because she is an expert witness that LG failed to disclose in its expert disclosures and because Rule 702 bars significant portions of Dr. Levi's testimony. As an initial matter, LG does not contest that "Dr. Levi has no factual knowledge of this case outside her retention by Whirlpool as a linguistics expert." (R. 437, Whirlpool's Mot. at 3.) Indeed, LG asserts in its opposition to the motion in limine that "Dr. Levi's opinion was informed by her specialized knowledge due to her extensive qualifications as a linguist and the

research she performed." (R. 487, LG's Resp. at 5.) LG's failure to adhere to the strictures of Rule 26(a)(2) is alone sufficient to bar Dr. Levi's testimony. *See* Fed. R. Evid. 26(a)(2) ("a party must disclose to the other party the identity of any witness it may use at trial to present evidence under Rule 702, 703, or 705"); Fed. R. Evid. 37 ("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial"). In addition, LG's contention that Whirlpool should have raised its objections to Dr. Levi's expert testimony at an earlier juncture is disingenuous because LG did not list Dr. Levi as an expert in its Rule 26(a) disclosures.

There is a further reason to bar Dr. Levi's testimony. Federal Rule of Evidence 702 governs the admission of expert testimony. It states, in relevant part, that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact . . . a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion . . . ." Fed. R. Evid. 702. "It also requires that: (1) the testimony must be based upon sufficient facts or data; (2) it must be the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case." *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 824 (7th Cir. 2010) (citing Fed. R. Evid. 702)). Dr. Levi made clear that she did not employ her usual methods to analyze whether there was an intermediate sense of steam. Indeed, she specifically testified that her opinions in this were regard were "not a finished analysis" and only "preliminary ideas." This is not sufficient to satisfy Rule 702.[1] *See Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 924 (7th Cir. 2000)

---

[1] LG's contention that Dr. Levi's statements qualify as admissions of a party-opponent are similarly not persuasive. LG seeks to introduce evidence that Dr. Levi specifically testified was not a result of her professional expertise and methods. As a result, her limited testimony and preliminary thoughts in this regard do not constitute a proper admission by a party-opponent. *See* Fed. R. Evid. 801(d); *see also Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1019 (8th Cir. 2004) (rejecting party's attempts to salvage expert's testimony by arguing that it was admissible as an admission of a party

(noting that "experts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data" and that "talking off the cuff-deploying neither data nor analysis-is not an acceptable methodology").

For the foregoing reasons, the Court grants Whirlpool's motion in limine.

DATED: September 13, 2010

ENTERED:

_____
AMY J. STUEVE
United States District Court Judge

---

opponent where there were "substantial, legitimate problems with his methodology").