# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 242 | **DATE** | 9/14/2010 |
| **CASE TITLE** | LG Electronics vs. Whirlpool Corp | | |

**DOCKET ENTRY TEXT**

Whirlpool's Motion in Limine to Exclude Trial Testimony Not Previously Disclosed During 30(b)(6) Depositions [464][465] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Whirlpool has moved in limine to exclude trial testimony not previously disclosed during the Rule 30(b)(6) depositions of LG's corporate designees. Whirlpool contends that LG should be limited to its designees' testimony on the specific topics identified in Whirlpool's Rule 30(b)(6) deposition notices. For the following reasons, the Court denies Whirlpool's motion.
     Rule 30(b)(6) provides that a party may name a corporation as a deponent, but "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more officers . . . to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* "The persons designated must testify about information known or reasonably available to the organization." *Id.*

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

As an initial matter, the strictures of Rule 30(b)(6) are self-evident and Whirlpool points to no binding authority to support its contention that the Court should limit the introduction of evidence on designated topics to the testimony of LG's 30(b)(6) witnesses. Indeed, the only case cited by Whirlpool in its motion from this district merely stands for the proposition that:

> Rule 30(b)(6) authorizes litigants to name a business entity as a deponent. Fed.R.Civ.P. 30(b)(6). Doing so places a duty upon the business entity to designate an individual to testify on behalf of the corporation who has knowledge responsive to subjects requested in the Rule 30(b)(6) requests of its opponents. *See Smithkline Beecham Corp. v. Apotex Corp.*, No 98 C 3952, 2000 WL 116082, * 8 (N.D. Ill. Jan. 24, 2000) (citing *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir.1993)). Thus, Rule 30(b)(6) imposes a duty upon the business entity to perform a reasonable inquiry for information and prepare the selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know.

*Beloit Liquidating Trust v. Century Indem. Co.*, No. 02 C 50037, 2003 WL 355743, *2 (N.D. Ill. Feb. 13, 2003). There is nothing in the text of the rule to prevent a 30(b)(6) deponent or other witness from testifying as to topics contained on the 30(b)(6) notices when the corporate representative was unable to provide knowledge, or only able to provide limited knowledge, on the subject. Indeed, in addressing a similar scenario pursuant to Rule 30(b)(6), the Seventh Circuit recognized that "[t]estimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001). In *A.I Credit Corp.* the Seventh Circuit considered the portion of Rule 30(b)(6) which provides, "[t]he persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Evid. 30(b)(6). The Court noted that, in the light of that provision, one of the parties "apparently construes the Rule as absolutely binding a corporate party to its designee's recollection unless the corporation shows that contrary information was not known to it or was inaccessible. Nothing in the advisory committee notes indicates that the Rule goes so far." *A.I. Credit Corp.*, 265 F.3d at 637 (7th Cir. 2001). *See also In re Katrina Canal Breaches Consol. Litig.*, 2009 WL 1208357, *1 (E.D. La. April 30, 2009) (permitting fact witness and 30(b)(6) witness to testify to the same issues). Similarly, Whirlpool has identified no authority which requires the Court to bar evidence beyond the designees' testimony on designated topics. This is especially significant because the alleged deficiencies of the testimony of LG's 30(b)(6) designees is limited in scope. The Court has reviewed the relevant testimony of the Rule 30(b)(6) witnesses and will address each 30(b)(6) topic in turn.

First, LG designated Chul Jin Choi as its 30(b)(6) representative on performance testing of the parties' steam dryers. Whirlpool does not contest that Choi testified extensively on this topic. Instead, Whirlpool contends that, with regard to Kenmore testing, Choi was unable to address how many dryers were tested, how many tests were conducted on each machine, and whether the results indicated a statistically significant difference in performance. Choi, however, explained that his concern was the manner of testing and specifically identified individuals who could answer the questions posed by Whirlpool. Whirlpool also contends that Choi did not know whether there was an industry standard for odor removal in the US, but this issue was not within the parameter of Choi's 30(b)(6) designation topics. Whirlpool further contends that Choi did not know whether performance testing on LG's steam dryer was conducted in 2008 for claims testing, whether additional testing occurred in 2008 in connection with "Whirlpool issues," or whether information contained in third party reports was sufficient to form a conclusion regarding statistical significance of odor reports. Each of these issues, however, was outside the scope of Whirlpool's 30(b)(6) topics.

Second, LG designated David Palmer to testify regarding the procedures and results regarding testing of any risk of clothing damage or snagging, water leaking or flooding, and/or nozzle clogging related to the use of Whirlpool's steam dryer. In response to questioning regarding whether LG conducted testing regarding these risks, Palmer testified that LG did not conduct this type of testing because the risks posed by the Whirlpool dryers were obvious. The Court need not address further constraints on testimony in this regard because the Court has

already ruled that LG may not introduce evidence of undisclosed testing information. (R. 471, Minute Entry.) LG also designated Palmer to testify regarding the operation of the steam and/or water used during the steam cycle in LG's dryers. Whirlpool highlights a series of technical questions that it asked Palmer regarding the operation of steam in the steam cycle. Palmer was able to address how the steam in LG's dryer drum works to relax wrinkles and odors, but was unable to identify the specific characteristics of the moisture that interact with clothes in the steam dryer. In some instances, Palmer pointed Whirlpool to LG's experts. While Whirlpool criticizes the extent of Palmer's answers in this regard, Whirlpool has not demonstrated that Palmer was unable to testify as to the topic identified by Whirlpool in its 30(b)(6) designation, nor did Whirlpool seek to compel additional responses from LG. Indeed, Whirlpool does not contest that Palmer testified extensively on the topics identified in the Rule 30(b)(6) designation.

Third, LG designated Timothy Kavanaugh to testify, *inter alia*, regarding LG's market shares, sales, costs, design, engineering, advertising and profits. In its motion, Whirlpool merely asserts that he "was unable to testify regarding the meaning of various LG sales, profit and other financial-related documents at his deposition, or how they were used" and that the Court should accordingly preclude LG from introducing evidence to supplement Kavanaugh's testimony. (R. 465, Whirlpool's Mot. at 6.) Again, as with Palmer, Whirlpool did not seek to compel further information from LG with regard to this topics, nor does Whirlpool contest that Kavanaugh testified extensively on the subjects in the 30(b)(6) designation.

In a sum, Whirlpool has not demonstrated that preclusion of evidence beyond that testified to by LG's Rule 30(b)(6) corporate designees is warranted. While the three corporate designees were unable to answer each and every question asked of them, they provided extensive testimony n the designated topics. Whirlpool neither sought to compel further testimony in this area nor to have another 30(b)(6) witness deposed. Whirlpool has presented no evidence that LG failed to "perform a reasonable inquiry for information" or "prepare the selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Beloit Liquidating Trust*, No. 02 C 50037, 2003 WL 355743, *2. Whirlpool may cross-examine each of the 30(b)(6) deponents regarding their deposition testimony at trial. The Court accordingly denies Whirlpool's motion.