*MHN*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

10-20-2010

OCT 2 0 2010

**JUDGE AMY ST. EVE**
**United States District Court**

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 242 |
| v. | ) | |
| | ) | Honorable Amy J. St. Eve |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>JURY INSTRUCTIONS</u>**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy / prejudice / fear / public opinion to influence you. You should not be influenced by any person's or party's race, color, religion, national ancestry, sex, or place of incorporation.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case both of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press reports or Internet materials you may have seen or heard. Such reports and materials are not evidence and your verdict must not be influenced by them in any way.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

At various times during the trial, the lawyers addressed you. At the beginning of the trial you heard the lawyers' opening statements, at the end of the trial you heard the lawyers' closing arguments, in between you heard the lawyers' interim statements. If at any time you find that the lawyers said something to you that was not shown by the evidence, you should disregard what the lawyers have said. None of the statements or arguments made by the lawyers is evidence.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

13

You may consider statements given prior to trial by a party under oath as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, prior to trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a witness's prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You should consider only the evidence provided through the official interpreters or certified translation. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

Transcripts of the trial testimony will not be available for you to consult.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

LG Electronics U.S.A., Inc. has sued Whirlpool Corporation in connection with Whirlpool's advertising of its steam dryers. LG brings three claims against Whirlpool. The first claim is one for liability for false advertising under the federal Lanham Act. LG has three separate theories under its Lanham Act false advertising claim: 1) Whirlpool's advertisements are literally false; 2) Whirlpool's advertisements are literally false by necessary implication; and 3) Whirlpool's advertisements are impliedly false. The second claim is brought under the Illinois Consumer Fraud and Deceptive Practices Act. The third claim is under the Illinois Uniform Deceptive Trade Practices Act. Whirlpool denies each of these claims. I will instruct you on each of these claims in a moment.

LG claims that Whirlpool engaged in false advertising in violation of the Lanham Act. To succeed on this claim, LG must prove five things by a preponderance of the evidence:

1.  Whirlpool made a false or misleading statement of fact in a commercial advertisement about the nature and characteristics of its own product. A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.

2.  The statement actually deceived or had the tendency to deceive a substantial segment of Whirlpool's audience.

3.  The deception was likely to influence the purchasing decisions of consumers.

4.  Whirlpool caused the false statement to enter interstate commerce. A false statement enters interstate commerce if Whirlpool's products are advertised and sold across state lines.

5.  LG has been or is likely to be injured as a result of the false statement. Injury includes direct diversion of sales from itself to Whirlpool.

If you find that LG has proved each of these things, then you must find for LG. If, on the other hand, you find that LG has failed to prove any one of these things, then you must find for Whirlpool.

The false advertising statements necessary to establish a violation can fall into one of two categories: (1) commercial claims that are literally false, or (2) claims that may be literally true or ambiguous, but which implicitly convey a false impression, are misleading in context, or are likely to deceive consumers. The statements in the first category are sometimes referred to as "literally false" statements. The statements in the second category are sometimes referred to as "impliedly false" statements. An ambiguous statement is one that is subject to more than one meaning, one of which is true.

You have heard evidence regarding Whirlpool's training materials and internal communications. Training materials and internal communications that were never disseminated to the public should not be considered commercial advertising or promotional material for the purposes of the Lanham Act claims.

A finding of literal falsity may be based on claims the advertisement conveys by "necessary implication." An advertisement conveys a claim by "necessary implication" when, considering the advertisement in its entirety, you would recognize the claim as if it had been explicitly stated.

If the statement in question is literally false or false by necessary implication, LG need not show that the statement either actually deceived customers or was likely to do so, as deception is presumed.

For LG's implied falsity claim, LG must prove that Whirlpool's advertising actually deceived a substantial segment of its consumers. Actual consumer deception must be shown by either direct evidence from consumers or consumer surveys showing that a substantial segment of its consumers were actually misled by Whirlpool's advertising.

If you decide for LG on the question of liability, then you should consider the amount of money to award to LG, if any. LG may recover damages it sustained because of Whirlpool's false advertising and profits that Whirlpool made because of its false advertising. I will instruct you further on these damages issues in a moment. Plaintiff LG must prove its damages by a preponderance of the evidence.

If you decide for Whirlpool on the question of liability, then you should not consider this issue.

To recover damages, LG must prove two things by a preponderance of the evidence:

1.    Whirlpool's false advertising caused actual consumer deception; and

2.    As a result, LG sustained injury.

If you find that LG has proved these things, then you must consider what amount of money to award to LG as damages, if any. Damages consist of the amount of money required to compensate LG for the injury caused by Whirlpool's false advertising. LG must prove its damages by a preponderance of the evidence.

You may consider the following types of damages:

- Plaintiff's lost profits on lost sales, which consists of the revenue LG would have earned but for Whirlpool's infringement, less the expenses LG would have sustained in earning those revenues.

- Price Erosion. LG also contends that it lost profits because it had to charge lower prices for its products because of Whirlpool's false advertising. If LG proves this, it is entitled to recover the profits it lost as a result of its lowered price in addition to any profits it lost due to sales it did not make because of Whirlpool's false advertising.

In addition to LG's damages, LG may recover the profits Whirlpool gained from the false advertising. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Whirlpool received due to its false advertising.

LG is required only to prove Whirlpool's gross revenue. Whirlpool is required to prove any expenses that it argues should be deducted in determining its profits. LG is entitled to recover Whirlpool's total profits from its false advertising, unless Whirlpool proves that a portion of the profit is due to factors other than false advertising.

If you find that Whirlpool engaged in false advertising, you must also determine whether LG has proven that, at the time Whirlpool engaged in the false advertising, Whirlpool acted willfully. Whirlpool acted willfully if it knew that its advertising was false or misleading or if it acted with indifference as to whether its advertising was false or misleading.

LG alleges that Whirlpool violated an Illinois statute called the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). This Illinois statute prohibits deceptive practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission.

To prove a violation of the Consumer Fraud Act, LG must prove by a preponderance of the evidence that:

1. Whirlpool engaged in a deceptive act or unfair practice;

2. Whirlpool intended for the consuming public to rely on the deception;

3. the deception occurred in the course of conduct involving trade or commerce;

4. LG sustained actual damages; and

5. such damages were proximately caused by Whirlpool's deception.

The deception must have been material to the consumer. Deception is material where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase.

If you decide that Whirlpool has violated the Consumer Fraud Act, you must then fix the amount of money which will reasonably and fairly compensate LG for any of the following elements of damages proved by the evidence to have resulted from the conduct of Whirlpool.

Elements of recoverable damages include LG's lost profits and damages from price erosion.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Damages available under the Consumer Fraud Act are the same as the damages available under the Lanham Act. Therefore if you find that Whirlpool violated both the Consumer Fraud Act and the Lanham Act, you should award LG damages only once.

34

If you decide for Whirlpool Corporation on the question of liability, then you should not consider the question of damages.

LG alleges that Whirlpool violated an Illinois statute called the Illinois Uniform Deceptive Trade Practices Act ("Deceptive Trade Practices Act"). In order to prove that Whirlpool has violated this statute, LG must prove by a preponderance of the evidence that Whirlpool has:

1.　　represented that goods or services have characteristics, uses, or benefits that they do not have; or

2.　　represented that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another; or

3.　　engaged in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

LG has the burden to prove by a preponderance of the evidence that Whirlpool created a likelihood of confusion or misunderstanding regarding the nature, quality or characteristics of Whirlpool's steam dryers.

If you find for LG on its Illinois Uniform Deceptive Trade Practices Act claim, you should not consider the question of damages. The Court will determine what damages, if any, to award LG under the Illinois Uniform Deceptive Trade Practices Act.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and all of you will sign it.

You are free to deliberate in any way you decide or select whomever you like as a foreperson. I am, however, going to provide some general suggestions on the process to help you get started. When thinking about who should be the foreperson, you may want to consider the role that the foreperson usually plays. The foreperson serving as the chairperson during the deliberations should ensure a complete discussion by all jurors who desire to speak before any vote. Each juror should have an opportunity to be heard on every issue and should be encouraged to participate. The foreperson should help facilitate the discussion and make sure everyone has a chance to say what he or she wants to say.

In order to help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense. I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the jury might think of their opinion. I also suggest that separate tasks (such as any note taking, time keeping, and recording votes) be assigned to more than one person to help break up the workload during your deliberations. I encourage you at all times to keep an open mind if you ever disagree or come to different conclusions on facts from any of your fellow jurors. Thinking about the other juror's point of view may help you understand his or her position better or give you a better way to explain why you think your position is correct.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You many not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.