IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., INC., | ) | Case No. 08 C 242 |
| a subsidiary of LG Electronics, Inc., | ) | |
| a Korean company, | ) | Honorable Amy J. St. Eve |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Mason |
| | ) | |
| v. | ) | |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## BILL OF COSTS

Defendant Whirlpool Corporation, by its attorneys, pursuant to Federal Rules of Civil Procedure 54(d)(1) and 26(b)(4)(C) and United States District Court for the Northern District of Illinois Local Rule 54.1 respectfully requests that the Court tax the following costs against Plaintiff LG Electronics U.S.A., Inc., stating as follows:

## ARGUMENT

**1.** **Fees of the clerk and marshal – Section 1920(1)**

Whirlpool requests fees for the service of subpoenas to third party witnesses identified by LG in its discovery responses, which are recoverable under Section 1920(1). Whirlpool recognizes that service fees "may not exceed the amount charged by the United States Marshal Service[.]" *Black & Decker v. Bosch Tools*, No. 04 C 7955, 2006 WL 3883921, at *2 (N.D. Ill. Nov. 20, 2006) (St. Eve, J.). According to the Code of Federal Regulations, the fee for process served by the U.S. Marshals Service is "$55 per hour (or portion thereof) for each item served[.]"

28 C.F.R. § 0.114(a)(3). Although Whirlpool used a private process service that charged a larger flat fee, Whirlpool has reduced its requested amount to $55.00 per service for a total of $1,045.00. Whirlpool has attached a spreadsheet summarizing these invoices, along with the supporting invoices from the private process service.[1] See **Exhibit A.**

2. <u>**Court Reporting and Transcription Fees – Section 1920(2)**</u>

   a. **Court reporter fees**

Court reporter attendance fees may be recovered under Section 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). The ordinary rate for court reporter attendance fees charged ranged from $35.00 per hour to $51.00 per hour. **Exhibit B.** Court reporter attendance fees ranging from $35.00 per hour to $95.00 per hour have been found to be reasonable. *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003).

A premium court reporter attendance fee of $125 per hour was charged for the depositions of Sang Hoon Bae and Jimmy Kim because they were taken after regular business hours to accommodate the schedules of the deponents. *See* **Exhibit B**. Whirlpool also requests the recovery of court reporter parking fees of a total of $72.60 for the Robert Reitter deposition and the Timothy Kavanaugh deposition. *See* **Exhibit B; Exhibit C**. The amounts presented in **Exhibit B** include the respective court reporter fees and parking fee for the Reitter deposition. The amount presented in **Exhibit C** includes the parking fee for the Kavanaugh deposition.

   b. **Transcripts**

The Judicial Conference has established the applicable per page rates for original copies of transcripts: $3.65 for ordinary transcripts, $4.85 for expedited transcripts, $6.05 for daily

---

[1] To the extent any of the supporting documentation contains sensitive personal or financial information, it has been redacted to protect privacy.

transcripts, $7.25 for hourly transcripts, and $3.05 for Realtime transcripts. N.D. Ill. L.R. 54.1(b); N.D. Ill. General Order 07-0024, September 18, 2007. Pursuant to Local Rule 54.1(b), Whirlpool requests costs incurred for one original and one copy of each transcript, as set forth in the subcategories below. For the ordinary transcripts, to the extent any per page rates exceeded $3.65, Whirlpool reduced the amount requested to reflect the $3.65 per page maximum allowable rate.

### i. Deposition Transcripts

"The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition." *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008) (St. Eve, J.), citing *Little v. Mitsubishi Motors N. AM., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Reasonable necessity is determined "in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded[.]" *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), *overruled on other grounds*. Whirlpool noticed and deposed LG's disclosed experts, and the key LG employees, former employees, and third parties identified by LG as having been involved with the development, marketing and advertising of LG's dryers. Accordingly, Whirlpool seeks costs related to an original and one copy of those deposition transcripts. *See* **Exhibit B.** Whirlpool also seeks costs related to an original and one copy of transcripts for depositions noticed and taken by LG. *Id.* The actual invoices that show cost per page and number of pages are attached as **Exhibit B.**

Costs for exhibits copied and attached by court reporters are recoverable if they are "essential to understanding an issue in the case." *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002) (citation omitted). Whirlpool is seeking to recover

court reporter costs related to deposition exhibits, which were essential to reviewing transcripts and comprehending deposition testimony in this document-intensive case. The majority of these costs are associated with copies of exhibits attached to the transcripts of depositions noticed and taken by LG. **Exhibit B**.

Whirlpool also seeks recovery of costs associated with the word indices in deposition transcripts. *Maher v. City of Chicago*, No. 03 C 3421, 2007 WL 2908837, at *2 (N.D. Ill. Oct. 2, 2007) (allowing costs for word indices because "word indices in transcripts provide a resource for both attorneys *and* the court; a resource that, while perhaps not indispensible, is nevertheless, 'reasonably necessary.'"). To the extent there is a word index charge, it is reflected in the deposition transcript invoices. **Exhibit B.**

The total amount requested for all costs associated with the stenographic transcripts is $35,771.35. *See* **Exhibit B**; **Exhibit N**, Ramsey Decl. ¶ 7.

In addition to the stenographic transcripts, Whirlpool is also seeking recovery of expenses for video-recording the depositions, as reflected in the attached **Exhibit C**. *Little v. Mitsubishi Motors N. AM., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (emphasizing that "the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party"). Both the stenographic transcripts and the videotapes were reasonably necessary in the context of this case. Whirlpool noticed the depositions of many LG and third party witnesses who reside outside the Court's subpoena power and therefore would potentially be unavailable for trial. *See Engate, Inc. v. Esquire Deposition Svcs. LLC*, No. 01 C 6204, 2006 WL 695650, at *2 (N.D. Ill. Mar. 13, 2006). In fact, videotaped depositions of LG's employees, former employees and unavailable third parties were ultimately used at trial, including Weinstock, Martella, Kavanaugh, and Green. In addition to the costs associated with

videotaping LG and third party deponents, Whirlpool is also seeking to recover the reasonably necessary videoconferencing expenses related to the videotaped depositions of Sang Hoon Bae and Jimmy Kim in Korea. *See* **Exhibit C.** Whirlpool is also seeking recovery of the cost of obtaining a copy of the videotape for each of the witnesses LG noticed and deposed. *Top Tobacco, L.P. v. North Atlantic Operating Co., Inc.*, No. 06 C 950, 2007 WL 1149220, at *7 (N.D. Ill. Apr. 17, 2007) ("Knowing that its opponent possessed video tapes of these depositions, it was reasonable and necessary for [defendant] to obtain copies. In such a hotly contested case, [defendant] would have been ill-advised not to do so."). Whirlpool seeks a total of $45,806.20 related to videotaped depositions, which do not include shipping charges. **Exhibit C.**

### ii. Trial Transcripts

Whirlpool seeks the recovery of costs related to an original and one copy of daily and Realtime transcripts during the trial. *See* **Exhibit D.** This trial was complex and lengthy, and daily transcripts were reasonable and necessary for direct and cross examination of witnesses and for motion briefing during trial. *See Majeske v. City of Chicago*, 218 F.3d 816, 825 n.3 (7th Cir. 2000). Whirlpool cited to the daily transcripts in its motion for judgment as a matter of law filed during trial. *See* Dkt. No. 620. Whirlpool also used the daily transcripts in the demonstrative shown to the jury during its closing argument. Realtime transcripts were similarly necessary for direct and cross examination of witnesses and for the presentation of exhibits. The total requested for trial transcripts is $15,299.98. **Exhibit D.**

### iii. Hearing Transcripts

Whirlpool seeks the recovery of costs related to an original and one copy of hearing transcripts as well. *See* **Exhibit D**.

5

An expedited transcript of the Court's June 22, 2009 hearing on LG's motion to compel production of documents listed on Whirlpool's Privilege Log was necessary and reasonable to guide further action regarding the disputed documents. *Id.*

Whirlpool is seeking recovery for the costs associated with *Daubert* hearing transcripts, which were reasonably necessary for further proceedings, including the preparation of briefs and for trial preparation. *Id.*

Transcripts of the September 17, 2010 final pretrial hearing and October 1, 2010 status hearing were necessary for trial proceedings. *Id.*

It was also reasonably necessary to obtain a copy of the transcript from the post-trial injunction hearing held on February 17, 2011 because the Court ordered simultaneous supplemental briefing on evidence presented at the injunction hearing. *Id.*

In total, Whirlpool seeks $3,544.90 for reasonably necessary hearing transcripts. **Exhibit D.**

### 3. Fees for Witnesses – 28 U.S.C. § 1920(3)

#### a. Lay Witnesses

Witness fees are recoverable for a witness' attendance at court or deposition under Section 1920(3). *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 480-81 (7th Cir. 2003); Section 1821(b). Section 1821(b) limits witness fees to $40.00 per day for each day's attendance. *Id.* at 481. "Section 1821(b) also allows for the costs associated with 'the time necessarily occupied in going to and returning from the place of attendance at the beginning and

end of such attendance or at any time during such attendance.'" *Black & Decker*, 2006 WL 3883921 at *3 (St. Eve, J.), quoting 28. U.S.C. § 1821(b).[2]

A party may recover travel costs "'to and from [the] witness's residence' and the place of attendance 'by the shortest practical route.'" *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 970 (N.D. Ill. 2010), quoting 28 U.S.C. 1821(c)(1). In addition, "[s]ubsistence costs for witnesses are recoverable when 'an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.'" *Id.* at 971. "A subsistence allowance for a witness 'shall be paid in an amount not to exceed the maximum per diem allowance' set by the General Services Administration." *Id.*, citing 28 U.S.C. 1821(d)(2). In October 2010, the per diem rate for lodging in Chicago was $173.00 per day. The GSA rate for Meals & Incidental Expenses in Chicago in October 2010 was $71.00, and the rate for the first and last calendar day of travel was $53.25. Where actual subsistence costs were higher, Whirlpool has reduced the amount to the per diem allowance.

Whirlpool seeks a total of $21,284.84 for these costs, which includes both lay and expert witnesses, as discussed below. **Exhibit E.**

    **b.**    **Expert Witnesses**

As with lay witnesses, costs for witness fees, lodging, meals and incidentals are recoverable for expert witnesses as well. "Under 28 U.S.C. §§ 1920(3) and 1821(d)(1), a prevailing party is entitled to subsistence expenses for expert witnesses, which include accommodation expenses." *Trading Technologies*, 750 F. Supp. 2d at 973. Whirlpool is

---

[2] Whirlpool is only seeking recovery for Pam Klyn for the days on which she testified, and not when she was there as the corporate representative. *See Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at *4 (N.D. Ill. July 8, 2004) (St. Eve, J.).

7

requesting these costs for its expert witnesses for attendance at depositions, *Daubert* hearings and trial. *See* **Exhibit E.** The recovery of witness fees and subsistence costs is not limited to the days that an expert witness actually provides testimony. Costs such as attendance fees and a subsistence allowance are also recoverable for the duration of an expert's presence at trial to observe the testimony and demeanor of the other party's witnesses so as to effectively rebut their testimony. *See Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at *4-5 (N.D. Ill. July 8, 2004) (St. Eve, J.)

In addition, Fed. R. Civ. P. 26(b)(4)(C)(i) provides that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." "Indeed, the Seventh Circuit has concluded that expert witness fees pursuant [sic] Rule 26(b)(4)(C) are recoverable as costs under Rule 54(d)." *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *4 (N.D. Ill. Apr. 8, 2008) (St. Eve, J.), citing *Chambers v. Ingram*, 858 F. 2d 351, 360-61 (7th Cir. 1988). "Courts in this district have concluded that costs associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition." *Fairley*, 2008 WL 961592 at *5 (St. Eve, J.); *Chambers v. Ingram*, 858 F. 2d at 360-61.

Whirlpool seeks to recover $121,240.20 for reasonable expert witness fees for time spent in responding to discovery by Whirlpool's retained experts, including preparing for and attending each of their depositions, as well as for the travel costs, subsistence, and witness fees related to their depositions. *See* **Exhibit K.** The hourly rates of Whirlpool's experts are as follows:

- Dr. Ravi Dhar, marketing expert, $600.00
- Dr. Judith Levi, linguistics expert, $350.00

- Dr. Subbaiah Malladi, technical expert; $395.00
- Dr. Stephen Nowlis, marketing expert, $500.00
- Raymond Sims, damages experts, $640.00

**Exhibit K.**

Dr. Dhar spent a total of 44.75 hours preparing for and attending his deposition, as reflected in the attached invoice. *Id.* Dr. Levi spent a total of 41.25 hours preparing for, attending, and reviewing her deposition, as reflected in the attached invoice. *Id.* Dr. Malladi spent a total of 36.5 hours preparing for and attending his deposition, as reflected in the attached invoices. *Id.* Dr. Nowlis spent a total of 51.5 hours preparing for, attending, and reviewing his deposition, as reflected in the attached invoices. *Id.* Raymond Sims spent a total of 52.5 hours preparing for, attending, and reviewing his deposition, as reflected in the attached invoices. *Id.*

The hourly rates charged by Whirlpool's experts are reasonable given the witness's area of expertise; the necessary education and training required to provide the expert insight; the prevailing rates for comparably respected available experts; and the nature, quality and complexity of the discovery responses provided. *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001). The experts' CVs are attached as **Exhibit L.** In addition, the amount of time each expert spent preparing for their deposition was reasonable given the complexity of this case and the necessity of reviewing voluminous documents in preparation. *See, e.g., Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) (determining that under the circumstances of the case, "based on the extensive document review required, the complexity of the issues, and the breadth of the expert's report, a ratio of three times the length of the deposition is reasonable").

**4.    Fees for Exemplification and Copies – Section 1920(4)**

   **a.    Exemplification**

In the Seventh Circuit, the term "exemplification" is broadly defined "as permitting an award of the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials …" *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). "The Seventh Circuit has stated that 'exemplification' must be read broadly to include 'a wide variety of exhibits and demonstrative aids' which includes standard charts and graphs as well as high-end 'computer-based, multi-media displays.'" *Horizon Hobby, Inc. v. Ripmax Ltd.*, No. 07-CV-2133, 2009 WL 3381163, at *7 (C.D. Ill. Oct. 15, 2009), citing *Cefalu*. "Under *Cefalu*, such expenses encompass not only graphs and charts, but also sophisticated multi-media presentations, allowing for recovery of expenses for use of recent technological advances." *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388, at *4 (N.D. Ill. Mar. 22, 2004).

Whirlpool seeks recovery of third-party vendors' exemplification work used to create and present evidence to the Court and/or jury at hearings and the trial. *See Haroco, Inc. v. Amer. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (sustaining an award of exemplification costs that included the expense of graphic services employed in preparing exhibits for a summary judgment motion). This creation and exemplification of exhibits was also necessary to further illustrate complex engineering and technical concepts. *See Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *7 (N.D. Ill. June 16, 2006) (agreeing with the prevailing party that "the demonstrative exhibits 'greatly assisted in communicating rather complex engineering concepts and other relevant issues to the jury,' and that the 'enlarged exhibits [were] used often throughout the trial [and] … throughout Mentor's

10

closing argument."). The use of technology for exemplification here was vital and not merely a convenience or an extravagance. *Trading Technologies*, 750 F. Supp. 2d at 980-81. In support, Whirlpool has submitted detailed invoices which identify the materials produced for use, the work performed in creating and presenting the exhibits, and the number of hours spent on specific tasks. **Exhibit F**; *Vigortone Ag Products, Inc. v. PM Ag Products, Inc.*, No. 99 C 7049, 2004 WL 1899882, at *8 (N.D. Ill. Aug. 12, 2004). These costs were reasonably necessary to prepare exhibits for presentation to the jury and Court at hearings and at trial, and were not a mere extravagance.

The use of courtroom technology in this case furthered Whirlpool's ability to present the necessary exhibits in an efficient and effective manner. Whirlpool's technology consultant projected exhibits and video on the projection screen in front of the jury, which not only allowed the entire jury to see the same exhibit at the same time, but it also magnified the exhibit and allowed counsel to quickly highlight relevant portions of the exhibit.

Whirlpool seeks a total of $109,833.75 for this category of costs. **Exhibit F**.

**b.    Photocopying**

Parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991); *accord Black & Decker*, 2006 WL 3883921 at *3 (St. Eve, J.). Rather, a prevailing party is "required to provide the best breakdown obtainable from retained records." *Northbrook*, 924 F.2d at 643.

Whirlpool filed a total of 8,987 pages with the Court in this case. Whirlpool is seeking recovery of $4,044.15 for costs associated with three sets of copies of each of those filings,

11

including one courtesy copy for the Court and two internal copies at Reed Smith's in-house rate of $0.15 per page, which has been found presumptively reasonable. *See Black & Decker v. Bosch Tools*, 2006 WL 3883921, at *3 (Nov. 20, 2006) (St. Eve, J.) (noting that in the Northern District of Illinois, copy rates of $0.10 to $0.20 have been found to be reasonable); **Exhibit M,** DePriest Decl. ¶ 3. In addition to the pleadings, Whirlpool incurred photocopying costs for exhibits at depositions, hearings and trial. The total amount of photocopying costs requested is $66,269.87. *See* **Exhibit G.**

Whirlpool seeks recovery of costs related to electronic discovery, rather than costs for hard copies of document products, because documents were produced electronically in this case. "Costs for OCRing have been allowed where the documents are OCR'd in lieu of production of hard copies." *Comrie v. IPSCO Inc.*, No. 08 CV 3060, 2010 WL 5014380, at *4 (N.D. Ill. Dec. 1, 2010), citing *Business Systems Eng'g., Inc. v. Int'l Bus. Machines Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008). "Further, costs for pre-production copying have also been allowed. *Id.* (stating that, 'Identifying and copying documents that may be responsive to a document request are necessary steps in any document production')." *Id.* "[A] prevailing party is entitled to costs associated with copying documents in response to document requests, even if not all of those documents are eventually produced." *Comrie*, 2010 WL 5014380 at *5, citing *Business Systems*, 249 F.R.D. at 315. Accordingly, Whirlpool is requesting a total of $70,585.12 for costs relating to the scanning, processing and OCRing of documents in response to LG's discovery requests and other discovery issues. *See* **Exhibit H, Exhibit N,** Ramsey Decl. ¶ 11.

For trial, the Court requested electronic copies of all exhibits, and electronic exhibits were used during witness examinations and attorney arguments. Whirlpool is seeking a total of

$30,136.39 for third-party vendor costs associated with the process of scanning and creating a complete set of electronic trial exhibits and preparing CDs for the Court. *See* **Exhibit I.**

5. **Compensation of Interpreters – Section 1920(6)**

Whirlpool seeks the recovery of $9,564.07 for oral interpretation services for the deposition of LG witnesses and for trial pursuant to Section 1920(6). **Exhibit J.** Costs for check interpreters are recoverable. *Trading Technologies*, 750 F. Supp. 2d at 983.

WHEREFORE, Whirlpool respectfully requests that the Court enter an Order awarding Whirlpool costs in the amount of $530,381.67.

Dated: September 9, 2011                    Respectfully submitted,

                                                       WHIRLPOOL CORPORATION

                                                       By */s/ Brian D. Roche*

                                                          Brian D. Roche
                                                          Jennifer Yule DePriest
                                                          Vanessa Martí Heftman
                                                          REED SMITH LLP
                                                          10 South Wacker Drive, 40th Floor
                                                          Chicago, IL 60606
                                                          Tel: 312.207.1000

                                                          J.A. Cragwall, Jr.
                                                          Janet Ramsey
                                                          Charles N. Ash, Jr.
                                                          WARNER NORCROSS & JUDD LLP
                                                          900 Fifth Third Center
                                                          111 Lyon Street, N.W.
                                                          Grand Rapids, Michigan 49503-2487
                                                          Tel: 616.752.2000

Stephen G. Morrison
James J. McGovern
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Meridian, 17th Floor
1320 Main Street
Columbia, SC  29201
Telephone:  (803) 799-2000

Patrick Coleman Wooten
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC  29401-2239
Telephone:  (843) 853-5200

Attorneys for Defendant, Whirlpool Corporation

**CERTIFICATE OF SERVICE**

I, Brian D. Roche, an attorney, hereby certify that on September 9, 2011, I filed **WHIRLPOOL CORPORATION'S BILL OF COSTS** with the Clerk of the Court using the ECF system, which will send notification of such filings to the following individuals:

> Ronald Y. Rothstein
> rrothstein@winston.com
> Bryna Joyce Roth Dahlin
> bdahlin@winston.com
> John George Marfoe
> jmarfoe@winston.com
> Lawrence R. Desideri
> ldesideri@winston.com
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL 60601

*/s/ Brian D. Roche*