**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LG ELECTRONICS U.S.A., Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 0242 |
| v. | ) |
| | ) |
| WHIRLPOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff LG Electronics U.S.A., Inc., ("LG") brought this lawsuit against Defendant Whirlpool Corporation ("Whirlpool") in connection with Whirlpool's advertising of its steam dryers. Before the Court are both LG's and Whirlpool's Bills of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Because LG is not a prevailing party in this lawsuit under Rule 54(d)(1), the Court declines to award it any costs or fees. On the other hand, the Court, in its discretion, awards Whirlpool – as the prevailing party to this lawsuit – $411,029.12 in costs and fees under Rule 54(d)(1).

**BACKGROUND**

In January 2008, LG sued Whirlpool for false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), among other claims. The litigation was complex and hard-fought. After a three-week trial that ended on October 20, 2010, a jury returned a verdict largely in favor of Whirlpool and against LG. Specifically, the jury found in favor of Whirlpool on LG's claim of false advertising under the Lanham Act. The jury also found in favor of Whirlpool on LG's claim under the Illinois Consumer Fraud and Deceptive Business Practices

Act. The jury, however, did find in favor of LG on its claim under the Illinois Uniform Deceptive Trade Practices Act, which provides only for injunctive relief, but the Court later denied LG's motion for a permanent, nationwide injunction on May 9, 2011, and granted Whirlpool's motion for judgment as a matter of law on this claim.

## LEGAL STANDARD

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed.R.Civ.P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See U.S. Neurosurgical, Inc. v. City of Chicago,* 572 F.3d 325, 333 (7th Cir. 2009); *Republic Tobacco Co. v. North Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006); *see also U.S. Neurosurgical,* 572 F.3d at 333. Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular cost is reasonable and necessary. *See U.S. Neurosurgical,* 572 F.3d at 333.

## ANALYSIS

**I.      Prevailing Party**

Although the jury returned a verdict largely in favor of Whirlpool and the Court denied

LG's permanent injunction motion and vacated the jury's verdict on the only count in which it found in favor of LG, LG argues that it is a prevailing party to this lawsuit because Whirlpool voluntarily dismissed its counterclaims. "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 573 F.3d 523, 525 (7th Cir. 2009); *see also Testa v. Village of Mundelein, Ill.,* 89 F.3d 443, 447 (7th Cir. 1996) ("the 'prevailing party' is the party who prevails as to the substantial part of the litigation"). The fact that Whirlpool voluntarily dismissed its counterclaims does not support the conclusion that LG prevailed as to a substantial part of this litigation, especially because the dismissal of the counterclaims is negligible compared to the jury verdict that was in Whirlpool's favor on the central issue in this lawsuit, namely, whether Whirlpool's dryers use steam. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 642 (7th Cir. 1991); *see also Republic Tobacco Co.,* 481 F.3d at 446 ("a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided.") (citation omitted). Therefore, the Court denies LG's request for costs because LG was not a prevailing party in this lawsuit under the dictates of Rule 54(d)(1) and Seventh Circuit authority. Instead, Whirlpool was the prevailing party, and thus the Court turns to Whirlpool's Bill of Costs.

**II**.     **Fees for Summons and Subpoena – 28 U.S.C. § 1920(1)**

First, Whirlpool seeks costs associated with service fees pursuant to 28 U.S.C. § 1920(1). Service fees may not exceed amounts charged by the United States Marshal Service, which is $55.00 per hour, as well as any travel costs and out-of-pocket expenses. *See Collins v. Gorman*,

96 F.3d 1057, 1060 (7th Cir. 1996); *see also* 28 C.F.R. § 0.114(a)(3) (establishing fees for service of summons). The current hourly rate went into effect on December 19, 2008. *See* 28 C.F.R. § 0.114(a)(3). Prior to that date, the service fee was $45.00. *See, e.g. Trading Tech. Int'l, Inc. v. eSpeed, Inc.,* 750 F.Supp.2d 962, 984 (N.D. Ill. 2010).

Although Whirlpool used a private process server that charged more than $55.00 per hour, Whirlpool has reduced its request under Section 1920(1) to $55.00 per service. Based on the record, however, 15 of Whirlpool's 19 witnesses were served prior to December 19, 2008. Therefore, the Court awards Whirlpool $675.00 for these 15 witnesses and $220.00 for the four witnesses served after December 19, 2008 for a total of $895.00, which are costs that are recoverable and reasonable. *See Little,* 514 F.3d at 702.

### III. Court Reporting Fees – 28 U.S.C. § 1920(2)

Whirlpool requests costs under 28 U.S.C. § 1920(2) for court reporting fees and costs related to deposition transcripts. Courts award deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *See Little,* 514 F.3d at 702. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the United States Judicial Conference. *See* N.D.Ill.L.R. 54.1(b). Judicial Conference rates for depositions conducted after November 1, 2007 are $3.65 per page for ordinary transcripts, $4.25 per page for fourteen day transcripts, $4.85 per page for seven day transcripts, $6.05 per page for daily transcripts, and $7.25 per page for hourly transcripts. *See* www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. In addition, attendance fees are recoverable under Section 1920(2). *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *Little,* 514 F.3d at 701-02.

### A. Stenographic Transcripts

Whirlpool requests a total of $35,771.35 in costs associated with stenographic transcripts. In response, LG objects to Whirlpool's request for costs associated with exhibits and word indexes. The Court, however, rejects LG's argument because courts in this district have concluded that these costs are recoverable because both indexes and exhibits are essential to understanding the content of a deposition, especially in a complex and heavily litigated case such as this one. *See, e.g., Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 980 (N.D. Ill. 2003); *see also AMC v. Intercontinental*, No. 06 C 0063, 2010 WL 4735760, at *1 (N.D. Ill. Nov. 15, 2010). Meanwhile, Whirlpool agrees with LG's objection to the costs for Jim Birtz's deposition and withdraws its request for $297.65 related to this deposition. Despite LG's argument to the contrary, however, the deposition of Kwame Green was reasonably necessary in light of the facts known at the time of the deposition, especially because Whirlpool used Green's deposition at trial. *See Little,* 514 F.3d at 702. In addition, the Court will not tax LG the cost of the court reporter parking fees for Robert Reitter's and Timothy Kavanaugh's depositions and deducts the $72.60 from Whirlpool's request. As such, the Court awards Whirlpool $35,401.10 for stenographic deposition transcripts under Section 1920(2).

### B. Videotaped Transcripts

Next, Whirlpool seeks a total of $45,806.20 related to videotaped depositions. Under Section 1920(2), costs for both video-recorded depositions and stenographic transcription may be taxed to the losing party if the video and transcript are necessarily obtained for use in the case. *See Little,* 514 F.3d at 702; *see, e.g., National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.,* No. 00 C 6402, 2004 WL 1557765, at *2 (N.D. Ill. July 8, 2004). Costs

associated with digitalization and synchronization of videotaped depositions may also be taxed. *See, e.g., Specht v. Google Inc.,* No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011); *Hynix Semiconductor Inc. v. Rambus Inc.,* 697 F.Supp.2d 1139, 1151 (N.D. Cal. 2010).

Whirlpool played portions of the videotaped depositions of Green, Timothy Kavanaugh, Janine Martella, and John Weinstock at trial because these witnesses were unavailable and outside of the Court's subpoena power. Therefore, these video-recorded depositions are reasonably necessary and the costs associated with them are recoverable. *See Fairley v. Andrews,* No. 03 C 5207, 2008 WL 961592, at *11 (N.D. Ill. Apr. 8, 2008). Similarly, because Richard Donner was a non-party residing outside of the Court's subpoena power, the costs associated with his video-recorded deposition are recoverable. *See id.* The videotaped deposition of Jerry Wind was used at his *Daubert* hearing, and thus is recoverable. Likewise, the videotaped depositions of LG's other experts, Robert Reitter, Mohan Rao, and Anthony Jacobi, are also recoverable and were reasonably necessary because of the possibility of using the videotaped depositions at their *Daubert* hearings or trial. *See Vito & Nick's, Inc. v. Barraco,* No. 05 C 2764, 2008 WL 4594347, at *3 (N.D. Ill. Oct. 10, 2008). In addition, the costs for the videotape depositions of Chul Jin Choi, Tae Jin Lee, Sang Hoon Bae are recoverable and reasonably necessary because it appears that these individuals live in South Korea, and LG put these witnesses on its "may call" and "will call" lists for trial. *See Engate, Inc. v. Esquire Deposition Servs. LLC,* No. 01 C 6204, 2006 WL 695650, at *2 (N.D. Ill. 2006).

Whirlpool also asserts that it was necessary and reasonable to obtain copies of videotaped depositions of the LG's deponents because LG maintained that it would call these witnesses to testify at trial via their videotaped depositions. Indeed, the following individuals were listed on

LG's final "will call" witness list indicating that they would be called either live or by video deposition: David Palmer, Kirk Dunsbergen, Pam Rogers, Carolyn Voss, Don Tomasi, Don Rydberg, Robert Meyer, Coleman McIntyre, Matthew Doll, Steve Ficke, Judith Levi, Don Rydberg, Scott Brown, Scot Lau, Audrey Reed-Granger, Scott Slabbekorn, Erica Vallecorsa, and Charles Hall. (R. 456, Pretrial Order, Tab 3.) Further, LG listed the following "may call" witnesses by video deposition: Angela Seger, Michael Tilly, Mary Kennedy, Aida Tores, Laurie Lesauskis, Ann Dahmer, Betsy Poczkalski, and Jimmy Chin. (*Id*.)

As to the remaining videotaped depositions that LG challenges, Whirlpool does not provide the Court with specific information about the depositions or their use. Without a sufficient explanation of these costs, the Court cannot award them under Rule 54(d)(1). *See Harkins,* 286 F.Supp.2d at 980 ("When the costs can not be obtained reasonably by reference to supporting documentation, the costs as requested can not be awarded."). Therefore, the Court deducts a total of $1,896.00 for the videotaped depositions of Ravi Dhar, Subbiah Malladi, Stephen Nowlis, and Raymond Sims. (*See* R. 700, LG Mem. in Opp., Ex. C; R. 695, Whirlpool Bill of Costs, Ex. C.)

Last, Whirlpool maintains that it overlooked removing the $15.00 shipping and handling charges on four deposition invoices, and thus the Court deducts $60.00 from the videotaped deposition costs. The Court therefore awards Whirlpool a total of $43,850.20 for videotaped deposition costs.

### C. Trial and Hearing Transcripts

Whirlpool also seeks $15,299.98 for trial transcripts and $3,544.90 for the *Daubert,* final pretrial, and post-trial injunction hearing transcripts for a total of $18,844.88. LG does not

object to these costs and they are recoverable and reasonable. *See Little,* 514 F.3d at 702. The Court therefore awards a total of $98,096.18 under Section 1920(2).

**IV.    Witness Fees – 28 U.S.C. § 1920(3).**

    **A.    Lay Witness Fees**

Whirlpool further requests lay witness fees under Section 1920(3). The costs recoverable for lay witnesses under Section 1920(3) include a witness' attendance at court hearings or depositions, which is $40 per day. *See* 28 U.S.C. § 1821(a),(b); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). LG does not object to this fee request that totals $1,280.00.

    **B.    Travel Fees**

Whirlpool also seeks travel fees in the amount of $20,004.84 under Section 1920(3) pursuant to 28 U.S.C. § 1821(c)(1). LG objects to the airfare costs for the business class flights for Ravi Dhar from New York to Chicago and Subbaiah Malladi from San Francisco to Chicago because these tickets were not the "most economical rate reasonably available." *See* 28 U.S.C. § 1821(c)(1). Whirlpool agrees to deduct half of the costs of these flights in the amount of $3,035.80. Therefore, the Court awards a total of $16,969.04 for travel costs set forth in Whirlpool's Exhibit E. (R. 695, Whirlpool Ex. E, Part 1.)

    **C.    Expert Fees**

Furthermore, Whirlpool requests $121,240.20 pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), which "gives the court the discretion to order the seeking party pay the responding party a fair portion of the fees and expenses incurred in obtaining information from the expert." *Rhee v. Witco Chem. Corp.,* 126 F.R.D. 45, 48 (N.D. Ill. 1989); *see also Fairley,*

2008 WL 961592, at *4. Courts in this district have concluded that costs associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition. *See Waters v. City of Chicago,* 526 F.Supp.2d 899, 900-01 (N.D. Ill. 2007); *Profile Prod. v. Soil Mgmt. Tech., Inc.,* 155 F.Supp.2d 880, 886 (N.D. Ill. 2001).

LG does not object to Whirlpool's inclusion of expert fees pursuant to Rule 26(b)(4)(E) in Whirlpool's Bill of Costs. Instead, LG maintains that the fees Whirlpool requests are unreasonable in several respects. LG first asserts that certain expert deponents spent an unreasonable amount of time preparing for their depositions, including experts Dhar, Levi, Malladi, Nowlis, and Sims. In this district, courts look to the preparation time in relation to the deposition time to determine whether the preparation time was reasonable. *See Chicago United Indus., Ltd. v. City of Chicago,* No. 05 C 5011, 2011 WL 4383007, at * 2 (N.D. Ill. Sept. 20, 2011) (collecting cases). These courts have reasonably concluded that a ratio of 3 to 1 preparation to deposition time is reasonable in complex cases such as this one. *See id.*; *Nilssen v. Osram Sylvania, Inc.,* No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007).

Because the preparation time for the Dhar, Levi, Malladi, Nowlis, and Sims expert depositions all exceeded the 3 to 1 ratio, the Court deducts the preparation time to reflect a 3 to 1 ratio. Accordingly, the Court deducts $12,314.00 from Dhar's expert deposition costs in which he spent 36.75 hours in preparation for a deposition that lasted 5.75 hours; $8,790.00 from Levi's expert deposition costs in which she spent 30.75 hours preparing for a 6.25 hour deposition; $5,423.15 from Malladi's expert deposition costs where his deposition took 6.75 hours and he spent 28.50 hours preparing for it; $6,258.00 from Nowlis' deposition costs in which he spent 30.50 hours to prepare for a 7 hour deposition; and $14,018.80 for the expert

deposition costs for Sims' deposition in which he spent 38.50 hours preparing for a 6.5 hours deposition. (*See* R. 695, Whirlpool, Ex. K.) These deductions total $46,803.95.

Next, LG maintains that certain other costs associated with the expert depositions are not recoverable, including time the experts spent reviewing the transcripts of their own deposition testimony. Courts in this district, however, have awarded such costs, and thus the Court will not deduct costs in this respect. *See, e.g., Fox v. Will County,* No. 04 C 7309, 2009 WL 723385, at *4 (N.D. Ill. Mar. 11, 2009). This is especially true where, as here, the experts had to review their transcripts in preparation for the *Daubert* hearings and trial. Further, the time the deponents spent to and from the deposition location amounts to travel time, and is thus recoverable. *See Fairley,* 2008 WL 961592 at *5.

The Court agrees with LG, however, that the undocumented travel costs associated with experts Malladi and Sims are not recoverable. *See Harkins,* 286 F.Supp.2d at 980. Indeed, Whirlpool acknowledges this lack of substantiation and only seeks $100.00 for Malladi's taxi fare, which is documented. The Court thereby deducts $1,526.40 and $1,320.80 for the travel costs of Malladi and Sims, respectively. (R. 695, Ex. K.) Whirlpool also voluntarily deducts the requested per diem witness fees and statutory subsistence costs. The total reduction of travel and subsistence costs is thus $3,843.20.

LG further argues that the Court should not award any costs associated with Levi's expert deposition because Whirlpool did not list Levi as an expert in its Rule 26 disclosures. Whirlpool explains that it did not list Levi – an Associate Professor of Linguistics at Northwestern University – as an expert because Whirlpool did not intend to call her at trial. Nevertheless, LG took Levi's deposition and put Levi on its "will call" witness list. In the meantime, LG does not

10

provide the Court with any legal authority overcoming the presumption that these costs are recoverable. *See Rivera,* 469 F.3d at 634. Moreover, Rule 26(b)(4)(E) was designed to "meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side had paid, often a substantial sum." *Fairley,* 2008 WL 961592, at *4. Therefore, costs associated with Levi's deposition are recoverable under the circumstances. *See* 8 Wright, Miller, and Marcus, Federal Practice & Procedure § 2034 (discovering party has obligation to pay expert costs if it takes deposition); *see also* Federal Practice & Procedure, October 2011 Supp. § 2034 ("Rule 26(b)(4)(E)(i) places a financial burden of deposing a testifying expert on the party that conducts the deposition").

Last, LG contends that it would be manifestly unjust to require it to bear the entire costs of preparing Whirlpool's expert witnesses for their depositions because, in essence, LG will be required to pay Whirlpool for preparing its own expert witnesses for trial. The basic proposition under Rule 26(b)(4)(e), however, "is relatively straightforward – a party that takes advantage of the opportunity afforded by Rule 26(b) [] to prepare a more forceful cross–examination should pay the expert's charges for submitting to this examination." 8 Wright, Miller, and Marcus, Federal Practice & Procedure § 2034. Whether this expert examination would also help the non-discovering party is not contemplated by this Rule and LG has failed to cite supporting legal authority that any such benefit would amount to a manifest injustice under Rule 26(b)(4)(E). Therefore, the Court awards Whirlpool a total of $70,593.05 in expert costs.

**V.      Exemplification and Photocopying Costs – 28 U.S.C. § 1920(4)**

Whirlpool also seeks a total of $276,825.13 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows the Court to tax as costs "fees for exemplification

and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. 1920(4); *see also Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008).[1] Courts interpret Section 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess,* 924 F.2d at 643. Instead, the prevailing party need only provide the best breakdown obtainable from the records. *See id.*

### A. Exemplification Costs

First, Whirlpool requests $109,833.75 for exemplification work used to create and present evidence to the Court and jury at the hearings and trial, along with its technological consultants' court attendance costs. Whirlpool explains that the creation and exemplification of exhibits was necessary to illustrate the complex engineering and technical concepts involved in this lawsuit. In support of this request, Whirlpool attaches a chart of these costs and detailed invoices explaining the relevant charges. (*See* 695, Whirlpool Ex. F.) Contrary to LG's arguments, the chart and invoices give the Court readily identifiable information to determine whether these costs are reasonable, recoverable, and if the exemplification costs were

---

[1] In 2008, Congress amended the text of 28 U.S.C. § 1920(4) from: "[a] judge or clerk of any court of the United States may tax as costs the following: ... fees for exemplifications and copies *of papers*" to "fees for exemplification and the costs of making copies of any *materials*," based on the growing use of electronic discovery in federal courts. *See Jardin v. DATAllegro, Inc.,* No. 08-CV-1462-IEG, 2011 WL 4835742, at *5 (S.D.Cal. Oct. 12, 2011).

"necessarily obtained for use in the case." *See Tchemkou,* 517 F.3d at 513.

After reviewing these documents and presiding over the trial where Whirlpool introduced the exhibits, the Court concludes that this is not the case where a party's multi-media presentation is merely "glitz," as LG argues. *See Cefalu v. Village of Elk Grove,* 211 F.3d 416, 428 (7th Cir. 2000) (district court uniquely suited to make Section 1920(4) exemplification assessment). Instead, LG brought this lawsuit alleging false advertising of Whirlpool's steam-based dryers. To explain how the dryers worked – among other complex issues – Whirlpool used various methods to present evidence, including digital presentations and computer graphics. *See id*. at 428 ("we find no limits inherent in the term 'exemplification' that would permit a court to award costs for the more familiar means of illustration – models, charts, graphs, and the like – but preclude it from compensating a party for an animated reconstruction of an accident, for example, or other types of computer-based, multimedia displays"); *see also Marctec, LLC v. Johnson & Johnson,* 07-cv-8250 DRH, 2010 WL 669818, at *3 (S.D. Ill. Feb. 22, 2010) (providing an effective presentation – including a computer-generated slide show presentation – to aid the fact finder is a reasonable necessity).

Whirlpool has also sufficiently substantiated the costs associated for Whirlpool's technological consultants' court attendance. Whirlpool's technological consultants organized and then presented the exhibits to the Court and jury, which was an efficient, time-saving method of presenting complex evidence under the circumstances. *See Marctec,* 2010 WL 669818, at *3. Finally, LG has failed to factually or legally develop its argument that $7,312.50 of the costs Whirlpool requests are not recoverable under Section 1920(4) because they are for "trial preparation" meetings. The Court therefore awards Whirlpool $109,833.75 in costs for

exemplification work used to create and present evidence to the Court and jury at the hearings and trial.

### B. Photocopying Costs

#### 1. Court Filings

Next, Whirlpool seeks a total of $171,035.53 for costs associated with photocopies, including $4,044.15 of costs for pleadings filed with the Court in this case. In particular, Whirlpool filed a total of 8,987 pages with the Court, including one courtesy copy for the Court and two internal copies at Reed Smith's in-house rate of $0.15 per page. *See Kulumani,* 224 F.3d at 685; *Chicago United Indus.*, 2011 WL 4383007, at *3 ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable" under Section 1920(4)). The Court awards $4,044.15 because the documentation Whirlpool provides sufficiently details these costs and they are recoverable and reasonable under Rule 54(d)(1). *See Harkins,* 286 F.Supp.2d at 980.

#### 2. Exhibits for Depositions, Hearings, and Trial

In addition to photocopies for their pleadings, Whirlpool requests $66,269.87 for the photocopying of exhibits for depositions, hearings, and trial. In response, LG argues that Whirlpool submits vague and confusing invoices from outside vendors that make it hard to determine what costs are recoverable. Indeed, even though Whirlpool attaches a chart at Exhibit G that outlines the overall costs for the exhibits, the Court cannot ascertain whether the per page amount is reasonable and if the additional costs on the vendor invoices are recoverable. Although the prevailing party need only provide the best breakdown obtainable from the records in relation to photocopying costs, *see Northbrook Excess,* 924 F.2d at 643, Whirlpool did not

14

provide the Court with sufficient information under this standard. Whirlpool, for example, fails to explain what the costs for the following entail: Blowbacks, IMG – Project Setup, IMG–FTP Time, IMG – Sr. Technical Time, GBC Binding, D-Work – Heavy Litigation, C Work – Medium Litigation, among other invoice descriptions. That being said, some photocopying costs are warranted due to the extensive materials Whirlpool submitted to substantiate these costs and the complexity and length of this lawsuit in which the exhibits were used in presenting evidence to the Court and jury. *See id.* at 644; *McIlveen,* 910 F.2d at 1584. The Court thus reduces Whirlpool's request by half and awards Whirlpool a total of $33,134.94 for the costs associated with photocopying of the exhibits for depositions, hearings, and trial. *See, e.g., Netcraft Corp. v. Ebay Inc.,* No. 07-cv-254-bbc, 2008 WL 4175039, 2 (W.D. Wis. June 12, 2008).

### 3. Electronic Discovery

Next, Whirlpool seeks costs related to electronic discovery in the amount of $70,585.12. Again, although Whirlpool attaches a chart at Exhibit H that outlines the overall costs for discovery, it is difficult for the Court to determine whether the per page amount is reasonable and if the additional costs on the vendor invoices are recoverable. Such additional vendor costs include: Blowbacks, Repository Services, Logical Unitizing, and Reassembly Services. The Court recognizes that the advances in electronic discovery have changed the nomenclature of the discovery process. And, even though it is undisputed that electronic discovery costs are available under Section 1920(4), *see Jardin,* 2011 WL 4835742, at *5; *see also Tibble v. Edison Int'l,* No. CV 07-5359 SVW, 2011 WL 3759927, at *7 (C.D. Cal. Aug. 22, 2011) (collecting cases), there is scant legal authority in this circuit and district giving litigants guidance in seeking these costs under Rule 54(d)(1) and Section 1920(4). As such, the Court deducts half of

15

Whirlpool's electronic discovery request and awards Whirlpool $35,292.56 in costs associated with electronic discovery.

### 4. Court Requested Copies

Because the Court requested electronic copies of all exhibits that were used during witness examinations and for trial, the Court awards Whirlpool $30,136.39 for third-party vendor costs associated with the processing of electronic trial exhibits for the Court. (*See* 695, Whirlpool Ex. I.) In sum, the Court awards Whirlpool $34,180.54 in costs associated with photocopying pursuant to Section 1920(4).

## VI. Interpreter Costs – 1920(6)

Last, pursuant to 28 U.S.C. § 1920(6), Whirlpool seeks costs associated with oral interpretation services for the depositions of LG witnesses and for trial pursuant to Section 1920(6). *See Extra Equipamentos E Exportacao Ltd.,* 541 F.3d at 727; *Weeks v. Samsung Heavy Indus. Co.,* Ltd. 126 F.3d 926, 945-46 (7th Cir. 1997). Indeed, Section 1920(6) authorizes costs for interpreters who orally translate, but not for translation costs related to documents. *See Extra Equipamentos E Exportacao Ltd.,* 541 F.3d at 727; *see also Trading Tech. Int'l,* 750 F.Supp.2d at 982-83. Here, Whirlpool seeks a total of $9,564.07 for the oral interpreters at the Lee, Kim, and Bae depositions, as well as the interpreter at trial. Whirlpool's costs under Section 1920(6) are both reasonable and recoverable, therefore, the Court awards Whirlpool $9,564.07 for these oral interpretation services. *See Little,* 514 F.3d at 702.

In sum, the Court awards Whirlpool $411,029.12 in costs and fees pursuant to Rule 54(d)(1) as follows:

16

| Statute or Rule | Amount |
|---|---|
| Fees for summons/service – 28 U.S.C. §1920(1) | $895.00 |
| Court Reporting Fees – 28 U.S.C. § 1920(2) | $98,096.18 |
| Witness Fees and Travel – 28 U.S.C. § 1920(3) | $19,529.04 |
| Expert Fees – Fed.R.Civ.P. 26(b)(4)(E) | $70,503.05 |
| Exemplification Costs – 28 U.S.C. § 1920(3) | $109,833.74 |
| Photocopying Costs – 28 U.S.C. § 1920(4) | $102,608.04 |
| Interpretation Costs – 28 U.S.C. § 1920(6) | $9,564.07 |
| **Total** | $411,029.12 |

## CONCLUSION

For the these reasons, the Court denies Plaintiff's Bill of Costs brought pursuant to Federal Rule of Civil Procedure 54(d)(1). On the other hand, the Court grants Defendant's Bill of Costs and awards Defendant $411,029.12 in costs under Rule 54(d)(1).

**Date:** October 20, 2011

                                                  **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**